FILED

2004 JAN 30 P 1: 35

US DISTRICT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | : | Civil Action Number |
|     Plaintiff | : | |
| | : | 3:02 CV 752 (SRU) |
| v. | : | |
| | : | |
| NATIONWIDE MUTUAL FIRE | : | |
| INSURANCE COMPANY | : | |
|     Defendant | : | January 28, 2004 |

MOTION TO QUASH SUBPOENA DIRECTED TO
TIMOTHY T. STEWART DATED JANUARY 16, 2004

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Timothy T. Stewart, Fire Inspector for the Fire Marshal's Office of the City of New Britain, hereby moves to quash the subpoena duces tecum dated January 16, 2004, directed to him. The subpoena duces tecum, which is attached as Exhibit A, seeks the production of:

    1. The entire file of the New Britain Fire Marshal's Office relating to the investigation of the fire that occurred at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001, including but not limited to, any and all reports, memoranda, notes, correspondence, and other documents relating to the investigation of said fire;
    2. All photographs, videotapes, and other graphic visual materials regarding said fire;

      3.  All audio tapes and statements of witnesses regarding said fire; and
      4.  The final New Britain Fire Marshal's Office report regarding said fire.

The deponent, Timothy T. Stewart, moves to quash the subpoena duces tecum on the grounds that the records were compiled in connection with an investigation of a possible arson, the investigation is still pending, and a criminal investigation by the New Britain Police Department is still pending.  Therefore, the disclosure of these records would be prejudicial to that investigation.

Section 1-210 of the Connecticut General Statutes, referred to as the Freedom of Information Act, provides that all records maintained by any public agency shall be public records, however, even that Section recognizes the significance of law enforcement records.  Section 1-210 provides in pertinent part:

> (b) Nothing in the Freedom of Information Act shall be construed to require disclosure of: . . . (3) Records of law enforcement agencies not otherwise available to the public which records were compiled in connection with the detection or investigation of crime, if the disclosure of said records would not be in the public interest because it would result in the disclosure of (A) the identity of informants not otherwise known or the identity of witnesses not otherwise known whose safety would be endangered or who would be subject to

-2-

threat of intimidation if their identity was made known, (B) signed statements of witnesses, (C) information to be used in a prospective law enforcement action if prejudicial to such action (D) investigatory techniques not otherwise known to the general public, . . . or (G) uncorroborated allegations subject to destruction pursuant to section 1-216;

Furthermore, the Connecticut Supreme Court has held that "[p]ublic access to arrest reports while the prosecution is pending would affect the rights of litigants under the laws of discovery because a defendant, as a member of the public, would have immediate access to documents otherwise unavailable under our discovery rules. On the other hand, the state's attorney's rights would be adversely affected, because the defendant would have immediate access to documents upon which the prosecutor relies to make strategic decisions regarding the prosecution and to decide whether to request further investigation by the police." Gifford v. Freedom of Information Commission, 227 Conn. 641, 663-665 (1993).

The above-referenced matter involves a fire which occurred on July 8, 2001, at 83 West Street in the City of New Britain which was owned by the plaintiff, Tomasz Mierzejewski. The New

Britain Fire Marshal's Office has been investigating that fire as a possible arson. The New Britain Police Department has also been investigating the fire for possible criminal activity. The investigation of the Police Department is still pending as there is currently a lead which the Police Department is following. In addition, the plaintiff has not been ruled out as a suspect. Accordingly, the disclosure of the requested records would be prejudicial to the investigation.

    Prior to filing this motion, the undersigned attorney contacted attorney for the plaintiff to discuss the motion to quash the subpoena duces tecum and was unable to resolve the matter.

    For these reasons, the deponent, Timothy T. Stewart, moves to quash the subpoena duces tecum served on him.

TIMOTHY T. STEWART

By Office of Corporation Counsel

Mary C. Pokorski
Attorney for City of New Britain
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Federal Bar Number ct18903

-4-

CERTIFICATION

I hereby certify that on January 28, 2004, a copy of the above was mailed to all counsel of record.

    Juri E. Taalman, Esq.
    Brignole and Bush, LLC
    73 Wadsworth Street
    Hartford, Connecticut 06106-1768

    Michael Feldman, Esq.
    Feldman & Hickey, LLC
    10 Waterside Drive, Suite 303
    Farmington, Connecticut 06032

                                  Mary C. Pokorski
                                  Commissioner of Superior Court

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | JANUARY 16, 2004 |

**SUBPOENA**

To:   **Timothy T. Stewart**
       **City of New Britain Fire Marshal's Office**
       **915 Stanley Street**
       **New Britain, Connecticut 06051**

BY AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to appear at the Law Offices of Brignole and Bush, LLC for a deposition scheduled on **February 3, 2004**, to be held at 73 Wadsworth Street, Hartford, Connecticut, at **2:00 p.m.**, then and there to testify what you know in a certain cause therein pending, wherein

Tomasz Mierzejewski is the Plaintiff and

Nationwide Mutual Fire Insurance Company is the Defendant,

or to such day thereafter and within thirty (30) days hereof on which said action is legally to be tried, AND YOU ARE FURTHER COMMANDED to BRING WITH YOU AND PRODUCE at the same time and place:.

1.   The **entire file** of the New Britain Fire Marshal's Office relating to the investigation of the fire that occurred at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001, including, but not limited to, any and all interim or preliminary reports, memoranda, notes, correspondence, and other documents relating to the investigation of said fire;

2.  All photographs, videotapes and other graphic visual materials regarding said fire;
3.  All audio tapes and statements of witnesses regarding said fire; and
4.  The final New Britain Fire Marshal's Office report regarding said fire.

HEREOF FAIL NOT, UNDER PENALTY OF THE LAW IN THAT CASE PROVIDED:

Dated at Hartford, Connecticut, this 16th day of January, 2004.
To any proper officer or indifferent person to serve and return.

_____
Juri E. Taalman, Esq.,
Commissioner of the Superior Court
Brignole & Bush
73 Wadsworth Street
Hartford, Connecticut 06106
(860) 527-9973


STATE OF CONNECTICUT    )
                        ) ss. _____
COUNTY OF HARTFORD      )

   Then and by virtue hereof, I read the within subpoena in the presence and hearing of each of the within named witnesses:


and paid, tendered each the fees allowed by law.

Witness Fees....................
Service...........................
Travel.............................
Endorsement....................

A TRUE COPY ATTEST:

_____
JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY


ATTEST:

_____
Deputy Sheriff/Constable/Indifferent Person