FILED

2004 JAN 30 P 1: 35

US DISTRICT
UNITED STATES DISTRICT COURT BRIDGE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | : | Civil Action Number |
|     Plaintiff | : | |
| | : | 3:02 CV 752 (SRU) |
| v. | : | |
| | : | |
| NATIONWIDE MUTUAL FIRE | : | |
| INSURANCE COMPANY | : | |
|     Defendant | : | January 28, 2004 |

OBJECTION TO SUBPOENA DUCES TECUM DIRECTED TO
WILLIAM J. SENCIO, CHIEF OF POLICE DATED JANUARY 16, 2004

Pursuant to Rule 45(B) of the Federal Rules of Civil Procedure, William J. Sencio, Chief of Police of the City of New Britain, hereby objects to the subpoena duces tecum directed to him dated January 16, 2004. The subpoena duces tecum, which is attached as Exhibit A, seeks the production of:

    1. The entire file of the New Britain Police Department relating to the investigation of the fire that occurred at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001, including but not limited to, any and all reports, memoranda, notes, correspondence, and other documents relating to the investigation of said fire;
    2. Any and all photographs, videotapes, and other graphic visual materials regarding said fire;

      3.  Any and all audio tapes and statements of witnesses regarding said fire; and
      4.  The final New Britain Police Department report regarding said fire.

The deponent, William J. Sencio, objects to the request for these records on the grounds that the records were compiled in connection with an investigation of possible criminal activity, the investigation is still pending, and the plaintiff has not been ruled out as a suspect. Therefore, the disclosure of these records would be prejudicial to the investigation.

Section 1-210 of the Connecticut General Statutes, referred to as the Freedom of Information Act, provides that all records maintained by any public agency shall be public records, however, even that Section recognizes the significance of law enforcement records. Section 1-210 provides in pertinent part:

> (b) Nothing in the Freedom of Information Act shall be construed to require disclosure of: . . . (3) Records of law enforcement agencies not otherwise available to the public which records were compiled in connection with the detection or investigation of crime, if the disclosure of said records would not be in the public interest because it would result in the disclosure of (A) the identity of informants not otherwise known or the identity of witnesses not otherwise known whose safety would be endangered or who would be subject to threat of intimidation if their identity was made

known, (B) signed statements of witnesses, (C) information to be used in a prospective law enforcement action if prejudicial to such action (D) investigatory techniques not otherwise known to the general public, . . . or (G) uncorroborated allegations subject to destruction pursuant to section 1-216;

Furthermore, the Connecticut Supreme Court has held that "[p]ublic access to arrest reports while the prosecution is pending would affect the rights of litigants under the laws of discovery because a defendant, as a member of the public, would have immediate access to documents otherwise unavailable under our discovery rules.  On the other hand, the state's attorney's rights would be adversely affected, because the defendant would have immediate access to documents upon which the prosecutor relies to make strategic decisions regarding the prosecution and to decide whether to request further investigation by the police."  Gifford v. Freedom of Information Commission, 227 Conn. 641, 663-665 (1993).

The above-referenced matter involves a fire which occurred on July 8, 2001, at 83 West Street in the City of New Britain which was owned by the plaintiff, Tomasz Mierzejewski.  The New

Britain Police Department has been investigating that fire for possible criminal activity. The investigation is still pending as there is a current lead which the Police Department is following. The disclosure of the requested records would be prejudicial to the investigation, particularly since the plaintiff has not been ruled out as a suspect.

Prior to filing this objection, the undersigned attorney contacted attorney for the plaintiff to discuss the objection to the subpoena duces tecum and was unable to resolve the objection.

For these reasons, the deponent, William J. Sencio, objects to the subpoena duces tecum served on him.

WILLIAM J. SENCIO

By Office of Corporation Counsel

Mary C. Pokorski
Attorney for City of New Britain
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Federal Bar Number ct18903

CERTIFICATION

I hereby certify that on January 28, 2004, a copy of the above was mailed to all counsel of record.

Juri E. Taalman, Esq.
Brignole and Bush, LLC
73 Wadsworth Street
Hartford, Connecticut 06106-1768

Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, Connecticut 06032

Mary C. Pokorski
Commissioner of Superior Court

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | JANUARY 16, 2004 |

**SUBPOENA**

**To:**   William J. Sencio, Chief of Police
City of New Britain Police Department
125 Columbus Boulevard
New Britain, Connecticut 06050

BY AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to appear at the Law Offices of Brignole and Bush, LLC for a deposition scheduled on **February 4, 2004**, to be held at 73 Wadsworth Street, Hartford, Connecticut, at **10:00 a.m.**, then and there to testify what you know in a certain cause therein pending, wherein

Tomasz Mierzejewski is the Plaintiff and

Nationwide Mutual Fire Insurance Company is the Defendant,

or to such day thereafter and within thirty (30) days hereof on which said action is legally to be tried, AND YOU ARE FURTHER COMMANDED to BRING WITH YOU AND PRODUCE at the same time and place:

    1.    The **entire file** of the New Britain Police Department relating to the investigation of the fire that occurred at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001, including, but not limited to, any and all reports, memoranda, notes, correspondence, and other documents relating to the investigation of said fire;

      2.      Any and all photographs, videotapes and other graphic visual materials regarding said fire;

      3.      Any and all audio tapes and statements of witnesses regarding said fire; and

      4.      The final New Britain Police Department report regarding said fire.

HEREOF FAIL NOT, UNDER PENALTY OF THE LAW IN THAT CASE PROVIDED:

    Dated at Hartford, Connecticut, this 16th day of January, 2004.
    To any proper officer or indifferent person to serve and return.

                                   Juri E. Taalman, Esq.,
                                   Commissioner of the Superior Court
                                   Brignole & Bush
                                   73 Wadsworth Street
                                   Hartford, Connecticut 06106
                                   (860) 527-9973

STATE OF CONNECTICUT      )
                                 ) ss. _____
COUNTY OF HARTFORD        )

    Then and by virtue hereof, I read the within subpoena in the presence and hearing of each of the within named witnesses:

and paid, tendered each the fees allowed by law.

Witness Fees...................
Service............................
Travel.............................
Endorsement...................

                                                                             ATTEST:

                                                                             Deputy Sheriff/Constable/Indifferent Person