FILED

2004 FEB -5  P 12: 27

US

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | FEBRUARY 4, 2004 |

### OBJECTION TO MOTION TO QUASH SUBPOENA DIRECTED TO WILLIAM J. SENCIO, CHIEF OF POLICE, FILED BY CORPORATION COUNSEL FOR THE CITY OF NEW BRITAIN DATED JANUARY 28, 2004

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Plaintiff, Tomasz Mierzejewski objects to the Motion to Quash Subpoena directed to William J. Sencio, Chief of Police, filed by Corporation Counsel for the City of New Britain on January 28, 2004. The aforesaid subpoena, dated January 16, 2004, and attached hereto as Plaintiff's Exhibit A, was served on William J. Sencio, Chief of Police of the City of New Britain, directing him to bring with him to his deposition scheduled for February 4, 2004 (now rescheduled for - February 25, 2004), the entire investigative file of the New Britain Police Department relating to the investigation of the fire at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001. Said fire destroyed the Plaintiff's premises and contents thereof and is the basis for the Plaintiff's claim in the present case against the Defendant, Nationwide Insurance Company, insurer of the aforesaid premises and contents. The Plaintiff has on numerous occasions requested that the New Britain Police Department provide the information contained in its file relating

to this fire, since information regarding the nature and origin of said fire is material and relevant to the issues raised in this case. Plaintiff's requests to the Police Department, made pursuant to the Freedom of Information Act, have been denied.

Corporation Counsel for the City of New Britain now seeks to quash the subpoena issued in connection with the scheduled deposition of Police Chief, William J. Sencio, now rescheduled for February 25, 2004. Corporation Counsel relies on <u>Guilford v. Freedom of Information Commission</u>, 227 Conn. 641, 663-65 (1993) as her sole authority for the proposition that "public access to arrest reports would affect the rights of litigants under the laws of discovery" and that "the State's Attorney's rights would be adversely affected because the defendant would have immediate access to documents upon which the prosecutor relies to make strategic decisions regarding the prosecution and to request further investigation by the police."

The Plaintiff asserts that the claims of the Corporation Counsel have no merit and the Motion to Quash should be denied for the following reasons:

1. More than two and a half years have now passed, and the New Britain Police Department claims that its investigation of this matter is still pending and, therefore, the Plaintiff is not entitled to have access to the police file, and the documentation therein, including any investigative reports to date relating to the investigation of the fire that destroyed Plaintiff's premises on or about July 7-8, 2001. The investigation remains unjustifiably open-ended, since no answer has been provided in the Motion as to how

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

long this investigation is expected to continue, and repeated previous requests for the information in the police file, made by the Plaintiff pursuant to the Freedom of Information Act, have been turned down in the past for the same reasons.

2. No charges have been filed against the Plaintiff, nor has anyone else been arrested or charged in connection with any criminal activity relating to this fire, even though preliminary reports of the New Britain Fire Department long ago determined that the fire was of undetermined origin, and the alleged investigation after more than two and a half years, has now grown cold.

3. <u>Gilford v. Freedom of Information Commission</u>, 227 Conn. 641 (1993) is inappropriate as authority for the Motion to Quash to this case. There is no arrest file to protect, because no one has been arrested. If the investigation is still pending, it would appear that the file has not been turned over to a prosecutor, or, if it has been turned over, the strategic decision not to prosecute has already been made long ago.

4. Plaintiff has a legitimate, essential and dire need in this civil case for the material and relevant information that the Police file contains.

5. Plaintiff is gravely prejudiced by the withholding of this file, and said prejudice outweighs any damage claimed by the Police Department if the contents of said file were disclosed.

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

6.  No good legal or factual basis exists for withholding the contents of this file, which has been lawfully subpoenaed. The Police Department's repeatedly reiterated claims that the investigation is still pending and that there is a current lead which the Department is following, were used as the basis for denying previous requests by the Plaintiff.

7.  The Plaintiff is being unfairly prejudiced by the failure of the New Britain Police to produce their file, in that the Department may be withholding exculpatory material and other material that is relevant and material to this case, and which would establish or tend to show that the fire was not incendiary in nature, and/or establish or tend to show that Plaintiff did not set or cause the fire to be set, as the Defendant in this case is claiming.

8.  The Police Department is guilty of laches in conducting its investigation and said delay is prejudicing the Plaintiff in the prosecution of this civil case in that necessary and vital information relating to this case, of which the Plaintiff has a dire and legitimate need, and which he has previously requested, is being denied, unfairly and without good cause.

9.  The Plaintiff is being denied his due process rights to obtain through discovery information relevant and material to his case, by this withholding by the police of their investigative file more than two and a half years old on the alleged grounds that Plaintiff still has not been ruled out as suspect and that the police are following up a new lead.

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

10. No good cause, or legal or factual basis has been shown by the Police Department for its claims that Plaintiff "has not been ruled out as a suspect" in the investigation, or that a current lead is being followed, or that disclosure of the records to the parties in this case would be in any way prejudicial to this long, drawn-out investigation.

The Plaintiff's Memorandum of Law in Opposition to Motion to Quash Subpoenas and in Opposition to Objection to Subpoenas is attached hereto.

For all of the foregoing reasons, the Plaintiff Objects to the Motion to Quash Subpoena directed to William J. Sencio, Chief of Police, as filed by Corporation Counsel for the City of New Britain, and requests that the said Motion to Quash be DENIED.

PLAINTIFF, Tomasz Mierzejewski

BY _____
Juri E. Taalman, Esq.
BRIGNOLE & BUSH, LLC
73 Wadsworth Street
Hartford, Connecticut 06106
(860) 527-9973
Juris No. ct 09377

-5-

## **CERTIFICATION**

This is to certify that a copy of the foregoing was forwarded this 4th day of February, 2004, by first class mail, postage prepaid, to the following counsel and all *pro se* parties of record:

Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, Connecticut 06051

                                                                        Juri E. Taalman
                                                                         Commissioner of the Superior Court

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | JANUARY 16, 2004 |

**SUBPOENA**

To:   William J. Sencio, Chief of Police
      City of New Britain Police Department
      125 Columbus Boulevard
      New Britain, Connecticut 06050

BY AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to appear at the Law Offices of Brignole and Bush, LLC for a deposition scheduled on **February 4, 2004**, to be held at 73 Wadsworth Street, Hartford, Connecticut, at **10:00 a.m.**, then and there to testify what you know in a certain cause therein pending, wherein

Tomasz Mierzejewski is the Plaintiff and

Nationwide Mutual Fire Insurance Company is the Defendant,

or to such day thereafter and within thirty (30) days hereof on which said action is legally to be tried, AND YOU ARE FURTHER COMMANDED to BRING WITH YOU AND PRODUCE at the same time and place:

   1.   The **entire file** of the New Britain Police Department relating to the investigation of the fire that occurred at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001, including, but not limited to, any and all reports, memoranda, notes, correspondence, and other documents relating to the investigation of said fire;

2. Any and all photographs, videotapes and other graphic visual materials regarding said fire;

3. Any and all audio tapes and statements of witnesses regarding said fire; and

4. The final New Britain Police Department report regarding said fire.

HEREOF FAIL NOT, UNDER PENALTY OF THE LAW IN THAT CASE PROVIDED:

Dated at Hartford, Connecticut, this 16th day of January, 2004.
To any proper officer or indifferent person to serve and return.

Juri E. Taalman, Esq.,
Commissioner of the Superior Court
Brignole & Bush
73 Wadsworth Street
Hartford, Connecticut 06106
(860) 527-9973

STATE OF CONNECTICUT    )
                        ) ss. _____
COUNTY OF HARTFORD      )

Then and by virtue hereof, I read the within subpoena in the presence and hearing of each of the within named witnesses:

and paid, tendered each the fees allowed by law.

Witness Fees....................
Service............................
Travel.............................
Endorsement....................

ATTEST:

_____
Deputy Sheriff/Constable/Indifferent Person