United States District Court
District of Connecticut
FILED AT      BRIDGEPORT
Feb. 5, 2004       20
Kevin F. Rowe, Clerk
By _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| vs. | ) | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | ) | |
| Defendant | ) | FEBRUARY 4, 2004 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENAS AND IN OPPOSITION TO OBJECTION TO SUBPOENAS

**I.   FACTUAL BACKGROUND.**

Corporation Counsel for the City of New Britain seeks to quash subpoenas directed to the Police Chief and to the former Fire Marshal of the City of New Britain, requiring them to bring their investigative files to their respective depositions duly noticed by Plaintiff in this case. The investigative files in question involve the police and fire department investigations of a fire which occurred on Plaintiff's premises at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001. No one has been arrested or otherwise charged with criminal activity with respect to the fire. Plaintiff's premises were insured by the Defendant in this case, Nationwide Mutual Fire Insurance Company. Defendant has refused to make payment on the Plaintiff's claimed fire loss, claiming, *inter alia* that the fire was incendiary in nature and either set by the Defendant, or by some third party acting acting at his direction.

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

Corporation Counsel for the City of New Britain has filed Motions to Quash and Objections to Plaintiff's subpoenas duces tecum which were served on the Police Chief and former Fire Marshal, in connection with their duly noticed depositions in this case. Corporation counsel assets in the Motions to Quash, without supporting evidence, that both police and fire investigations are still pending, that police [not the Fire Marshal] are following up "a current lead" in the case, and that the Plaintiff "has not been ruled out as a suspect in the case."

The Plaintiff has noticed depositions of the Police Chief and former Fire Marshal (now Mayor) of New Britain and attendant thereto has issued subpoenas duces tecum dated January 16, 2004, directing these officials to bring to their respectively scheduled depositions the investigative files with respect to the aforesaid fire of the Police Department and Fire Marshal's Office. The Police Department and Fire Marshal are not parties in this case. Corporation Counsel has filed motions to quash the respective subpoenas duces tecum.

The Plaintiff claims that the assertions of Corporation Counsel in the Motions to Quash are without merit and that, for purposes of this federal lawsuit, he is entitled to obtain, through subpoenas, the information in the respective files of the New Britain Police Department and Fire Marshal's office, for use at depositions scheduled for the Police Chief and former Fire Marshal. Plaintiff has filed Objections to the Motions to Quash, together with this Memorandum of Law.

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

## II.   LEGAL ANALYSIS.

Connecticut courts have consistently recognized "the long-standing legislative policy of the [Freedom of Information Act (the "act"), Connecticut General Statutes Sec. 1-210, et seq.] favoring the open conduct of government and free public access to government records.... [*Glastonbury Education Assn. v. Freedom of Information Commission*, 234 Conn. 704, 712, 663 A.2d 349 (1995) ]; see *Perkins v. Freedom of Information Commission*, 228 Conn. 158, 166, 635 A.2d 783 (1993); *Board of Education v. Freedom of Information Commission*, 208 Conn. 442, 450, 545 A.2d 1064 (1988); *Wilson v. Freedom of Information Commission*, 181 Conn. 324, 328, 435 A.2d 353 (1980). Pursuant to this policy the courts have construed the provisions of the [act] to favor disclosure and to read narrowly that act's exceptions to disclosure. See, e.g., *Gifford v. Freedom of Information Commission*, [supra, 227 Conn. at 651, 631 A.2d 252]; *Superintendent of Police v. Freedom of Information Commission*, 222 Conn. 621, 626, 609 A.2d 998 (1992)." (Internal quotation marks omitted.) *Waterbury Teachers Assn. v. Freedom of Information Commission*, 240 Conn. 835, 840, 694 A.2d 1241 (1997). Whether records are disclosable under the act does not depend in any way on the status or motive of the applicant for disclosure, because the act vindicates the public's right to know, rather than the rights of any individual. See *Rose v. Freedom of Information Commission*, 221 Conn. 217, 233, 602 A.2d 1019 (1992). See Chief of Police, Hartford Police Dept. v. Freedom of Information Com'n 252 Conn. 377, *387, 746 A.2d 1264,**1270 - 1270 (Conn.,2000)

-3-

The act provides, in pertinent part that:

> "(b) Nothing in the Freedom of Information Act shall be deemed in any manner to: (1) ... limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state...." General Statutes § 1-213(b)(1).

"The language of § 1-213(b)(1), read in its entirety, strongly suggests that it is intended to exempt entirely from the operation of the act questions of discovery that may arise in the course of litigation, whether in court or in administrative proceedings. In other words, the most plausible interpretation of the language of subsection (b)(1) is that questions of whether records are disclosable under the act are separate from questions of whether the same records are or would be discoverable in litigation. The language specifically provides that "[n]othing in the [act] shall be deemed in any manner to: (1) Affect the status of judicial records as they existed prior to October 1, 1975, nor to limit the [state discovery] rights of litigants...." General Statutes § 1-213(b)(1).

The emphatic sense of "[n]othing" and "in any manner," and the linkage between the judicial records prior to October 1, 1975, and the discovery rights of litigants--both being treated in the same subsection and in essentially the same manner--strongly indicate an intention to make the act simply inapplicable to such records and rights. The most plausible way to effect such an intention is to read the language as meaning that the two issues--disclosability under the act, and rights under discovery laws--are separate and independent" <u>Chief of Police, Hartford Police Dept. v. Freedom of Information Com'n</u> 252 Conn. 377, 388-389, 746 A.2d 1264 (2000).

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

In 1993, the Connecticut Supreme Court considered, in *Gifford v. Freedom of Information Commission*, supra, 227 Conn. at 642, 631 A.2d 252, "whether a municipal police department arrest report must be disclosed by the police department to the public, pursuant to the [act]; General Statutes [Rev. to 1993] §§ 1-7 through 1-21k; while the criminal prosecution that is related to the arrest report is pending." The Court first assumed, without deciding, that such a report was "not a record of the [criminal justice] division pursuant to General Statutes [Rev. to 1993] §§ 1-18a and 1-19." *Gifford v. Freedom of Information Commission*, supra, at 653 n. 13, 631 A.2d 252. The Court concluded that, pursuant to the then current version of the act, such an arrest report was disclosable under the act, but only to the extent of the name and address of the person arrested, the date, time and place of the arrest, and the offense for which the person was arrested. *Id.*, at 654-62, 631 A.2d 252. In doing so, the Court specified that the issue specifically was governed by General Statutes (Rev. to 1993) § 1-20b. However, as the Supreme Court in a later case observed:

> [T]here may also be instances in which a litigant would be able to secure documents through discovery that are exempt from disclosure under the act. The *398 reason for that is, likewise, rooted in the fact that the act and discovery rules have different purposes and limits. *Chief of Police, Hartford Police Dept. v. Freedom of Information Com'n* 252 Conn. 377, 397-398, 746 A.2d 1264 (2000).

In fact, subsequent to the decision in *Gifford v. Freedom of Information Commission*, supra, the legislature amended Connecticut General Statutes Sec. 1-20b to read:

> "(b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be deemed in any manner to (1) affect the status of judicial records as they existed prior to October 1, 1975, nor to [affect] **LIMIT** the rights of litigants, including parties to administrative

-5-

proceedings, under the laws of discovery of this state or (2) require disclosure of any record of a personnel search committee which, because of name or other identifying information, would reveal the identity

Despite the above legislative change in the statute, the Supreme Court ruled that:

...whatever the intent or meaning of the *396 change from "affect" to "limit," we can find nothing in either the language or legislative history of P.A. 94-246 to indicate that § 1-213(b)(1) means anything different now from what it meant when it originally was enacted, namely, that the provisions of the act do not affect or limit discovery rights, and discovery rights do not affect or limit the provisions of the act. The two operate separately and independently.
<u>Chief of Police, Hartford Police Dept. v. Freedom of Information</u> Com'n 252 Conn. 377, 395-396, 746 A.2d 1264 (2000).

For this reason, the Court in <u>Chief of Police</u> concluded that:

Therefore, in the absence of a definitive prior discovery ruling regarding documents involved in both a judicial discovery dispute and a request under the act, the defendant, or a court reviewing the defendant's action, in attempting to apply the discovery exemption, would be required to determine whether the documents sought under the act would be subject to discovery under the applicable procedural court rules.

Many discovery questions, however, are highly discretionary in nature. It would be very difficult, if not impossible, for the defendant or a court to determine accurately how that discretion would be exercised. It is unlikely that in enacting § 1-213(b)(1), the legislature intended to place such a difficult and conjectural burden on the defendant or a court. The more plausible interpretation is that each determination--disclosure under the act, and disclosure under discovery rules--is made solely by the body charged with that responsibility: the defendant or the court applying the act; and the court applying its discovery rules. <u>Chief of Police, Hartford Police Dept. v. Freedom of Information Com'n</u> 252 Conn. 377, 396-397, 746 A.2d 1264 (2000).

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

Accordingly, the Court in <u>Chief of Police, Hartford Police Department v. Freedom of Information Commission</u>, supra, affirmed the trial court's ruling that (1) records were not exempt from disclosure under Freedom of Information Act by virtue of having been sought through use of discovery process in federal civil litigation, and (2) Act's exemption phrase of "otherwise provided by any federal law" does not include questions of discovery under Federal Rules of Civil Procedure.

The Plaintiff in this case has not had access to the investigative reports of the New Britain Police Department and some of similar reports in the Fire Marshal's office. The cases have not been closed and final reports have allegedly not been filed, thus maintaining for the files a "pending" status that the fire and police officials claim precludes access by the Plaintiff.

The Plaintiff should not be required to accept opinions of investigating police officers or the Fire Marshal as to what they conclude caused the fire in a very general sense or opinions that are in effect expert opinions based on an analysis of subordinate facts that only an examination of the report itself would disclose. The depositions of officials from the police department and fire marshal's office would be rendered useless as a discovery tool if the underlying documents on which their testimony is based could not be examined and appropriate questions framed to the deponents based on that examination. Furthermore, Plaintiff is entitled to determine what factors have delayed the closing of the respective files of the Police Department and the Fire Marshal's office and thereby hindered Plaintiff's legal right of access to closed files, now being denied on the ground that the files are still open and pending. Pursuant to the liberal discovery permitted under the Federal Rules of Civil Procedure,

-7-

Plaintiff has a right to depose the City officials who investigated the fire and to examine them with respect to the documents and evidence in their files.

Since no arrests have been made and no charges have been brought against anyone, there is no arrest file that needs to be protected and exempted from disclosure. Whether the fire, which is the subject of this civil case, is still of undetermined origin or of an incendiary nature and set by persons unknown, is relevant and material to this civil case. The documents upon which any conclusions by the officials are based are relevant and material to this case and the Plaintiff is in dire need of same. The documents and records sought by the subpoenas duces tecum arenot exempt from disclosure under Freedom of Information Act by virtue of having been sought through use of discovery process in this federal civil litigation, and the Act's exemption phrase of "otherwise provided by any federal law" does not include questions of discovery under Federal Rules of Civil Procedure. <u>Chief of Police, Hartford Police Dept. v. Freedom of Information Com'n</u> 252 Conn. 377, 397-398, 746 A.2d 1264 (2000)

Accordingly, and if necessary, after a proper in camera inspection by the court, should be made available to the Plaintiff.

The police and fire authorities charged with investigating the fire must not be allowed to claim exemptions under the Freedom of Information Act that do not exist or are inapplicable to this case. Neither can these municipal authorities thwart a federal judicial prerogative and take it upon themselves to determine what materials are subject to disclosure and discovery under the Federal Rules of Civil Procedure. The Court has the inherent authority to make an in camera inspection to determine whether

-8-

documents under a claimed exemption should be allowed as reasonable discovery in this case. The officials in possession of the files can be ordered to provide to the Court an identifying list of documents in each file for which an exemption claim is asserted, together with copies of the corresponding documents and the specific exemption claimed for each. The Court can then conduct an in camera inspection of same for the purpose of ruling on admissibility of same for examination and use in discovery depositions in this case.

The depositions of the New Britain Police Chief and Fire Marshal have been rescheduled, pending the court's ruling on the Motion to Quash.

WHEREFORE, the Plaintiff respectfully moves that the Motions to Quash the subpoenas duces tecum to William C. Sencio and Timothy T. Stweart be DENIED and that the Court enter such orders as it deems appropriate to determine whether, and what materials and documents, should be produced for the respectively noticed depositions.

PLAINTIFF, Tomasz Mierzejewski

BY _____
Juri E. Taalman, Esq.
BRIGNOLE & BUSH, LLC
73 Wadsworth Street
Hartford, Connecticut 06106
(860) 527-9973
Juris No. ct 09377

-9-

## CERTIFICATION

This is to certify that a copy of the foregoing was forwarded this 4th day of February, 2004, by first class mail, postage prepaid, to the following counsel and all *pro se* parties of record:

Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, Connecticut 06051

Juri E. Taalman
Commissioner of the Superior Court