FILED

2004 FEB 17 P 1: 03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | : | Civil Action Number |
| Plaintiff | : | |
| | : | 3:02 CV 752 (SRU) |
| v. | : | |
| | : | |
| NATIONWIDE MUTUAL FIRE | : | |
| INSURANCE COMPANY | : | |
| Defendant | : | February 13, 2004 |

REPLY BRIEF OF THE DEPONENTS
TIMOTHY T. STEWART AND WILLIAM J. SENCIO
TO THE PLAINTIFF'S OBJECTION TO THEIR MOTIONS TO QUASH

The deponents, Timothy T. Stewart and William J. Sencio hereby reply to the plaintiff's objections and memorandum of law in support of the objections to deponents' motions to quash their respective subpoena duces tecum.

The plaintiff in his objections states that the investigations of the fire in question by the City of New Britain Fire Marshal's Office and Police Department are unjustifiably open-ended and even goes as far as to accuse these departments of laches. The plaintiff's statements and allegations in this regard are without merit. The Police Department and Fire

Marshal's Office have been fulfilling their duties and obligations in fully investigating a possible arson. Furthermore, the determination of when these investigations should be closed is not one for the plaintiff. Rather, it is the determination of the trained officers who are investigating this matter. In addition, the Police Department's investigation is within the statute of limitations for prosecution of arson. Pursuant to the Connecticut General Statutes, there are three degrees of arson:  arson in the first degree which is a Class A Felony, See Section 53a-111 of the Connecticut General Statutes (a copy of which is attached); arson in the second degree which is a Class B Felony, See Section 53a-112 of the Connecticut General Statutes (a copy of which is attached); and arson in the third degree which is a Class C Felony, See Section 53a-113 of the Connecticut General Statutes (a copy of which is attached).

Section 54-193 entitled "Limitation of prosecution for certain offenses" provides in pertinent part:

> (a)  There shall be no limitation of time within which a person may be prosecuted for a capital felony, a class A felony or a violation of section 53a-54d or 53a-169.

   (b) No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed.  No person may be prosecuted for any other offense except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, except within one year next after the offense has been committed.
   (c) If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against such person at any time within such period, during which such person resides in this state, after the commission of the offense.
   (d) When any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time.

Accordingly, there is no limitation on prosecution for arson in the first degree as it is a Class A Felony.  As to arson in the second and third degrees, the limitation is five years.

The plaintiff argues that the Police Department not the Fire Marshal's Office is currently following a lead.  Although the investigations of the Fire Marshal's Office and the Police Department are separate, these departments cooperate with each other.  The Police Department is currently following the lead, however, the Fire Marshal's Office is waiting for the outcome of

that lead. In addition, the file of the Fire Marshal's Office contains reports of the Police Department.

The plaintiff has also argued <u>Gifford v. Freedom of Information Commission</u>, 227 Conn. 641 (1993), is not applicable because there has not been an arrest in this matter. The plaintiff is correct that an arrest has not been made, however, that fact makes the release of the requested files more prejudicial. In <u>Gifford</u>, the investigation phase appears to have been completed as the request was for the arrest file. In the instant matter, the Police Department and Fire Marshal's Office have not completed their investigations. Accordingly, the release of these files would be even more prejudicial as the plaintiff would have premature access to the investigations including the names of potential witnesses.

The plaintiff has argued that the requested files are material and relevant to the instant matter. The instant case involves the denial of the plaintiff's claim for fire loss under a property insurance policy by defendant, Nationwide Mutual Fire Insurance Company, on the grounds that the defendant has found that the plaintiff was responsible for causing the fire to be

-4-

set and misrepresenting material facts relating to his claim. The defendant apparently made this finding based upon its investigation (Defendant's Memorandum in Support of the City's Motions to Quash dated February 6, 2004). As the defendant's denial of the plaintiff's claim was not based upon any finding of the New Britain Police Department or Fire Marshal's Office, it does not appear that the investigation files of the Police Department or Fire Marshal's Office would be material or relevant particularly since they are not completed.

For these reasons, the deponents, Timothy T. Stewart and William J. Sencio, respectfully request that the Court grant their motions to quash.

WILLIAM J. SENCIO and TIMOTHY T. STEWART

By Office of Corporation Counsel

_____
Mary C. Pokorski
Attorney for Deponents
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, Connecticut 06051
Tel. (860) 826-3420
Federal Bar Number ct18903

CERTIFICATION

I hereby certify that on February 13, 2004, a copy of the above was mailed to all counsel of record.

Juri E. Taalman, Esq.
Brignole and Bush, LLC
73 Wadsworth Street
Hartford, Connecticut 06106-1768

Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, Connecticut 06032

Honorable Stefan R. Underhill,
Judge, United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

_____
Mary C. Pokorski
Commissioner of Superior Court

Notes of Decisions

Knowledge of lack of license or privilege 2
Validity 1

### 1. Validity

Defendant had no constitutionally protected right to "freedom of movement" or "freedom of worship" on private property, and, thus, simple trespass statute which prevented defendant from entering church after church revoked his privileges was not overbroad. State v. Steinmann (1990) 569 A.2d 557, 20 Conn.App. 599, certification denied 573 A.2d 319, 214 Conn. 806.

Defendant's equal protection rights were not violated by decision to prosecute for simple trespass rather than criminal trespass, even though affirmative defenses and right to jury trial were denied in prosecutions for simple trespass; simple trespass statute imposed lesser punishment than criminal trespass statute. State v. Steinmann (1990) 569 A.2d 557, 20 Conn.App. 599, certification denied 573 A.2d 319, 214 Conn. 806.

### 2. Knowledge of lack of license or privilege

Evidence supported conviction for simple trespass for entering church property after defendant's privilege to attend services had been revoked by church and defendant was aware of the revocation. State v. Steinmann (1990) 569 A.2d 557, 20 Conn.App. 599, certification denied 573 A.2d 319, 214 Conn. 806.

Evidence was insufficient to sustain conviction for simple trespass of defendant who entered shopping mall as business invitee, even though he did not make a purchase; State failed to present any evidence on knowing element of offense. State v. Mention (1987) 530 A.2d 645, 12 Conn.App. 258, certification denied 532 A.2d 78, 205 Conn. 809.

## § 53a-110b. Transferred to C.G.S.A. § 53a-223 in Gen.St., Rev. to 2001

## § 53a-110c. Transferred to C.G.S.A. § 53a-223a in Gen.St., Rev. to 2001

## § 53a-110d. Simple trespass of railroad property: Infraction

(a) A person is guilty of simple trespass of railroad property when, knowing that such person is not licensed or privileged to do so, such person enters or remains on railroad property without lawful authority or the consent of the railroad carrier.

(b) Simple trespass of railroad property is an infraction.

(2000, P.A. 00-149, § 2.)

### Historical and Statutory Notes

**Codification**

Gen.St., Rev. to 2001, codified 2000, P.A. 00-149, § 2 as C.G.S.A. § 53a-110d.

### Library References

Railroads ⇌255(1).
Trespass ⇌79.
WESTLAW Topic Nos. 320, 386.

C.J.S. Railroads §§ 456, 1005.
C.J.S. Trespass §§ 172, 179, 182.

## § 53a-111. Arson in the first degree: Class A felony

(a) A person is guilty of arson in the first degree when, with intent to destroy or damage a building, as defined in section 53a-100, he starts a fire or causes an explosion, and (1) the building is inhabited or occupied or the person has reason to believe the building may be inhabited or occupied; or (2) any other person is injured, either directly or indirectly; or (3) such fire or explosion was

215

## § 53a–111

caused for the purpose of collecting insurance proceeds for the resultant loss; or (4) at the scene of such fire or explosion a peace officer or firefighter is subjected to a substantial risk of bodily injury.

(b) Arson in the first degree is a class A felony.

(1969, P.A. 828, § 113, eff. Oct. 1, 1971; 1979, P.A. 79–570, § 3; 1980, P.A. 80–229, § 1; 1982, P.A. 82–290, § 1.)

### Commission Comment—1971

This section is aimed at the situation where, when the fire or explosion is started, a person is in or near the building and is thus placed in great danger. Note that there is no requirement in this section that the building be that of another. This is consistent with the rationale stated above. This section is concerned mainly with serious risks to the life or safety of others.

See, also, the Comment preceding § 53a–100.

### Historical and Statutory Notes

**Amendments**

**1979 Amendment.** 1979, P.A. 79–570, § 3, amended subsec. (a) by substituting subds. (1) to (3) for former subds. (1) and (2) which read "(1) at the time, another person is present in such building or is so close to such building as to be in substantially the same danger as a person in such building would be, and (2) the actor is either aware that a person is present in or close to such building, or his conduct manifests an indifference as to whether a person is present in or close to such building."; and substituted, in subsec. (b), class "A" felony for class "B" felony.

**1980 Amendment.** 1980, P.A. 80–229, § 1, inserted, in subsec. (a), "as defined in section 53a–100," following "damage a building"; and rewrote subsec. (a)(3) which formerly read "a peace officer or firefighter is so close to such building that he is subjected to a substantial risk of bodily injury".

**1982 Amendment.** 1982, P.A. 82–290, § 1, substituted, in subsec. (a), "such fire or explosion was caused for the purpose of collecting insurance proceeds for the resultant loss; or (4) at the scene of such fire or explosion a" for "indirectly; or (3)".

**Derivation:**

1902 Rev., §§ 1169, 1185, 1186.
1918 Rev., §§ 6216, 6231, 6232.
1927, P.A. ch. 85.
1930 Rev., §§ 6073, 6087, 6088.
1935, Supp. §§ 1687c, 1689c.
1949 Rev., §§ 8418, 8419.
1953, Supp. § 2467c.
1957, P.A. ch. 167.
1958 Rev., §§ 53–11, 53–45, 53–82, 53–83.
1969, P.A. 828, § 214.

### Cross References

Attempt, see C.G.S.A. § 53a–49.
Criminal liability for acts of another, see C.G.S.A. § 53a–8.
Reckless endangerment, see C.G.S.A. §§ 53a–63, 53a–64.

### Law Review and Journal Commentaries

Criminal appeals in motion. Emanuel Margolis, 45 Conn.B.J. 114.

### WESTLAW Electronic Research

See WESTLAW Electronic Research Guide following the Preface.

### United States Code Annotated

Arson prevention, detection and control, assistance to states, see 15 U.S.C.A. § 2220.

Case 3:02-cv-00752-SRU    Document 51    Filed 02/17/2004    Page 9 of 10

CRIMES
Title 53a

BURGLARY, TRESPASS, ARSON, ETC.
Ch. 952

§ 53a–112

ntial bodily injury, and phrase
ll them names" was direct re-
ant's sarcasm toward one fire-
s cross-examination and to de-
le during his closing argument.
(2001) 772 A.2d 1107, 256

s

nstruction given in arson and
lt prosecution did not imper-
urden on defendant to persuade
tion beyond reasonable doubt;
: suggested to jury that it could
idence of intoxication unless it
pper evidentiary threshold, court
ed that evidence of intoxication
idered in conjunction with all
bearing on issue of intent, and
ar that evidence of intoxication
e possibility of defendant's pos-
uisite intent. State v. Chasse
1212, 51 Conn.App. 345, certifi.
723 A.2d 816, 247 Conn. 960.

• severance of offenses

arged with arson and attempted
nection with four separate fires
ed to severance of four related
to separate trials; each of four
uestion was discrete event that
emain distinct in jurors' minds
ding fires did not result in shock
ns of brutality or violence, and
ok care to clarify distinction
es and enable jury to follow along
analyses. State v. Ancona (2001)
256 Conn. 214.

cluded offenses

vas not entitled to instruction on
hief in third degree as lesser in-
: of arson in first degree; it was
ommit arson in the first degree
having committed criminal mis-
degree. State v. Chance (1995)
236 Conn. 31, habeas corpus
l dismissed 706 A.2d 20, 47 Conn.
ification denied 713 A.2d 827, 244

charged with arson in first degree
d larceny in first degree; arson
ons that he set fire to his property
ollect insurance proceeds, waived
iew of his claim that trial court
dmitted evidence of prior losses
iich arose from previous fires at
property, to show defendant's
: insurance claims settlement and
not object to this ruling and did

was not of constitutional magnitude alleging violation of fundamental right. State v. Ancona (2001) 772 A.2d 571, 256 Conn. 214.

Testimony by State's expert regarding quantitative analysis of chemicals found at crime scene was not filled with significant inconsistencies or omissions entitling defendant to new trial on arson charge; trial court considered vast amounts of expert testimony, and nothing appeared to have been omitted or to be factually incorrect. Gray v. State (1999) 725 A.2d 364, 51 Conn.App. 689.

In determining sufficiency of evidence in arson cases, appellate court looks to time that defendant started fire to ascertain whether building was inhabited. State v. Finley (1994) 644 A.2d 371, 34 Conn.App. 823, certification denied 648 A.2d 880, 231 Conn. 927, habeas corpus denied.

## § 53a–112. Arson in the second degree: Class B felony

(a) A person is guilty of arson in the second degree when, with intent to destroy or damage a building, as defined in section 53a–100, (1) he starts a fire or causes an explosion and (A) such act subjects another person to a substantial risk of bodily injury; or (B) such fire or explosion was intended to conceal some other criminal act; or (C) such fire or explosion was intended to subject another person to a deprivation of a right, privilege or immunity secured or protected by the constitution or laws of this state or of the United States; or (2) a fire or explosion was caused by an individual hired by such person to start such fire or cause such explosion.

(b) Arson in the second degree is a class B felony.

(1969, P.A. 828, § 114, eff. Oct. 1, 1971; 1979, P.A. 79–570, § 4; 1980, P.A. 80–229, § 2; 1982, P.A. 82–290, § 2; 1984, P.A. 84–4.)

### Commission Comment—1971

This section is aimed at two types of situations. First, it aims at the situation in which the actor burns or explodes another's building. Second, it aims at the typical "arson for insurance" situation, where the actor burns or explodes a building in order to collect insurance. In either case, however, an essential element is danger to another person or another building. This requirement stems from the basic rationale behind the law of arson: protection of human life and safety. The inclusion of danger to another building (even if owned by the actor) is justified by the fact that buildings typically contain human beings, and thus danger to another building is likely to endanger another person's life or safety.

### Historical and Statutory Notes

Amendments

1979 Amendment. 1979, P.A. 79–570, § 4, substituted, in subsec. (b), class "B" felony for class "C" felony.

1980 Amendment. 1980, P.A. 80–229, § 2, inserted in subsec. (a)(1), ", as defined in section 53a–100," following "damage a building".

1982 Amendment. 1982, P.A. 82–290, § 2, rewrote subsec. (a) which formerly read:

"(a) A person is guilty of arson in the second degree when he starts a fire or causes an explosion (1) With intent to destroy or damage a building, as defined in section 53a–100, (A) of another or (B) whether his own or another's to collect insurance for such loss; and (2) such act subjects another person to a substantial risk of bodily injury or another building to a substantial risk of destruction or damage."

1984 Amendment. 1984, P.A. 84–4, inserted "or (C) such fire or explosion was intended to subject another person to a deprivation of a right, privilege or immunity secured or protected by the constitution or laws of this state or of the United States;" in subsec. (a).

Derivation:

1902 Rev., §§ 1185, 1186.
1918 Rev., §§ 231, 6232.
1927, P.A. ch. 85.

221

Case 3:02-cv-00752-SRU   Document 51   Filed 02/17/2004   Page 10 of 10

CRIMES
Title 53a

BURGLARY, TRESPASS, ARSON, ETC.
Ch. 952

§ 53a-113

(1998) 721 A.2d 1212, 51 Conn.App. 345, certification denied 723 A.2d 816, 247 Conn. 960.

Any possible risk of jury confusion over element of intent due to trial court's error in reading entire statute referencing both intent to cause result and intent to engage in proscribed conduct was eliminated by court's numerous proper instructions on elements of first and second-degree arson and first-degree attempted assault, and thus, intent instructions did not deprive defendant of constitutional due process right to fair trial or result in any injustice. State v. Chasse (1998) 721 A.2d 1212, 51 Conn. App. 345, certification denied 723 A.2d 816, 247 Conn. 960.

## § 53a-113. Arson in the third degree: Class C felony

(a) A person is guilty of arson in the third degree when he recklessly causes destruction or damage to a building, as defined in section 53a-100, of his own or of another by intentionally starting a fire or causing an explosion.

(b) Arson in the third degree is a class C felony.

(1969, P.A. 828, § 115, eff. Oct. 1, 1971; 1973, P.A. 73-639, § 6; 1979, P.A. 79-570, § 5; 1980, P.A. 80-229, § 3; 1992, P.A. 92-260, § 46.)

### Commission Comment—1971

This is essentially the same provision as is contained in the New York proposal. It is aimed at the reckless destruction of the building of another by intentionally starting a fire or causing an explosion. At this grade of offense, the secondary rationale of arson—protection of particularly cherished property—becomes more prominent. This section deals with destruction of another's building without regard to risk to human life or safety.

### Historical and Statutory Notes

**Amendments**

**1973 Amendment.** 1973, P.A. 73-639, § 6, inserted, in subsec. (a), "of his own or" following "destruction or damage to a building".

**1979 Amendment.** 1979, P.A. 79-570, § 5, substituted, in subsec. (b), class "C" felony for class "D" felony.

**1980 Amendment.** 1980, P.A. 80-229, § 3, inserted, in subsec. (a), ", as defined in section 53a-100," following "damage to a building".

**1992 Amendment.** 1992, P.A. 92-260, § 46, in subsec. (a), substituted provision that a person is guilty of arson in the third degree when recklessly causes destruction or damage, for provision that a person is guilty of arson in the third degree if he recklessly causes destruction or damage.

**Derivation:**
1902 Rev., §§ 1185, 1239, 1244.
1909, P.A. ch. 56.
1918 Rev., §§ 6231, 6234, 6291, 6297.
1927, P.A. ch. 85.
1930 Rev., §§ 6087, 6090, 6147, 6153.
1935, Supp. §§ 1687c, 1691c, 1692c.
1949 Rev., §§ 8421, 8423, 8460, 8461.
1957, P.A. 529, § 1.
1958 Rev., §§ 53-82, 53-85, 53-87, 53-124.
1965, Feb.Sp.Sess., P.A. 184.
1969, P.A. 828, § 214.

### Cross References

Attempt, see C.G.S.A. § 53a-49.
Explosives, definition, see C.G.S.A. § 29-343.
Fire safety code, fire marshals, see C.G.S.A. § 29-291 et seq.
Investigation, origin or fire or explosion, see C.G.S.A. § 29-310.
Reckless endangerment, see C.G.S.A. §§ 53a-63, 53a-64.
Violation of section deemed serious juvenile offense, see C.G.S.A. § 46b-120.