FILED

2004 FEB 19 P 1:23

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| vs. | ) | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | ) | |
| Defendant | ) | FEBRUARY 18, 2004 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF CITY'S MOTION TO QUASH

The Plaintiff, Tomasz Mierzejewski, files this Memorandum in Opposition to Defendant, Nationwide Mutual Fire Insurance Company's ("Nationwide") Memorandum [dated February 6, 2004] in Support of the City of New Britain's Motion to Quash dated January 28, 2004, relating to subpoenas served on its Chief of Police and Fire Marshal.

### I.  FACTUAL BACKGROUND

Plaintiff was the owner of premises located at 83 West Street, New Britain, Connecticut, which premises contained a multi story building that Plaintiff was in the process of renovating for use as an apartment building and personal residence. On the night of July 7-8, 2001, a fire totally destroyed said building. The Plaintiff, who is a building contractor, had obtained a loan from a financing institution that gave Plaintiff a line of credit to pay for some of the costs of construction. At the request of the lender, the Plaintiff obtained fire insurance on the building through the Defendant, Nationwide Mutual

Fire Insurance Company. Shortly before the fire, Nationwide asked Plaintiff to increase his fire insurance on the building to an amount commensurate with the value of the finished building, and Plaintiff did so. After the fire, the Plaintiff made a claim for its loss under the fire insurance policy which was in full force and effect with the Defendant, Nationwide Mutual Fire Insurance Company.

Instead of paying the claim, Nationwide, during the months of October and November, 2001, conducted an examination of the Plaintiff insured under oath as to the circumstances with respect to the cause of the fire and Plaintiff's whereabouts and doings before and after the time of the fire. Defendant obtained extensive information regarding Plaintiff's financial affairs, the financing involved with Plaintiff's renovation efforts as to the building that had been destroyed and other related matters. Defendant also conducted its own investigation into the fire and forwarded to the police and fire departments of the City of New Britain, information it had obtained from the Plaintiff regarding the fire.

The New Britain Fire Department has determined that the fire that destroyed the Plaintiff's building was of unknown origin. More than two and a half years after the fire, no one has been arrested or charged with setting the fire or having it set, although the Defendant claims that the fire was of incendiary origin and has asserted in the pleadings that the fire was set by the Plaintiff or at his direction. The Defendant has never provided the Plaintiff with any evidence to substantiate this claim of arson.

Corporation Counsel for the City of New Britain seeks to quash subpoenas directed to the Police Chief and to the former Fire Marshal of the City of New Britain, requiring them to bring their

BRIGNOLE AND BUSH, LLC • ATTORNEYS AT LAW
73 WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

investigative files to their respective depositions duly noticed by Plaintiff in this case. The investigative files in question involve the police and fire department investigations of a fire which occurred on Plaintiff's premises at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001. No one has been arrested or otherwise charged with criminal activity with respect to the fire. Plaintiff's premises were insured by the Defendant in this case, Nationwide Mutual Fire Insurance Company. Defendant has refused to make payment on the Plaintiff's claimed fire loss, claiming, *inter alia* that the fire was incendiary in nature and caused to be set by the Defendant.

The New Britain Fire Marshal and Police Department have had their investigative files open for over two and a half years, and the fire still remains of unknown origin. The Police Department has previously indicated that the file is still open, but it is clear that after such a lapse of time, the file must be treated as a cold case on which little or no activity can be expected. In the meantime, the Plaintiff is not being paid for his insured loss on the unsubstantiated charge, made only by Defendant insurer, that this is a case of arson by the Plaintiff. Defendant has long ago turned over whatever relevant information it has to the New Britain Police, but the Police both in their own investigation and after review of the Defendant's information, have seen no basis to charge the Plaintiff, or anyone else,

Corporation Counsel for the City of New Britain has filed Motions to Quash and Objections to Plaintiff's subpoenas duces tecum which were served on the Police Chief and former Fire Marshal, in connection with their duly noticed depositions by the Plaintiff in this case. Corporation counsel assets in the Motions to Quash, without supporting evidence, that both police and fire investigations are still

-3-

pending, that police [not the Fire Marshal] are following up "a current lead" in the case, and that the Plaintiff "has not been ruled out as a suspect in the case."

The Plaintiff has noticed depositions of the Police Chief and former Fire Marshal (now Mayor) of New Britain and attendant thereto has issued subpoenas duces tecum dated January 16, 2004, directing these officials to bring to their respectively scheduled depositions the investigative files with respect to the aforesaid fire of the Police Department and Fire Marshal's Office. The Police Department and Fire Marshal are not parties in this case. Corporation Counsel has filed motions to quash the respective subpoenas duces tecum.

The Plaintiff claims that the assertions of Corporation Counsel in the Motions to Quash are without merit and that, for purposes of this federal lawsuit, he is entitled to obtain, through subpoenas, the information in the respective files of the New Britain Police Department and Fire Marshal's office, for use at depositions scheduled for the Police Chief and former Fire Marshal. Plaintiff has filed Objections to the Motions to Quash, together with a Memorandum of Law.

The Defendant, Nationwide Mutual Fire Insurance Company has filed a Memorandum in Support of the City's Motion to Quash. The Plaintiff herein responds to the Defendant's Memorandum.

## II. LEGAL ANALYSIS.

Defendant argues that the City should be entitled to complete its criminal investigation "without being hampered or prejudiced by subpoenas issued from this civil action." The Defendant claims that this applies particularly "where the subpoenas are issued on behalf of a person suspected of the criminal

activity being investigated." Defendant's Memorandum ("Memo"), p. 1. Defendant's allegations are totally unsupported by any evidence. Defendant, however, fails to state any facts or reference any documentary evidence which shows, or which would tend to show that the Plaintiff is in any way a "suspect" in this case at this point in time, more than two and a half years after the fire inquestion. Furthermore, there is no "compelling evidence" that the Plaintiff was in any way responsible for the fire, as the Defendant claims, nor does the Defendant cite any such evidence in his Memorandum. Memo, p. 1

The same paucity of any factual or evidentiary basis is apparent in the Defendant's allegations that a "comprehensive investigation" by Nationwide resulted in a denial of the Plaintiff's insurance claim on the grounds that the Plaintiff, according to the Defendant, was allegedly "responsible for intentionally causing the fire to be set." Memo, p. 2  The results of Defendant's investigation were forwarded to the New Britain Police pursuant to statute, but no action of any kind has been taken against the Plaintiff by police officials.

Defendant's further claim that "Plaintiff's financial motive for this fire is apparent" [Memo, p. 2] is totally without merit or foundation, and Defendant has not asserted one iota of fact to support such a spurious claim. Plaintiff was renovating the premises for his own habitation, and had both the financial means and motive to complete the construction.

The Defendant also claims that "[t]he incendiary nature of this fire is well established"[Memo, p. 2] without citing facts or ruling out spontaneous combustion, or accident or negligence by third

-5-

parties. Plaintiff himself testified at his examination by Defendant that he found evidence that someone may have broken into the premises during construction, that cigarette stubs were found, that third parties may have been playing with firecrackers.

Furthermore, the rapid development of the fire in a vacant, wooden framed building under construction, does not compel an inference that an accelerant was used to start the fire and Defendant, in speculating that substantial quantities of "accelerant must have been liberally and intentionally spread" [Memo, p. 3] carefully omits stating that any chemical evidence accelerant use was found.

Finally, the Defendant in its support Memorandum cites no legal authority whatsoever, much less any authority that would militate against Plaintiff's acquiring the police and fire marshal's records in the discovery process allowed by the traditionally liberal interpretation of the Federal Rules of Civil Procedure.

The Plaintiff herein notes that in <u>Chief of Police, Hartford Police Dept v. Freedom of Information Commission,</u> 252 Conn. 377, 740 A.2d 1264, (2000), the Supreme Court of Connecticut ruled that documents relating to the police department's internal affairs investigation were not exempt from disclosure under the Freedom of Information Act ("Act") by virtue of having been sought through the use of discovery process in federal civil litigation. The Court determined that the provisions of the Act did not affect or limit such discovery rights, just as discovery rights under the Federal Rules of Civil Procedure and discovery rights under state judicial rules did not affect or limit the provisions of the act. The language in Connecticut General Statutes Sec. 1-213(b)(1) specifically provides that "[n]othing in

73 WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS No. 419073

the [act] shall be deemed in any manner to: (1) Affect the status of judicial records as they existed prior to October 1, 1975, nor to limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state.." The Court in <u>Chief of Police, Hartford Police Dept</u>, supra, 252 Conn. 388, indicated that, read in its entirety, the aforesaid section of the act, "strongly suggests that it is intended to exempt entirely from the operation of the act questions of discovery that may arise in the course of litigation, whether in court or administrative proceedings."

Accordingly, as the Court observed "disclosure under the act, and disclosure under discovery rules–is made solely by the body charged with that responsibility; the defendant or the court applying the [Freedom of Information] act; and the court applying its discovery rules." <u>Id.</u> at 397. As a consequence, "there may also be instances in which a litigant would be able to secure documents through discovery that are exempt from disclosure under the act. The reason for that is, likewise, rooted in the fact that the act and discovery rules have different purposes and limits." <u>Id</u> at 397-98.

In <u>Chief of Police, Hartford Police Dept.</u>, supra, 252 Conn. 398, the Supreme Court also clarified a dictum in <u>Gifford v. Freedom of Information Commission</u>, 227 Conn.641, 665-66, 631 A.2d 252 (1993) by noting that "that dictum was ill advised. Construing the language to mean that the two questions–disclosability under the act, and discovery under litigation rules– are independent of each other does not, as we suggested in Gifford, make the defendant an overseer of discovery rules. It simply divides into separate spheres those questions that most appropriately are decided in those spheres."

-7-

The Plaintiff is attempting to depose officials of the New Britain Police Department and the New Britain Fire Marshal's Office regarding the investigation carried out by their respective departments in the investigation of the fire at 83 West Street on the night of July 7-8, 2001. The fire completely destroyed Plaintiff's premises which were insured against fire loss by the Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide") which refuses to pay the Plaintiff's insurance claim for losses resulting from the fire on the alleged ground that the Plaintiff caused said fire to be set. Plaintiff has never been charged with any criminal activity regarding said fire, which has been under investigation for over two and a half years by the New Britain Police Department and Fire Marshal's Office. The documents relating to the official investigations by these two municipal agencies into the fire are relevant, material and exclusively within the possession and control of the aforesaid agencies. Plaintiff claim is personally and directly affected by the documents, reports and other materials contained in the respective files of these two agencies and Plaintiff is in dire need of having these materials produced and made available in this case, where Plaintiff has made a claim to his insurer.

The federal rules relating to discovery are intended to make all relevant and material information available that is in the possession of the parties to the litigation, or in the exclusive possession and control of third parties, and is material and relevant or could lead to the discovery of material and relevant evidence.

Plaintiff has demonstrated a need for full disclosure of the files of the New Britain Police Department and the New Britain Fire Marshal's Office for the resolution of this case that is consistent with the spirit and policy embodied in the federal discovery rules. This court has the authority to determine the nature and scope of the discovery as it relates to these municipal agencies.

CONCLUSION

For all of the foregoing reasons, the City's Motion to Quash should be DENIED and the contents of the files of the New Britain Police Department and the Fire Marshal's Office should be ordered by the Court to be produced at the deposition of the respective municipal officials, pursuant to Plaintiff's lawful subpoenas duces tecum.

                                            THE PLAINTIFF

                                            By _____
                                                Juri E. Taalman, Esq.
                                                BRIGNOLE AND BUSH, LLC
                                                73 Wadsworth Street
                                                Hartford, Connecticut 06106
                                                (860) 527-9973
                                                Juris No. ct 09377

## **CERTIFICATION**

This is to certify that a copy of the foregoing was forwarded this 18th day of February, 2004, by first class mail, postage prepaid, to the following counsel and all *pro se* parties of record:

Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, Connecticut 06051

The Honorable Stefan R. Underhill
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut  06604
(203) 579-5714
(203) 579-5704 fax

Juri E. Taalman
Commissioner of the Superior Court

BRIGNOLE AND BUSH, LLC  •  ATTORNEYS AT LAW
73 WADSWORTH STREET  •  HARTFORD, CONNECTICUT 06106-1768  •  (860) 527-9973  •  FAX (860) 527-5929  •  JURIS NO. 419073