**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | MARCH 4, 2004 |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR  PROTECTIVE ORDER,
SEVERANCE AND STAY**

The defendant, Nationwide Mutual Fire Insurance Company ("**Nationwide**"),

submits this Reply Memorandum in response to Plaintiff's Memorandum of Law in

Opposition to Defendant's Motion for Protective Order, Severance and Stay.

**DISCUSSION**

A.    Plaintiff is Not Entitled to Documents Protected by the Work Product Doctrine

Plaintiff asserts that he is "entitled to have access to the contents of the

insurer's entire investigative file relating to the fire" because Nationwide concluded

that the plaintiff intentionally set the fire or directed the fire to be set and such

conclusion was reached as a result of Nationwide's bad faith.  Plaintiff's Opposition

Memorandum ("Pl. Memo."), pg. 8.  Plaintiff's assertion of entitlement to the file is based on a claim that Nationwide acted in bad faith.  Plaintiff cites an Arizona case, Brown v. Superior Court in and for the County of Maricopa, 137 Ariz. 327, 670 P.2d 725 (1983), for the proposition that courts have allowed an insured complete access to the insurer's claim file where the claim by an insured was solely based on the alleged bad faith of the insurer.  Pl. Memo., pg. 8.   The insured's claim in this case is not solely based on a claim of bad faith by the insurer.  Here, a claim of breach of the policy was made and coverage must be determined before any further claims can be established.  If a determination that no coverage exists, then plaintiff's additional claims including bad faith and CUIPA are moot.

Plaintiff further argues that he is entitled to the entire file because Nationwide's first affirmative defense that plaintiff intentionally caused the fire and, therefore, is not entitled to coverage applies to all of the counts in the complaint and not just the first count.  Pl. Memo., pg. 9 & 13.  He further states that since he responded to the first affirmative defense by a denial he must be permitted to prove that the allegations of arson are untrue and that Nationwide acted in bad faith.  Pl. Memo., pg. 9-10.  This analysis is misplaced.  The determination of whether coverage exists must be made

2

first.  Nationwide claims that no coverage exists because the plaintiff committed

arson.  If the trier of fact finds that arson was committed, there is no coverage.  A

determination on the rest of the issues is moot.  On the other hand, if the trier of fact

determines that arson was not committed, the first affirmative defense is moot and

cannot be asserted to the other counts.  Plaintiff's argument that he is entitled to the

entire investigative file because Nationwide's first affirmative defense applies to all

the counts in the complaint must fail.  Additionally, Nationwide has already, in its initial

disclosure, advised the plaintiff of the essential evidence supporting its claim for

arson.  Furthermore, the plaintiff has shown no need for the reasoning, mental

impressions or opinions of Nationwide's representatives, which constitute a party's

work product, in order to defeat Nationwide's arson claim.

The plaintiff also argues that the burden of establishing that the information

sought is work product of an attorney is upon Nationwide.  Pl. Memo, pg. 10.  The

plaintiff is not seeking work product prepared by an attorney, he is seeking the entire

investigative file of Nationwide prepared by its agents.  Work product includes

documents and tangible things prepared by an insurer or agent.  See Fed. R. Civ.

Rule 26(b)(3).  Such files are entitled to a qualified privilege.  See, Bartlett v. John

3

<u>Hancock Life Insurance Co.</u>, 538 A.2d 997 (R.I. 1988).  Furthermore, Nationwide's qualified privilege extends to documents and materials prepared since the date of the fire.  Nationwide has been investigating this case from the outset with the belief that litigation will ensue even before it denied the plaintiff's claim.  Nationwide has a right to defend itself first against the claim of breach of policy before being required to submit to discovery and trial on other claims such as bad faith.

Plaintiff claims his entitlement to this privilege information is based on his claims of bad faith and other asserted counts.  Pl. Memo., pg. 11.  Plaintiff seeks the strategy , mental impressions and opinions of Nationwide's agents and such information is privileged and considered work product.  The court cannot authorize a fishing expedition into privileged communications.  Allowing the disclosure of such information would be prejudicial to Nationwide.  A determination of whether the issues of coverage and bad faith should be tried separately, then discovery should be limited accordingly.

Plaintiff asserts that work product may be discoverable pursuant to Fed. R. Civ., Rule 26(b)(3) upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable, without

4

undue hardship to obtain the substantial equivalent of the materials by other means.
While Fed. R. Civ., Rule 26(b)(3) does allow for work product to be discoverable in
limited situations, the burden is on the plaintiff to show that he has substantial need of
the materials in the preparation of his case and that he is unable, without undue
hardship to obtain the substantial equivalent of the materials by other means.  Here,
the plaintiff's naked claim of bad faith without more is not sufficient to allow for the
work product sought to be discoverable.  Moreover, after a determination that counts
two through six be severed from the issue of coverage, the material sought based on
plaintiff's claim of bad faith would be moot.

B.    Counts Two Through Six Should be Severed and Stayed
       Pending a Resolution of Count One

        1.      Coverage Issues are Not Inextricably Entwined With the Issues of Bad
                Faith and Unfair Insurance Practices

        Plaintiff is correct in that the discretion to sever and stay counts two through six
is with this court.  Plaintiff, however, has not cited case law to support his argument
that severing the issues of coverage and bad faith is prejudicial to an insured
because such  issues are inextricably entwined when an insurer asserts serious
charges in denying coverage.  Pl. Memo., pg. 15.  The issues of coverage and bad

faith are not inextricably entwined even when an insurer asserts serious charges as its reasoning for denying coverage. The issue of coverage must be determined before a determination of bad faith and other issues are determined. Federal case law supports the severing of issues of coverage and bad faith. See discussion of Bartlett v. John Hancock Life Insurance Co., 538 A.2d 997 (R.I. 1988) in Nationwide's Memorandum in Support of Motion For Protective Order, Severance and Stay, page 5-6.

The Plaintiff claims that due to the serious charge of arson that Nationwide is asserting as the reason for denying him coverage the issues of coverage and bad faith are inextricably entwined. The seriousness of the reasoning of denial does not change the fact that the first determination to be made in this case is whether coverage exists. The fact that Nationwide denied the plaintiff's claim based on arson does not make this case any different from any other coverage dispute issue. The plaintiff would have the court believe that such a charge by the insurer creates some greater threshold that allows him to establish bad faith in conjunction with the issue of coverage to a trier of fact. Pl. Memo., pg. 16-17.

Furthermore, the plaintiff concedes that there are "cases" (without citing such

cases) in which the courts severed the issues of coverage and bad faith where the underlying coverage issue involved questions of contractual obligations arising from the insurance contract itself.  Pl. Memo., pg. 18.  This case does involve questions of contractual obligation.  Nationwide's first affirmative defense outlines the policy exclusions in which coverage does not exist.  The fact that the plaintiff's intentional actions or criminal activity are the result of a denial of coverage does not make this case more than what it is, coverage dispute case.

Throughout the plaintiff's memorandum, plaintiff insists that he should be able to show bad faith as a defense to Nationwide's assertion of arson and that this causes the issues of coverage and bad faith to be entwined.  Bad faith is not a defense to arson.  As discussed above, the issues are not entwined and counts two through six should be severed from the issue of coverage.

    2.    <u>The Coverage Issue and the Bad Faith Claims Can be Adequately Separated, as well as the Discovery Associated with the Claims</u>

The Plaintiff asserts that "integrated discovery is necessary where a criminal charge against the insured is the alleged ground for denial of an insured's claim, simultaneously raising issues related to the insured's integrity on the one hand and the bad faith of the company on the other." Pl. Memo., pg. 20.  The discovery

associated with the claims made in this case is not integrated.  As detailed above, the fact that Nationwide's claim that the plaintiff intentionally set the fire or directed someone to set the fire does not make the issues of coverage and bad faith entwined.  Because the issues of coverage and bad faith are not entwined, their respective discovery can be separated and limited.

Plaintiff contends that if the case was severed he could not "defend himself by putting the bias, motivation, gain and the good faith of the insurance company in issue...."  Pl. Memo., pg. 21.  The plaintiff does not need to show bad faith to defeat an assertion of arson and, therefore, establish that coverage exists.  So putting the "bias, motivation, gain and the good faith of the insurance company" in issue, as the plaintiff would have it, would only confuse or improperly influence the trier of fact. The court in its discretion can make a ruling dividing the issues and limiting discovery to such issues.

   3.    Not Severing the Counts Would be Prejudicial to Nationwide

Plaintiff continuously asserts that he would be prejudiced if counts two through six were severed.  If the counts were not severed, however, Nationwide would be the one prejudiced.  If the counts were not severed Nationwide would be required to

submit to unnecessary discovery, depositions, time and expense.

Plaintiff states that severance would not promote judicial efficiency and economy. Just the opposite is true. Severance would promote judicial efficiency and economy because limiting litigation to the first count would not waste the court's time, jury's time and the parties' time and money.

Plaintiff claims that due to the inflammatory nature of the arson charge and its prejudicial effect on the plaintiff a jury should not be precluded from "judging the Defendant's conduct, bias, motive and other factors that may determine the Defendant's bad faith in bringing the inflammatory charge of arson." Pl. Memo., pg. 22. This is exactly why the counts should be severed. Nationwide's conduct is not the issue as to whether coverage exists. Nationwide should not be prejudiced by having such evidence and testimony irrelevant to the issue of coverage, confusing and influencing the trier of fact's decision regarding coverage.

      4.    <u>A Determination that the Plaintiff Committed Arson Would</u>
                 <u>Make Other Issues Moot</u>

The plaintiff cannot prevail on counts two through six until he establishes that coverage exists. Plaintiff asserts that the determination of coverage cannot be fairly made if counts two through six were severed where a charge of arson has been

made because the charge may be the product of bad faith conduct on Nationwide's part. Pl. Memo., pg. 25. Again, the plaintiff cannot use the claim of bad faith to defeat the claim of coverage.

Plaintiff asserts that Nationwide's claim is "outrageous" and "unfounded" and that Nationwide has not produced any evidence that the plaintiff was the cause of the fire. Pl. Memo., pg. 24. Plaintiff bases this assertion on the fact that the New Britain police and fire authorities have an ongoing investigation and that no criminal charges have been brought against anyone. He also contends that Nationwide's conclusion that the fire was incendiary does not support Nationwide's first affirmative defense. Pl. Memo., pg. 25. These assertions are absurd. Nationwide denied plaintiff's claim based upon evidence that the fire was incendiary including the detailed report of a qualified fire investigator. Nationwide is prepared to produce substantial evidence supporting its denial of the claim.

**CONCLUSION**

For the foregoing reasons, Nationwide respectfully requests that its Motion for Protective Order, Severance and Stay be granted.

DEFENDANT,
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,


By _____
        Michael Feldman, Esq.
        Rebecca L. Fox, Esq.
         Feldman & Hickey, LLC
        10 Waterside Drive, Ste. 303
        Farmington, CT 06032
            Its Attorneys
              Fed. Bar #ct 06649
        Fed. Bar #ct 24087
        (860) 677-0551

11

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was sent via facsimile and mailed via first class mail, postage prepaid on March 4, 2004, to the following:

Juri E. Taalman, Esq.
Timothy Brignole, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
Office of Corporation Counsel
City of New Britain
24 West Main Street
New Britain, CT 06051

---
Rebecca L. Fox