FILED

2005 APR 25  A 11: 56

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

TOMASZ MIERZEJEWSKI            :        CIVIL ACTION NO.  302CV752 (SRU)

V.                             :

NATIONWIDE MUTUAL FIRE         :        APRIL 22, 2005
INSURANCE COMPANY

## MEMORANDUM IN SUPPORT OF DISCOVERY

The defendant, Nationwide Mutual Fire Insurance Company (**"Nationwide"**), respectfully submits this Memorandum in response to the April 19, 2005: (1) Plaintiff's Objection to Inspection and Copying of Matters Sought in Notice of Deposition Duces Tecum; (2) City of New Britain's (**"City's"**) Motion to Quash Subpoena Directed to James Wardwell; and (3) City's Objection to Subpoena Duces Tecum Directed to James Wardwell.  This matter has been scheduled for a telephonic hearing for Monday, April 25, 2005 at 4:00 p.m.

## BACKGROUND

On July 8, 2001, a fire occurred at a structure owned by the plaintiff Tomasz Mierzejewski.  The plaintiff was then insured by the defendant Nationwide and submitted an insurance claim for several hundred thousand dollars to Nationwide.

After a thorough investigation, including the opinion of an independent fire

FELDMAN & HICKEY, LLC  •  ATTORNEYS AT LAW  •  10 WATERSIDE DRIVE, SUITE 303
FARMINGTON, CONNECTICUT 06032-3084  •  (860) 677-0551  •  FAX (860) 677-1147

investigator, Nationwide determined that the fire was incendiary and that the plaintiff was

responsible for setting or directing the setting of the fire.  The City's police department

and fire marshal's office conducted their own investigations into this fire.  The case is

considered an open criminal investigation and the plaintiff has not been ruled out as a

suspect.

## DISCOVERY

On January 28, 2004 the plaintiff through his counsel issued deposition

subpoenas to the City police chief and fire marshal's office demanding the production of:

> "the **entire file** of the New Britain Police Department relating to the
> investigation of the fire that occurred at 83 West Street, New Britain,
> Connecticut on or about July 7-8, 2001 including but not limited to any
> and all reports, memoranda, notes, correspondence, and other documents
> relating to the investigation of said fire;"

(emphasis in original).  Plaintiff reissued its Deposition Duces Tecum on March 30, 2005

with the same documents request (attached as Exhibit A).

The City objected and moved to quash the January, 2004 subpoenas.  Plaintiff

vigorously sought discovery of the subpoenaed information.  The City's objection to the

subpoena was based upon the ongoing investigation in which the plaintiff had not been

ruled out as a suspect.  After a hearing on April 16, 2004, the Court granted the City's

2

motion to quash with the understanding that after six months, the plaintiff could renew the subpoena without prejudice to either party's position.

In November 2004, the City indicated its willingness to comply with the subpoena, and submit city officials to depositions.  The City produced an extremely large volume of material from the fire marshal and police department files including reports, statements, notes, a search and seizure warrant, and a wide variety of documents both signed and unsigned, sworn and unsworn.

The City, through its corporation counsel identified two documents which it did not wish to disclose including: (1) an affidavit and application for search and seizure warrant ("Application"), and (2) a criminal history summary of a potential witness ("Criminal History").

During some discussion among counsel, it became apparent that the Application contained information that may be unfavorable to the plaintiff.  At that point the plaintiff's counsel, although he had strenuously pursued discovery of the police department's "entire file", then sided with the City and against the disclosure of the Application. Thereafter, defendant issued its own subpoena to the police department seeking an identical description of documents contained in the plaintiff's subpoenas.  Both the City

3

and plaintiff have objected to the disclosure of the Application.

Sergeant James Wardwell at his April 19, 2005 deposition, provided some general information about the Application. He indicated that it is a typed document, approximately ten pages long, primarily prepared by Sergeant Wardwell. Wardwell was one of the detectives investigating the fire on behalf of the police department. Sergeant Wardwell indicated that the information contained in the Application was relevant to the investigation of the subject fire and that the facts set forth in the application were, to his knowledge, true and accurate.

## DISCUSSION

In their objection, neither the City nor the plaintiff have identified a statute or privilege that would protect the subject document against disclosure. Rather they argue that because it is a draft it should not be produced.

The Application is discoverable for one or more of the following reasons:

(1)    The Application contains information relevant to the investigation and is therefore discoverable under Rule 26(b)(1) of the Federal Rules ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any part . . ..") Having subpoenaed the same

4

information, reviewed extensive City files relating to their investigation and questioned City officials at length about the investigation, the plaintiff would be hard pressed to now say that the Application is "irrelevant" ;

(2)    Sergeant Wardwell indicated that the information is true and accurate based upon his investigation into the fire and relevant to his investigation;

(3)    The document, if not admissible itself, may lead to the discovery of admissible information (such as witness names and statements or pertaining to plaintiff's alibi, motive or inconsistent statements) Rule 26(b)(1) ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence");

(4)    The fact that the document is an unsigned draft, does not make it any less discoverable.  The City has already produced many documents that were unsigned and unsworn including reports, handwritten notes and correspondence.  Drafts are commonly disclosable and often provide significant information, Western Resources, Inc. v. Union Pacific, 2001 WL 1718368 (D.Kan.);  and

5

(5)    Piecemeal disclosure is inherently unfair and misleading. The City, pursuant to the plaintiff's subpoena, has disclosed an enormous volume of information. Plaintiff's counsel has engaged in lengthy questioning of city officials about the City's investigation and files. To now allow a relevant document containing accurate and relevant information to be concealed, deprives the defendant of the ability to full discovery of the City's investigation based upon all information.

With respect to the Criminal History Summary of potential witness, the City argues, among other things, that the individual had no information concerning the fire and nothing to do with the underlying case. If the plaintiff is willing to stipulate that Edson Irizzary, had nothing to do with the fire, defendant would not press its request for this document.

## CONCLUSION

For the foregoing reasons Nationwide respectfully requests that the objections be overruled and that the City be required to immediately disclose the Application and Criminal History Summary.

6

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY

By_____
Michael Feldman, Esq.
Federal ID ct06649
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032
(860) 677-0551
(860) 677-1147 (fax)

7

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been send via facsimile and mailed, via first class mail, postage prepaid, on this 22nd day of April, 2005, to:

Timothy Brignole, Esq.
Juri Taalman, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, CT 06051

and sent via facsimile to:

The Honorable Stefan R. Underhill
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604
(203) 579-5704

_____
Michael Feldman, Esq.

8

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | March 30 2005 |

## NOTICE OF TAKING DEPOSITION DUCES TECUM

The parties in the above-entitled action will take notice that the Plaintiff will take the deposition of Defendant's witness **JOSEPH WARDWELL**, of the New Britain Police Department, pursuant to §13-26, *et seq.*, of the *Practice Book*, on **April 15, 2005 at 1:00 p.m.**, before Fran Teti, Court Reporter, or other competent authority, at New Britain Town Hall, 27 West Main Street, New Britain, Connecticut. Said deposition shall continue from day to day until complete. The deponent is further commanded to bring with him and produce at the same time and place the following:

1.    The entire file of the New Britain Police Department relating to the investigation of the fire that occurred at 83 West Street, New Britain, Connecticut, on or about July 7-8, 2001, including, but not limited to, any and all reports, memoranda, notes, correspondence, and other documents relating to the investigation of said fire;

2.    Any and all photographs, videotapes and other graphic visual materials regarding said fire;

3.    Any and all audio tapes and statements of witnesses regarding said fire; and

4.    The final New Britain Police Department report regarding said fire.

PLAINTIFF, Tomasz Mierzejewski

BY

Juri E. Taalman, Esq.
BRIGNOLE & BUSH, LLC
73 Wadsworth Street
Hartford, Connecticut 06106
(860) 527-9973

2

## CERTIFICATION

This is to certify that the original of the foregoing was forwarded this 30th day of March, 2005,

by first class mail, postage prepaid, to all counsel and *pro se* parties of record as follows:


Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, Connecticut 06051

Juri E. Taalman
Commissioner of the Superior Court

3