UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants | ) | October 28, 2005 |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ON DEFENDANT'S SPECIAL DEFENSE OF ARSON**

The Plaintiff Tomasz Mierzejewski ("Plaintiff") respectfully moves for summary judgment on all counts on the grounds that there is no genuine issue of material fact and that the Plaintiff is entitled to summary judgment as a matter of law. Specifically, the Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") has **not a scintilla of evidence** that the Plaintiff, who was insured by the Defendant for the fire loss which is the subject of this action, either set the fire or that the fire was set at the Plaintiff's direction, as the Defendant Nationwide has claimed. After four years, the fire which destroyed the Plaintiff's premises at 83 West Street in New Britain, Connecticut on or about July 7-8, 2001, remains a fire of undetermined origin. No one has been arrested or charged by the New Britain Police Department

or the New Britain Fire Marshal's office with setting the fire or directing or requesting someone to set the fire.  Despite having no evidence that Plaintiff set the fire or directed it to be set, Defendant Nationwide refuses to pay the claim on the grounds of alleged arson by the insured.  Prior to the fire, the Defendant requested the Plaintiff to increase the amount of insurance on the premises and the Plaintiff complied by increasing the insurance to the specific amount requested by the Defendant and paying the premium therefor.  After four years of investigation, the Defendant, without any just cause, refuses to honor the claim, has in bad faith and without evidence charged the Plaintiff with arson, and has raised spurious defenses to avoid paying the amounts due under its policy.  The Defendant's policy provides coverage if the fire was set by persons unknown, provided that such persons were not acting at the direction or request of the Plaintiff.

In support of his Motion, the Plaintiff submits the attached Memorandum, the Affidavit of Tomasz Mierzejewski dated October 28, 2005,, excerpts of the deposition testimony of Defendant's claims investigator, Charles A. Meyers, and Defendant's investigator, Jason Mumbach, Plaintiff;s Expert' Report dated April 11, 2005 of Michael J. Driscoll, and  Local Rule 9© Statement.

For the foregoing reasons, Plaintiff, Tomasz Mierzejewski, respectfully requests that the Court enter summary judgment in its favor and against the Defendant Nationwide.

PLAINTIFF, Tomasz Mierzejewski

BY_____/s/_____
Juri E. Taalman, Esq.
BRIGNOLE BUSH & LEWIS
73 Wadsworth Street
Hartford, Connecticut  06106
(860) 527-9973
CT 09377

**O R D E R**

The foregoing Motion for Partial Summary Judgment on Defendant's Special Defense of Arson having been heard by the Court, the same is hereby:

**GRANTED / DENIED**

**BY THE COURT**:

_____
Judge / Clerk

3

**CERTIFICATION**

    THIS IS TO CERTIFY that a copy of the foregoing was mailed this 31st day of October, 2005, postage prepaid to the following counsel and all pro se parties of record:

Charles E. Hickey, Esq.
Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, Connecticut 06032-3084
(860) 677-0551
(860) 677-1147 (fax)

                                                                           _____/s/_____
                                                                           Juri E. Taalman, Esq.