UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants | ) | October 28, 2005 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S
SPECIAL DEFENSE OF ARSON**

**I.    FACTUAL BACKGROUND**

On July 7-8, 2001, a fire occurred on premises owned by the Plaintiff, Tomasz Mierzejewski located at 83 West Street, New Britain, Connecticut. The property destroyed by the fire was a three-story, three family residential building that was being renovated by the Plaintiff, part of which building was to be used as a residence for Plaintiff's own family, with the rest to be rental property. The Defendant Nationwide Insurance Company provided fire insurance on the premises. Prior to the fire, Nationwide recalculated the value of the building after renovations and thereafter Nationwide requested that the Plaintiff increase his present fire insurance coverage from, which the Plaintiff promptly did, paying the additional premium to the Defendant. See Deposition, Jason Mumbach, May 18, 2005, p111, Exh 9

After the fire, Nationwide attempted in every way possible to claim that the Plaintiff had personally set the fire or had directed that the fire be set in order to collect the insurance proceeds. Four (4) years have elapsed since July 7-8, 2001, and the Defendant has not produced a scintilla of evidence that Tomasz Mierzejewski either set the fire, or directed others to set the fire. Neither the Police Department nor the Fire Marshal's office have any evidence that the fire was set by Tomasz Mierzejewski or someone acting on his behalf. More than four years have passed and no one has been charged with setting the fire and no one has been arrested. The failure of the Defendants to produce *any* evidence whatsoever that the Plaintiff committed arson, requires that summary judgment as to liability enter in favor of the Plaintiff, Tomasz Mierzejewski and against Defendant Nationwide for the fire loss the Plaintiff sustained, which loss was covered by the Defendant's policy then fully in effect, with an increased amount of coverage specifically requested by the Defendant.

II.     **LEGAL ARGUMENT**.

    A.     **Standard of Review**

"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law ... and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.... A

material fact ... [is] a fact which will make a difference in the result of the case.... A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) Anderson v. Schoenhorn, 89 Conn.App. 666, 670, 874 A.2d 798 (2005).

"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts ... which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Reynolds v. Chrysler First Commercial Corp., 40 Conn.App. 725, 729, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). Expressions of the nonmovant's feelings and beliefs regarding the facts in issue are not sufficient. Id., 732-33.

"As the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). Likewise, "[t]he existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) DeCorso v. Watchtower Bible & Tract Society of New York, Inc., 78 Conn.App. 865, 871, 829 A.2d 38, cert. denied, 266 Conn. 931, 837 A.2d 805 (2003).

Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©. The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. *See*

3

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the court must construe the facts in the light most favorable to the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and all reasonable inferences and ambiguities must be resolved against the non-moving party. Flanigan v. Gen. Elec. Co., 242 F.3d 78, 83 (2nd Cir.2001). The court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

> **B.    Summary Judgment on the Issue of Liability on A Fire Insurance Policy is Appropriate Where the Plaintiff Insured on Personal Knowledge Submits an Affidavit that He Did Not Set the Fire or Direct Someone Else to Set the Fire That Destroyed the Insured Property, and the Defendant Insurance Company, Claiming Arson By Its Insured, Fails to Produce Any Concrete Evidence That the Insured Committed Arson.**

In case of a total loss by fire or natural disaster of the [real] property insured, a property insurance policy other than for flood and earthquake insurance shall be held and considered to be a liquidated demand against the company taking the risk for the full amount stated in the policy or the full amount upon which the company charges, collects, or receives a premium. St. Paul Reinsurance Co., Inc. v. Irons 345 Ark. 187, 190-191, 45 S.W.3d 366 (Ark.,2001)  The agents of the company have the opportunity to inspect the property fully before taking the insurance and

fixing the amount of the premiums. It is the valuation fixed in advance by the parties by way of liquidated damages in case of a total loss by fire of the property insured without the fault of the insurer. <u>Tedford v. Security State Fire Ins. Co.</u>, 224 Ark. 1047, 1049, 278 S.W.2d 89 (1955)

In <u>St. Paul Reinsurance Co., Inc. v. Irons</u>, supra, 345 Ark. 189, a fire completely destroyed the insured's business. After detecting the presence of diesel fuel in the building, investigators determined that the fire was the result of arson. No arrests were ever made in connection with the fire. Insured sought and obtained payment on policy.

In <u>Sumrall v. Providence Washington Insurance Company</u>, 221 La. 633, 60 So.2d 68 (1952) the Court noted:

> "Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.

Given the undisputed facts in this case (see Plaintiff's 9© Notice) and the evidence presented by the Plaintiff, Tomasz Mierzejewski, it is clear that the Defendant has no evidence that would warrant a finding that the Plaintiff is responsible for the fire. The building at 83 West Street was totally destroyed by the fire. It cannot be shown by the Defendant that third parties, vagrants or vandals, did not break into the building and cause the damage. Non-incendiary

5

causes cannot be ruled out. There is no evidence that Plaintiff himself set the fire or that anyone else set the fire at the Plaintiff's request or direction. The police and fire marshal have made no arrests. No charges have been brought against anyone, including the Plaintiff. See Depo of Charles Meyers, II, June 17, 2005, pp. 179-180. More than four (4) years have elapsed from the time of the fire, and the fire cause still remains of undetermined origin. The Plaintiff has paid the premium on a policy which was increased at the request of the Defendant's underwriters. The policy was in full force and effect at the time of the fire. The policy insured the Plaintiff's premises at 83 West Street for fire loss, even if that loss were caused by third parties, unless such parties acted on the direction or request of the Plaintiff.

The insurance carrier has no evidence that shows that the Plaintiff set the fire or caused it to be set. Plaintiff's financial condition at the time of the fire was such that he was able to obtain a line of credit in the amount of $70,000 to perform renovations on the building and had almost completed same when the fire occurred. Defendant cannot dispute that the policy that it had instructed the Plaintiff to obtain was in full force and effect and that the Plaintiff had paid the increased premium required. It is unlikely that any evidence will be obtained by the Fire Marshal or the police in the future, since more than four years have passed since the date of the fire, and no one, including the Plaintiff, has been charged or arrested for it.

Without sufficient evidence shown by counter-affidavits and admissible documents

directly implicating the Plaintiff as being responsible for the fire, the defense of arson must be removed from the case.  The defendant must meet the preponderance of evidence test set forth in Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 183, 540 A.2d 693 (1988). See also Souper Spud, Inc. v. Aetna Casualty & Surety Co., 5 Conn.App. 579, 581, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986). "[I]n order to establish a prima facie case of arson for purposes of denying coverage under an insurance policy, the insurer must establish that the fire was incendiary, that the insured ... had an opportunity to cause the fire, and that [the insured] had a motive for setting the fire.... These elements must be proved by a preponderance of the evidence, which evidence may be either direct or circumstantial." (Citation omitted.) Souper Spud, Inc. v. Aetna Casualty & Surety Co., supra, at 585, 501 A.2d 1214.

     Some courts from other jurisdictions have noted that  "arson by an insured to collect insurance premiums (sic, insurance proceeds) is a 'species of fraud' and as such must be proven by clear and convincing evidence." Godwin v. Farmers Ins. Co. of Amer., 129 Ariz. 416, 418-419, 631 P.2d 571 (1981). "When proof of defense of arson to fire insurance claim is circumstantial, evidence must be so convincing that it will sustain no other reasonable hypothesis but that insured was responsible for the fire." Baghramain v. MFA Mut. Ins. Co., La.App.1975, 315 So.2d 849, writ denied 320 So.2d 207 and 209 [La.] Wallace v. State Farm Fire & Cas. Ins. Co., 345 So.2d 1004 (La.App.1977.  In fact, the Supreme Court of Connecticut has observed that

7

most of the jurisdictions, like Connecticut, which hold that the defense of arson in a civil case is proved by a preponderance of the evidence also follow the rule that fraud must be proven by clear and convincing evidence. See e. g., <u>Verrastro v. Middlesex Ins. Co.</u> 207 Conn. 179, 181-182, 540 A.2d 693 (1988). See also, <u>Werner's Furniture, Inc. v. Commercial Union Insurance Co.</u>, 39 Ill.App.3d 59, 349 N.E.2d 616 (1976); George v. Travelers Indemn. Co., 81 Mich.App. 106, 265 N.W.2d 59 (1978); <u>Quast v. Prudential Property & Cas. Co.</u>, 267 N.W.2d 493 (Minn.1978); <u>Pacific Ins. Co. v. Frank</u>, 452 P.2d 794 (Okl.1969); Great American Ins. Co. v. KW Log. Inc., 22 Wash.App. 468, 591 P.2d 457 (1979); <u>Klayman v. Aetna</u> Casualty Co., (Colo.App.) 501 P.2d 750 (1972); <u>Honeycutt v. Aetna Casualty Ins. Co.</u>, 510 F.2d 340 (7th Cir. 1975) cert. den. 421 U.S. 1101, 95 S.Ct. 2416, 44 L.Ed.2d 679 (1975).

     The undisputed facts shown in Plaintiff's Local Rule 9 (c) Statement, together with the evidence set forth by the Plaintiff in his motion for summary judgment, provide a *compelling* showing that the Plaintiff is entitled to partial summary judgment on the defense of arson  There is no genuine issue of material fact to be tried on the issue of arson committed by or on behalf of the Plaintiff. The Defendant has, and can present no evidence, either by the "preponderance or convincing" evidence standard that the Plaintiff set the fire or directed someone to set it, and did this for the purpose perpetrating an insurance fraud. See <u>Aetna Casualty & Surety Co. v. Pizza Connection, Inc.</u>, 1997 WL 403157 (copy attached). In <u>Aetna Casualty& Surety Co</u>, supra, the

8

Court found that even though defendant's experts testified that accelerants were used, no analysis was made to find out what type of accelerant was present; what set off the fire alarm; and even though there was evidence of motive and of the opportunity to commit the crime by plaintiff's father, who was seen near the restaurant before the fire, such evidence was found by the court to be "totally insufficient to sustain the [insurer's] burden of proof that the fire loss was as a result of arson at the direction of the [insured]." Id. at *3.

    The Defendant has failed to meet its burden of proof on the civil arson defense it has raised in this case.  Accordingly, partial summary judgment on the Defendant's defense of arson should enter for the Plaintiff, with a finding  that the Defendant has, as a matter of law,  failed to show that the premises burden by reason of arson and insurance fraud committed  by the Plaintiff or at his direction. Summary judgment must enter against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, supra, 477 U.S. a t 322.

    Defendants' other defense, based on allegations of material misrepresentation, is a  matter for separate disposition and will also be shown to be without foundation.  Defendant itself  has brought a motion for summary judgment, claiming, *inter alia*, that the Plaintiff wilfully misrepresented his Proof of Loss subsequent to the fire.  That motion is currently pending and Plaintiff, having obtained an extension of time to do so,  is in the process of responding to the

same.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, the Plaintiff moves that his Motion for Partial Summary Judgment on the Defendant's Special Defense of Arson be GRANTED.

                                        PLAINTIFF, Tomasz Mierzejewski

                    BY_____/s/_____
                                      Juri E. Taalman, Esq.
                                      BRIGNOLE BUSH & LEWIS
                                      73 Wadsworth Street
                                      Hartford, Connecticut  06106
                                      (860) 527-9973
                                      CT 09377

**CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was sent by facsimile and mailed this 31st day of October, 2005, postage prepaid to the following counsel and all pro se parties of record:

Charles E. Hickey, Esq.
Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, Connecticut 06032-3084
(860) 677-0551
(860) 677-1147 (fax)

                                                      /s/
                                           Juri E. Taalman, Esq.