Westlaw.

Not Reported in A.2d

Not Reported in A.2d, 1997 WL 403157 (Conn.Super.)

(Cite as: 1997 WL 403157 (Conn.Super.))

Page 1

H
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
AETNA CASUALTY AND SURETY CO.
v.
PIZZA CONNECTION, INC.
No. CV 92511039.

July 8, 1997.

MEMORANDUM OF DECISION

FREED.

*1 These consolidated cases concern the same issues, i.e. whether or not Aetna Casualty and Surety Co. (Aetna) is liable on a fire insurance policy to Pizza Connection, Inc. arising out of a fire which occurred on June 16, 1991 at 99 Maple Avenue in Hartford.

The parties have tried the case of *Aetna Casualty and Surety Co. v. Pizza Connection, Inc.*, and have stipulated that the decision concerning the issue of Aetna's liability in that case is binding as to the second file of *Pizza Connection, Inc. v. Aetna Casualty and Surety Co.* The issue of damages, if any, was reserved for further proceedings.

Aetna's assertion that it is not liable for the loss is based essentially on two claims: (1) that the fire was intentionally set by Joseph Citino, the primary stockholder of Pizza Connection, Inc. (or was set by someone else at his direction); (2) Joseph Citino violated the terms of the policy by misrepresenting to Aetna that he intended, after the fire, to return to the business at its then location, when, in fact, he did not. Basically, both of these claims are claims of fraud, which indisputably, if satisfied as to proof, could defeat any claims under the policy.

The insurer's burden is to prove by a preponderance of evidence its allegations of fraud so as to relieve it of liability under the terms of the policy. *Rego v. Connecticut Insurance Placement Facility,* 219 Conn. 339, 593 A.2d 491 (1991).

The court will address Aetna's second claim first, i.e. that Joseph Citino misrepresented his intent to return the business at its Maple Ave. Location.

Such a misrepresentation would be sufficient for the denial of the claim if it was relevant and germane to Aetna's investigation. The court need not decide this question, however, since it has reached the conclusion that Aetna did not sustain its burden of proof that Joseph Citino misrepresented his intention to reopen the business at the location of the fire. The only evidence which supports Aetna's claim is Citino's lack of contact with his landlord, and the fact that Citino reopened at a different location. Citino testified, however, that he changed his mind and decided to reopen a smaller restaurant because Aetna refused to pay his fire claim and he didn't have sufficient funds to reopen at the original location. Since the fact of non payment is not denied, the court accepts this explanation.

Aetna claims that the fire was as a result of arson perpetrated by someone at the direction of Joseph Citino.

To support this contention, Aetna presented the testimony of several expert witnesses, including Thomas Goodrow, Vaughn Modine, and James Kelly. Modine testified that the fire was not electrical in origin. Kelly and Goodrow had investigated the fire on behalf of the Hartford fire and police departments. Neither had any records of their investigations. Each was of the opinion that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Not Reported in A.2d, 1997 WL 403157 (Conn.Super.)

**(Cite as: 1997 WL 403157 (Conn.Super.))**

Page 2

an accelerant was used, although no analysis was made to find out what type of accelerant, if any, was present.

*2 Aetna also claims that the evidence established that the alarm was activated by someone who entered the restaurant with a key (Officer Huertes). This testimony was contradicted by Peter Pagani of Sonitrol, the alarm company on the premises. He indicated that the alarm was set off by a motion detector which was activated either by heat or body motion.

Although members of the Citino family had keys, there is no evidence that entry was actually gained with a key. It is just as likely that the fire itself set off the alarm as it is that the alarm was set off by an individual.

While the court acknowledges that there was evidence of Joseph Citino's motive and of the opportunity to commit the crime by his father, Frank Citino, who was seen near the restaurant a few hours before the fire, such evidence, in the opinion of the court, is totally insufficient to sustain the plaintiff's **burden** of **proof** that the fire loss was as a result of **arson** at the direction of Joseph Citino.

For these reasons, the court finds the issues for the defendant in file # 92-5110039, and in favor of the plaintiff in file # 93-5266281.

Not Reported in A.2d, 1997 WL 403157 (Conn.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.