# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants | ) | October 28, 2005 |

## LOCAL RULE 9 (C) STATEMENT

There is no genuine issue of fact as to the following:

1. The Defendant had a policy of insurance [policy no.] with the Plaintiff which was in full force and effect on or about July 8, 2001, and which insured the Plaintiff's premises and the contents thereof located at 83 West Street in New Britain, Connecticut against loss and damage by fire.

2. That the Plaintiff's building at 83 West Street was totally destroyed by fire on the night of July 7-8, 2001.

3. The Plaintiff is the sole beneficiary under the aforementioned policy of fire insurance issued by the Defendant covering the premises and its contents located at 83 West Street, New Britain, Connecticut.

4. That the Defendant has no evidence that the Plaintiff, Tomasz Mierzejewski, set the fire which occurred at 83 West Street on or about July 8, 2001.

5. That the Defendant has no evidence that the Plaintiff, Tomasz Mierzejewski, directed anyone to set the fire which occurred at 83 West Street on or about July 8, 2001.

6. That the Fire Marshal of the City of New Britain has no evidence that the Plaintiff, Tomasz Mierzejewski, set the fire which occurred at 83 West Street on or about July 8, 2001.

7. That the Fire Marshal of the City of New Britain has no evidence that the Plaintiff, Tomasz Mierzejewski, directed anyone to set the fire which occurred at 83 West Street on or about July 8, 2001.

8. That the Police Department of New Britain has no evidence that the Plaintiff, Tomasz Mierzejewski, set the fire which occurred at 83 West Street on or about July 8, 2001.

9. That the Police Department of New Britain has no evidence that the Plaintiff, Tomasz Mierzejewski, directed anyone to set the fire which occurred at 83 West Street on or about July 8, 2001.

10. That to the present day, no person has been charged with setting the fire which occurred at 83 West Street on or about July 8, 2001.

11. That to the present day, no person has been arrested for setting the fire which occurred at 83 West Street on or about July 8, 2001.

12 That to the present day, no person has been charged with directing or ordering anyone to set the fire which occurred at 83 West Street on or about July 8, 2001.

13. That to the present day, no person has been arrested for directing or ordering anyone to set the fire which occurred at 83 West Street on or about July 8, 2001.

14. That the Defendant's policy of fire insurance on the premises at 83 West Street covered fire loss deliberately or accidently occurring as the result of third persons, provided that such persons were not acting at the direction of or at the request of the insured..

15. That prior to the fire that occurred on or about July 8, 2001, the Defendant, through its agents servants and employees, requested that the Plaintiff increase the amount of insurance coverage on 83 West Street.

16. That the Plaintiff complied with the Defendant's request and increased the coverage on the premises at 83 West Street in the amount requested by the Defendant and paid the premium for said increased insurance to the Defendant.

                      PLAINTIFF, Tomasz Mierzejewski

BY_____/s/_____
       Juri E. Taalman, Esq.
       BRIGNOLE BUSH & LEWIS
       73 Wadsworth Street
       Hartford, Connecticut  06106
       (860) 527-9973
       CT 09377

**CERTIFICATION**

    THIS IS TO CERTIFY that a copy of the foregoing was mailed this 31st day of October, 2005, postage prepaid to the following counsel and all pro se parties of record:

Charles E. Hickey, Esq.
Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, Connecticut 06032-3084
(860) 677-0551
(860) 677-1147 (fax)


                                            _____/s/_____
                                                 Juri E. Taalman, Esq.