CONTINUED DEPOSITION OF CHARLES A. MEYERS, JR.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - -x

TOMASZ MIERZEJEWSKI,                    :

            Plaintiff                   :

        VS                              :    3:02CV752 (SRU)
                                             JUNE 17, 2005
NATIONWIDE MUTUAL FIRE                  :
INSURANCE COMPANY

            Defendant                   :

- - - - - - - - - - - - - - - - -x

COPY

VOLUME II


            (Continued) Deposition of CHARLES A.

MEYERS, JR., taken pursuant to Notice and in

accordance with Section 243 et seq. of the

Connecticut Practice Book at the Law Offices of

Brignole, Bush & Lewis, 73 Wadsworth Street,

Hartford, Connecticut, 06106, on Friday, June 17,

2005 at 9:15 a.m., before LOUISE E. BOUTEILLER,

LSR (License #SHR.270), Licensed Shorthand

Reporter and a Notary Public in the State of

Connecticut.

                    TETI REPORTING
                    170 Sonstrom Road
                    Bristol, CT   06010
                    (860) 584-6571

CONTINUED DEPOSITION OF CHARLES A. MEYERS, JR.    179

20

1                  objection.

2                      MR. FELDMAN:  All right.

3                      MR. TAALMAN:  It's already answered.

4      BY MR. TAALMAN:

5          Q     Mr. Meyers, do you have any evidence

6      indicating that any specifically named individual

7      committed arson or conspired to commit arson on the

8      premises of 83 West Main Street?

9          A     (No response.)

10                     MR. FELDMAN:  Object to the form for

11                 use of the word "evidence" being a legal

12                 conclusion.

13                     THE WITNESS:  Can you rephrase the

14                 question or --

15     BY MR. TAALMAN:

16         Q     Do you have any evidence in your file

17     indicating that a specifically named individual

18     committed arson or conspired to commit arson on the

19     property at 83 West Street?

20                     MR. FELDMAN:  Objection to the form.

21                 Use of the word "evidence" is a legal

22                 conclusion.

23     BY MR. TAALMAN:

24         Q     Do you have any information or evidence?

25                     THE WITNESS:  I think you'd have to

CONTINUED DEPOSITION OF CHARLES A. MEYERS, JR.   180

1      look at the whole investigation.

2   BY MR. TAALMAN:

3      Q    My question is:  Do you have any knowledge

4   of any specifically named individual?

5      A    No.

6      Q    Has your investigation into the fire

7   eliminated the possibility that it could have been

8   started by vandals or by some person who broke in and

9   set the fire?

10      A    I'm sorry, could you repeat that?

11      Q    In your investigation do you have any

12   evidence that would eliminate the possibility that

13   somebody broke into the building at 83 West Street and

14   started the fire, whether accidentally or intentionally?

15                  MR. FELDMAN:  I'm going to object to

16              the form on the grounds of the use of the

17              word "possibility" in the sense that

18              "possibility" could mean any possible,

19              remote possible --

20                  MR. TAALMAN:  Now, you're objecting

21              on merits?

22                  MR. FELDMAN:  I'm not even -- you're

23              interfering with what I'm saying.

24              I'm saying that no, I'm objecting to

25              the form using the word "possibility."  I'm

CONTINUED DEPOSITION OF CHARLES A. MEYERS, JR.    210

6    1                    C E R T I F I C A T E

2

3            I hereby certify that I am a Notary Public, in and

4    for the State of Connecticut, duly commissioned and

5    qualified to administer oaths.

6            I further certify that the deponent named in the

7    foregoing deposition was by me duly sworn, and thereupon

8    testified as appears in the foregoing deposition; that

9    said deposition was taken by me stenographically in the

10   presence of counsel and reduced to typewriting under my

11   direction, and the foregoing is a true and accurate

12   transcript of the testimony.

13           I further certify that I am neither of counsel nor

14   attorney to either of the parties to said suit, nor of

15   either counsel in said suit, nor am I interested in the

16   outcome of said cause.

17           Witness my hand and seal as Notary Public this

18   28th day of June, 2005.

19

20

21

22                              LOUISE E. BOUTEILLER
                                  Notary Public
23

My commission expires:
24

January 31, 2009
25

MIERZEJEWSKI VS NATIONWIDE    Condensed It™    DEPO OF CHARLES A. MEYERS, JR.

Case 3:02-cv-00752-SRU    Document ...    Filed 1...    Page ...

Page 78

```
 1
 2              UNITED STATES DISTRICT COURT
 3              DISTRICT OF CONNECTICUT
 4    - - - - - - - - - - - - - - - - - -x
 5    TOMASZ MIERZEJEWSKI,              :
 6              Plaintiff             :
 7         VS              :  3:02CV752 (SRU)
                              JUNE 17, 2005
 8    NATIONWIDE MUTUAL FIRE          :
      INSURANCE COMPANY
 9              Defendant            :
10    - - - - - - - - - - - - - - - - - -x
11              VOLUME II
12
13         (Continued) Deposition of CHARLES A.
14    MEYERS, JR., taken pursuant to Notice and in
15    accordance with Section 243 et seq. of the
16    Connecticut Practice Book at the Law Offices of
17    Brignole, Bush & Lewis, 73 Wadsworth Street,
18    Hartford, Connecticut, 06106, on Friday, June 17,
19    2005 at 9:15 a.m., before LOUISE E. BOUTEILLER,
20    LSR (License #SHR.270), Licensed Shorthand
21    Reporter and a Notary Public in the State of
22    Connecticut.
23                   TETI REPORTING
                     170 Sonstrom Road
24                   Bristol, CT  06010
                     (860) 584-6571
25
```

Page 79

```
 1
 2   A P P E A R A N C E S:
 3   LAW OFFICES OF BRIGNOLE, BUSH & LEWIS
     BY:  JURI E. TAALMAN, ESQ.
 4        73 Wadsworth Street
 5        Hartford, Connecticut 06106
 6        Representing the Plaintiff
 7   LAW OFFICES OF FELDMAN & HICKEY, LLC
     BY:  MICHAEL FELDMAN, ESQ.
 8        10 Waterside Drive, Suite 303
 9        Farmington, Connecticut 06032
10        Representing the Defendant
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 80

```
 1
 2
 3              S T I P U L A T I O N S
 4
 5         IT IS HEREBY STIPULATED AND AGREED by
 6   and between counsel for the respective parties
 7   hereto, that all technicalities as to the proof of
 8   the official character of the authority before
 9   whom the deposition is to be taken are waived.
10
11         IT IS FURTHER STIPULATED AND AGREED by
12   and between counsel for the respective parties
13   hereto, that the deposition may be signed by the
14   deponent before any Notary Public or Commissioner
15   of the Superior Court.
16
17         IT IS FURTHER STIPULATED AND AGREED by
18   and between counsel for the respective parties
19   hereto, that all objections, except as to form,
20   are reserved to the time of trial.
21
22                   o0o
23
24
25
```

Page 81

```
 1   C H A R L E S   A    M E Y E R S    J.R.,
 2   of Nationwide Insurance Company, 500 Enterprise
 3   Drive, Suite 3B, Rocky Hill, Connecticut, 06067,
 4   having been duly sworn by LOUISE E. BOUTEILLER, a
 5   Licensed Shorthand Reporter and a Notary Public in
 6   and for the State of Connecticut, was examined and
 7   further testified as follows:
 8   (CONTINUED) DIRECT EXAMINATION
 9   BY MR. TAALMAN:
10      Q  Mr. Meyers, you're still under oath, of
11   course, from your deposition.  This is a continuation of
12   the deposition we took of you on May 18th.
13      A  Yes.
14      Q  Do you recall that?
15         We had that deposition for a couple of hours
16   on May 18th and I'd like to ask you right now.
17         Have you had an opportunity to read the
18   deposition and to make any corrections in it?
19      A  No, I have not.
20      Q  So, despite the fact that you haven't read
21   the transcript that's been provided so far, is there
22   anything that you recall from that deposition that you
23   would like to change or to modify or to explain at this
24   point?
25      A  No, I do not, not at this point.
```

## Page 190

1 started this fire or to have directed someone else to
2 start the fire, the case remains in somewhat limbo.
3          MR. FELDMAN: Objection to the form,
4      I think you're mischaracterizing his prior
5      testimony.
6 BY MR. TAALMAN:
7    Q   Where the situation is where it is at the
8 present time, if no one has been identified as starting
9 the fire, no one has been charged, right, to your
10 knowledge?
11   A   To the best of my knowledge, no.
12          MR. FELDMAN: Objection to the form.
13          MR. TAALMAN: All right. He can
14      answer.
15          MR. FELDMAN: Whether someone has
16      been charged, arrested or convicted is not
17      admissible or relevant in this case.
18          MR. TAALMAN: Well, that is not the
19      form of the question, that goes to the
20      essence and the merits of the question and
21      evidence; but, what I'm asking you is this:
22      When does Nationwide determine whether it
23      pays a claim or not if the claim remains in
24      this status, as this case is right now?
25          THE WITNESS: I don't think anything

## Page 191

1      has changed from the date of that letter
2      based on the overall investigation that was
3      done on this file.
4 BY MR. TAALMAN:
5    Q   So, in other words if nothing else comes to
6 develop in this case at all, Nationwide will never pay
7 the claim?
8    A   Such as what, such as somebody admitting
9 that they set the fire?
10   Q   Or that other people may have come forward
11 and said that other people have set the fire?
12   A   I don't think that's a credible question.
13   Q   Oh.
14   A   I mean, ask the question that you want to
15 ask.
16   Q   I'm saying at what point, if any, would
17 Nationwide pay a claim when the case is in this status
18 after four years and there's still no determination that
19 your insured set the fire. There's no one else that's
20 been identified as being involved in setting the fire.
21 When do you pay the claim or don't you pay it?
22   A   If we got some kind of evidence showing that
23 Mr. Mierzejewski had nothing to do with this, of course,
24 we would pay the claim.
25      We're not in the business to not pay claims.

## Page 192

1    Q   So that if the case remains in this status,
2 you don't pay the claim?
3    A   That's correct.
4    Q   And there's no policy of Nationwide where
5 they would pay a claim of this sort and then seek to
6 recover it, if turns out that a later person is
7 identified and that person is the insured?
8    A   I'm sorry, could you rephrase that or
9 restate that?
10   Q   In other words Nationwide doesn't have a
11 policy that when a situation like this where there's no
12 identification of a specific individual as having set
13 the fire, does Nationwide have any policy at all that
14 after four years they pay the claim and then if other
15 information comes at a later time, they seek to recover
16 it from the person responsible?
17   A   There's no policy that I know of that talks
18 about time lines.
19   Q   Has that ever happened in the past where
20 Nationwide has paid a claim where no identified
21 incineary suspect has been determined?
22   A   I'm sure it has.
23   Q   Then what is the problem with this case?
24 Why is it that they're not paying it now?
25   A   Because if you look at the overall evidence,

## Page 193

1 it still goes back to the conclusions made in that
2 letter dated January 25th, 2002.
3    Q   Does the decision to pay the claim rest with
4 the person who's the large -- and I'm getting the title
5 or?
6    A   Large loss.
7    Q   Large loss adjuster. Does it rest with him
8 or does it rest higher up?
9    A   No, there would have been a conference done
10 to verify before that decision was made. I do not have
11 the authority to make that decision by myself.
12   Q   Do you know if that decision has ever been
13 considered by Nationwide?
14          MR. FELDMAN: Considered?
15          THE WITNESS: Considered.
16 BY MR. TAALMAN:
17   Q   In other words there's been a conference as
18 to whether or not they should do this, pay the claim and
19 if evidence is developed that determines who is
20 responsible, seek to recover it from the party who is
21 responsible?
22   A   There's been multiple conferences on this
23 file. I don't recall that conversation taking place.
24   Q   Have you ever heard of a person by the name
25 of "Irizarry"?

## Page 210

```
 1       C E R T I F I C A T E
 2
 3     I hereby certify that I am a Notary Public, in and
 4  for the State of Connecticut, duly commissioned and
 5  qualified to administer oaths.
 6     I further certify that the deponent named in the
 7  foregoing deposition was by me duly sworn, and thereupon
 8  testified as appears in the foregoing deposition; that
 9  said deposition was taken by me stenographically in the
10  presence of counsel and reduced to typewriting under my
11  direction, and the foregoing is a true and accurate
12  transcript of the testimony.
13     I further certify that I am neither of counsel nor
14  attorney to either of the parties to said suit, nor of
15  either counsel in said suit, nor am I interested in the
16  outcome of said cause.
17     Witness my hand and seal as Notary Public this
18  28th day of June, 2005.
19
20
21
22        LOUISE E. BOUTEILLER
          Notary Public
23  My commission expires:
24  January 31, 2009
25
```

## Page 211

```
 1          INDEX
 2                        PAGE
 3  (Continued) Direct Examination by Mr.
    Taalman          81
 4
 5
...
25
```

## Page 212

```
 1              EXHIBIT INDEX
 2  (Continued)
    PLAINTIFF'S EXHIBITS
 3  FOR IDENTIFICATION:     DESCRIPTION     PAGE
 4  Four-page cover letter with Table
    of Contents regarding real
 5  estate appraisal 9/7/01 by John
    Lo Monte          13        142
 6
    Letter dated 8/30/01 to Tomasz
 7  Mierzejewski from Charles Meyers  14   146
 8  Letter dated 12/7/01 from Meyers to
    Mierzejewski           15        150
 9
    Sworn statement In Proof of Loss   16   152
10
    Amended Sworn Statement in Proof
11  of Loss              17        153
12  Letter from Attorney Brignole    18   158
13  Letter date 1/25/02          19   161
14        * * * * * *
15  Exhibits retained by Attorney Taalman.
16
...
25
```

1              UNITED STATES DISTRICT COURT

2               DISTRICT OF CONNECTICUT

3

4  TOMASZ MIERZEJEWSKI      )   CIVIL ACTION NUMBER
                      )   3:02 CV 752 (SRU)
5          Plaintiff    )
         vs           )
6                   )   MAY 18, 2005
  NATIONWIDE MUTUAL FIRE   )
7  INSURANCE COMPANY      )
                   )   **COPY**
8         Defendant    )

9

10

11

12

13            Deposition of JASON MUMBACH, taken

14  pursuant to Notice and in accordance with Section

15  13-26, et seq. of the Practice Book, at the law

16  offices of Brignole, Bush & Lewis, 73 Wadsworth

17  Street, Hartford, Connecticut on Wednesday,

18  May 18, 205 at 10:00 a.m., before Jean M. DePasqua,

19  LSR, License No. 00271, a Licensed Shorthand

20  Reporter and a Notary Public in the State of

21  Connecticut.

22

23

24              TETI REPORTING
              170 Sonstrom Road
25         Bristol, Connecticut 06010
              (860) 584-6571

                                     1

would ask to increase the insurance to two hundred and --

1

2          MR. FELDMAN:  I'm going to object

3  to this line of questioning because you're

4  confusing basic principles of valuation of

5  a house between a fair market or actual

6  cash value versus the replacement cost.

7          MR. TAALMAN:  I'm not doing anything

8  of the sort.

9          MR. FELDMAN:  You're leading the

10  witness.

11          MR. TAALMAN:  No, I'm not.

12  Listen.  You take a look at this.  Did

13  you ever see this information?

14          MR. FELDMAN:  Could we mark that,

15  please.  If you're going to have him see

16  it I want it marked.  Mark it first.

17          (PLAINTIFF'S EXHIBIT 9 FOR

18  IDENTIFICATION was marked.)

19          THE WITNESS:  This is the first time

20  I'm seeing this piece of mail.

21  BY MR. TAALMAN:

22          Q     Did you talk to Vic Koziura with respect to

23  how much Nationwide insured the premises for at any time in

24  your investigation?

25          A     I'm not sure if I spoke to Vic directly or

111

1          A      I don't know if that's in my investigative

2   file or if that's in Chip's file --

3                      MR. FELDMAN:  Or the agent's file.

4                      THE WITNESS:  -- or the agent's.

5   BY MR. TAALMAN:

6          Q      But there's no evidence that Mr.

7   Mierzejewski himself requested that the insurance be

8   increased prior to the fire?

9          A      I don't know.

10         Q      And the loss report that you've indicated

11  that was part of one of the exhibits indicated that the

12  dwelling was insured for $221,346, correct?

13         A      Again, I would defer to Mr. Meyers as to the

14  interpretation but it indicates that the replacement cost

15  was $221,000 and change.

16         Q      To date, are you aware that Mr. Mierzejewski

17  has not been charged by anyone with setting the fire, the

18  New Britain Police Department or the fire department or

19  anyone else, are you aware of that?

20         A      I don't think he's been charged, no.

21         Q      Are you also aware of the fact that no one

22  has been charged with setting the fire to this date by

23  anyone?

24         A      No, I'm not aware of anyone being charged.

25                      MR. FELDMAN:  Criminally charged.

                                                          134

1        Q        Has anything else come to your attention in

2   that time?

3                        MR. FELDMAN:  When?

4                        MR. TAALMAN:  Since say January of 2002

5                        to the present time that would indicate who

6                        might have set the fire or given you any

7                        information regarding the circumstances of

8                        the fire?

9                        THE WITNESS:  I believe there was some

10                       information in your expert witness dis-

11                       closure that you filed with the court that

12                       I was unaware of.

13  BY MR. TAALMAN:

14       Q        What was that information?

15       A        It referenced a person's name that I hadn't

16  seen before and I'd have to look at it to jog my memory.

17       Q        In your investigation did any witness that

18  you talked to indicate that they saw a person or persons

19  near the site of the fire that were suspicious in any way?

20       A        Witnesses?

21                       MR. FELDMAN:  It's been asked

22                       already.

23                       MR. TAALMAN:  Yes.

24                       THE WITNESS:  I don't believe I had

25                       any witness -- I believe I testified that

137

1                        the fire marshal had given me some indi-

2                        cation.  You had asked a question about a

3                        person taking pictures in a car but --

4   BY MR. TAALMAN:

5        Q       But I'm asking in any of your interviews did

6   you learn of any person or persons that were considered by

7   the people you interviewed as suspicious and who might have

8   been involved in the fire?

9        A       No.

10                       MR. TAALMAN:  I have no further

11                       questions.

12                       MR. FELDMAN:  No questions.

13                       (Whereupon, the witness was excused

14                       and the deposition adjourned at 1:30

15                       p.m. on Friday, May 18, 2005.)

16

17

18                                   _____

                                     JASON MUMBACH

19  STATE OF CONNECTICUT )
                          ) ss.
20  COUNTY OF             )

21       Jason Mumbach personally appeared before me, made

22  oath and acknowledged the foregoing to be a true and

23  accurate transcript of his testimony given on the 18th day

24  of May, 2005.

25       Dated at _____, Connecticut,

                                                      138

1                          C E R T I F I C A T I O N

2          I hereby certify that I am a Notary Public, in and

3     for the State of Connecticut, duly commissioned and

4     qualified to administer oaths.

5          I further certify that the deponent named in the

6     foregoing deposition was by me duly sworn, and thereupon

7     testified as appears in the foregoing deposition; that said

8     deposition was taken by me stenographically in the presence

9     of counsel and reduced to typewriting under my direction;

10    and the foregoing is a true and accurate transcript of the

11    testimony.

12         I further certify that I am neither of ocunsel nor

13    attorney to either of the parties to said suit, nor of

14    either counsel in said suit, nor am I interested in the

15    outcome of said cause.

16         Witness my hand and seal as Notry Public this ____

17    day of _____, 2005.

18

19                          _____

20                          JEAN M. DePASQUA, Lic. No. 00271

21    My Commission Expires:

22    October 31, 2009

23

24

25

                                                           142

1                        I N D E X

2  Direct Examination by Mr. Taalman              Page 4

3   Cross Examination by Mr. Feldman              Page 100

4  Redirect Examination by Mr. Taalman            Page 104

5  Recross Examination by Mr. Feldman             Page 123

6  Redirect Examination by Mr. Taalman            Page 127

7

8

9                    E X H I B I T S

10 ON BEHALF OF THE PLAINTIFF:

11 No.      Description                    For Ident.

12  1       Notice of Deposition          Page 5

13  2       Photograph                    Page 33

14  3       Interview transcript          Page 46

15  4       Letter dated July 11, 2001    Page 46

16  5       Letter dated August 15, 2001  Page 48

17  6       Loss Report                   Page 48

18  7       Letter dated October 19, 2001 Page 60

19  8       Sylvester Report              Page 81

20  9       Review Fire Incoming Mail     Page 111

21 10       Appraisal                     Page 141

22 * The original exhibits were retained by Attorney Taalman.

23

24

25

143

Nationwide
Home Office:
One Nationwide Plaza
Columbus, OH 43215-2220

:30                    REVIEW FIRE INCOMING MAIL                03/22/01
                                                               AGENT A

    AOA PROCESSING DATE: 03/20/01              INSURED NAME/ADDRESS:
    REASON: GENERAL MESSAGE              TOMASZ MIERZEJEWSKI
                                         83 WEST ST
    TO  : AGENT # 06-0002270             NEW BRITAIN
    FROM: UNDERWRITER #     323          CT   06051-1406

    POLICY # 51HO289328

HI VIC, THE ADVANTEK RC, CAME UP MUCH HIGHER THAN YOURS, HOWEVER YOU ARE
WITHIN 10% OF THE INSPECTORS MEASURMENTS. YOU DID NOT ADD HARDWOOD FLOORS
TO THE RC OF THIS HOUSE. ANY HOUSE BUILT PRIOR TO THE 1950'S HAS A VERY
GOOD CHANCE OF HARDWOOD FLOORS. THE NEW RC IS 221346, PLEASE INCREASE COVG
TO 100% OF THE RC WITHIN 10 DAYS. THANKS ERIC 323

PRESS "D" TO DELETE MESSAGE, "R" TO RESPOND TO MESSAGE, OR <GO> TO CONTINUE





**Crawford**®
Investigation Services, Inc.
Fire & Forensic Unit
(800) 315-0383

PRIVILEGED AND CONFIDENTIAL

REPORT DATE:                    **April 11, 2005**

REPORT RECIPIENT:

                                Brignole & Bush, LLC

                                73 Wadsworth Street

                                Hartford, Connecticut 06106


ATTENTION:                      Mr. Juri E. Taalman, Esquire

---

INSURED:                        Tomasz Mierzejewski

DATE OF LOSS:                   Sunday, July 8, 2001        **Time:**    2:41 a.m.

LOSS LOCATION:                  83 West Street

CITY / STATE OF LOSS:           New Britain, Connecticut

CIVIL ACTION NUMBER:            302CV752 (SRU)

CIS FILE NUMBER:                7263-000246

PREPARED BY:                    Michael J. Driscoil
                                Certified Fire & Explosion Investigator

---

**File Status:**
            X      Supplemental Report
                   Initial Report
                   Interim report
                   Final report - File closed


THIS REPORT IS FURNISHED AS PRIVILEGED AND CONFIDENTIAL TO ADDRESSEE.
RELEASE TO ANY OTHER COMPANY, CONCERN, OR INDIVIDUAL IS SOLELY
THE RESPONSIBILITY OF ADDRESSEE.

Insured:    Tomasz Mierzejewski
File No.:    7263-000246                                                                              1

## INVESTIGATION ACTIVITY SUMMARY:

At the request of Attorney Taalman, I conducted a review of materials related to this fire loss, which included the New Britain Police Department file, the New Britain Fire Marshal's Office file, the Nationwide Insurance Company file, the transcript of investigator Mullen's deposition, and the deposition transcripts of Jacek Szkup, Renata Bodziak Mierzejewski, Andrzej Bakaj, Bogdan Krolik, and Czeslaw Gryczewski.

## ORIGIN & CAUSE SYNOPSIS:

Following the examination of the above-listed files and transcription reports and based on the information currently available to me, it is my opinion that this fire originated at the southeast, left rear, area of this building. I am not able to conclusively determine whether this fire originated on the exterior side of the building or on the unfinished interior side.

The ignition source for this fire is undetermined. According to the New Britain Fire Marshal's file, the local fire investigator, Timothy Stewart, has not changed the status of the cause determination from undetermined.

The first material ignited is undetermined.

The event that caused the union of the ignition source and the first material ignited is undetermined. A squatter or trespasser intentionally or non-intentionally igniting this fire could not be eliminated as a cause for this fire. The careless use of fireworks could not be eliminated as an ignition source for this fire.

Based on the information currently available, I am unable to conclusively determine a cause for this fire.

## FILE REVIEW:

### New Britain Police Department:

In my review of the New Britain Police Department investigation file related to this fire loss, a December 31, 2003, report indicated that an anonymous tip was received that indicated that **Edson Irizarry** of New Britain, Connecticut, was involved in setting this fire. The report indicated that Irizarry was incarcerated that the time of the report but was not incarcerated on the date of this fire.

A New Britain Police Department report dated May 19, 2004, indicated that investigators made contact with Irizarry and conducted an interview with him in which he denies any involvement in this fire. Irizarry indicated to the local investigators that he would submit to a polygraph examination.

The last report included in the New Britain Police Department file is dated May 19, 2004 and there is no indication that a polygraph examination was ever scheduled for Irizarry.

### New Britain Fire Marshal's Office File:

I reviewed the New Britain Fire Marshal's Office file that indicated that two samples were submitted to the State Forensic Laboratory for analysis. A laboratory report concerning the analysis of these samples was generated by the State of Connecticut Department of Public Safety Forensic Laboratory that indicated that Samples 1 and 2 contained the presence of medium boiling range organic compounds. No specific organic compound is listed in the state report.

No petroleum distillates such as diesel fuel or kerosene were listed in the state laboratory report.

My review of this file confirmed that an overhead crane was used to move fire debris from its original position to other areas immediately adjacent to the building.

I reviewed a video included in this file showing an accelerant detection canine at the fire scene. This accelerant detection canine alerted to a substance that was placed on the ground adjacent to a fence by the canine handler. At no other time during this video did the canine alert. An alert by the canine is identified when the canine sits and points to a location where the presence of an ignitable liquid may be present.

### Investigator Ronald Mullen's Deposition of March 23, 2004:

I reviewed the transcription of Investigator Mullen's deposition. In the transcript Investigator Mullen clarifies his identification of the area of fire origin to be the southeast corner area of the building.    Investigator Mullen indicates that a quantity of an ignitable material was used throughout the building and that he determined the fire cause to be intentional. There is no mention in this deposition or in Mullen's report of any indication of the presence of irregular patterns consistent with the application of and subsequent ignition of an ignitable liquid.

Investigator Mullen indicated that the scene altering that occurred during the local fire suppression and investigative activities did not impact his investigation. The use of heavy equipment moved the remaining fire debris and building components from their original location to other areas of the property and the adjacent property. The movement of the fire scene remains does impact a fire investigation.

Investigator Mullen also indicates that he made his determination based on, amongst other things, the fast, intense spread of the fire. This building interior was not finished and contained wood studded walls and ceilings that were not finished with drywall. An unfinished building that is not compartmentalized will burn differently and in a quicker fashion than one that is.

### Nationwide Insurance File:

I reviewed the contents of the Nationwide Insurance Company file related to this fire loss. It appears that an original insurance policy was issued for this property in the coverage amount of $162,200. It further appears in a memo from the underwriter to the insurance agent on March 20, 2001, that the underwriter requested an increase in the coverage amount to cover the replacement costs of the hardwood floors. The insurance coverage for the building was increased to $221,000.

### Jacek Szkup Deposition:

I reviewed the transcript of the Jacek Szkup deposition and within the material reviewed, Szkup indicated that someone slept under the stairs and that there were cigarette butts present there. He further indicated that he saw two people stick their heads out of the building windows approximately two days prior to the plumbers finishing work.

A squatter or someone trespassing within the building intentionally or non-intentionally igniting this fire could not be eliminated.

### Czeslaw Gryczewski Deposition:

I reviewed the transcript of the Czeslaw Gryczewski deposition and within the material reviewed, Gryczewski indicated that it appeared that someone was sleeping in the basement and that there were cigarette butts present there. He further indicated that fireworks were being used in all directions on and before July 4, 2001, and that they hit the roof and walls of the building.

This also provided evidence that a squatter or squatters were using the property and a trespasser intentionally or non-intentionally igniting this fire could not be eliminated. Further, careless use of

Insured:    Tomasz Mierzejewski                                                      **3**
File No.:    7263-000246

  fireworks have been known to cause building fires and such use in this case could not be eliminated as an ignition source for this fire.

**FILE STATUS:**

  At the present time and with no further investigation immediately anticipated, this file is being closed. Should future circumstances warrant, this file can be easily reopened to allow for additional investigation.

  If you have any questions or require further assistance, please contact me at the number listed below.

**Respectfully,**

Michael J. Driscoll
Certified Fire & Explosion Investigator
Seymour, Connecticut
(203) 888-5384

cf:  Robert Buckley
   Northeast Regional Manager
   (888) 800-3605

(Address all correspondence concerning this file to the following address. Please include the CIS file number.)
  Crawford Investigation Services, Inc.
  National Operations Center
  285 W. Esplanade Ave., Suite 200
  Kenner, LA 70065