FILED

2006 JAN 17  A 11: 32

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | JANUARY 16, 2006 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

This Memorandum is submitted in support of the Motion in Limine filed on

behalf of the defendant Nationwide Mutual Fire Insurance Company **("Nationwide")**

seeking the preclusion of evidence relating to the absence of an arrest, indictment,

criminal charges or conviction of the plaintiff.

I.    **BACKGROUND**

On July 8, 2001, a fire occurred at a building owned by the plaintiff located at

83 West Street, New Britain, Connecticut. The plaintiff made a claim with Nationwide

under a property insurance policy. Nationwide, after a comprehensive investigation

denied the claim on the grounds that the plaintiff was responsible for intentionally

causing the fire to be set and misrepresenting material facts relating to the insurance

FELDMAN & HICKEY, LLC • ATTORNEYS AT LAW • 10 WATERSIDE DRIVE, SUITE 303
FARMINGTON, CONNECTICUT 06032-3084 • (860) 677-0551 • FAX (860) 677-1147

claim.

At the time of the fire, the building was vacant, unoccupied and gutted, having been in a state of renovation for a substantial period of time. A pre-fire appraisal established the market value of the property, in a gutted condition, to be $20,000.00. The plaintiff made an initial claim to Nationwide in the amount of $285,000.00. Plaintiff's financial motive for this fire is apparent.

The incendiary nature of this fire is also well established. The building had no utilities—so the fire could not have been caused by an electrical or natural gas mishap. Nor was the structure inhabited, so that accidental human causes such as cooking or smoking are ruled out.

The fire evolved rapidly and grew into an enormous inferno, creating sufficient heat to ignite or cause damage to neighboring buildings and nearby cars. Yet most of the building was devoid of furniture, rugs, personal property and other items which would provide the type of fuel load necessary to create such an inferno. Rather, substantial quantities of accelerant must have been liberally and intentionally spread throughout the building causing the development of the fire.

2

On October 28, 2005 the plaintiff filed a Motion for Partial Summary Judgment on defendant's special defense of arson. One of the key arguments presented by plaintiff was that he had never been arrested, charged or convicted for committing arson. One of Nationwide's grounds for denying plaintiff's claim was that he was responsible for intentionally causing or directing another to set the fire.

## II.    DISCUSSION

Federal courts have routinely excluded evidence of the absence of criminal charges or conviction in civil arson cases. <u>American Home Assurance Co. v. Sunshine Supermarket, Inc.</u>, 753 F 2nd  321 (3rd Cir. 1985), <u>Rabon v. The Great Southwest Fire Ins. Co.</u>, 818 F 2nd 306 (4th Cir. 1987), <u>Kelly's Auto Parts No. 1, Inc. v. Boughton</u>, 809 F 2nd 1247 (6th Cir. 1987), <u>Galbraith v. Hartford Fire Ins. Co.</u>, 464 F 2nd 225, 227 (3rd Cir. 1972). (District Court reversed for admitting evidence of non-prosecution; "an acquittal in a criminal prosecution in not necessarily a judgment of innocence, but merely a negative statement that the quantum of proof necessary for conviction had not been presented.")  Courts have held that an acquittal of the insured in a criminal case is of no relevance in a civil proceeding. <u>C.L. Maddox, Inc. v. Royal Ins. Co. of America</u>, 567 N.E. 2nd 749 (Ill. 1991).

3

The Third Circuit in <u>Galbraith v. Hartford Fire Ins. Co., supra</u>, reversed a verdict in favor of the insured where the insured presented testimony that he was not being charged criminally with arson. Such evidence was irrelevant and constituted reversible error.

Connecticut courts have followed and endorsed the same rule. In <u>Southern New England Television Company, Inc. v. Hartford Fire Ins. Co.</u>, 1994 WL 324412 (Conn. Super.) (attached) <u>aff'd</u> 40 Conn. App. 930  (1996) (<u>per curiam</u>), Judge Lavine provided a succint analysis of the reasons for a rule excluding evidence of non-prosecution and non-conviction in civil arson cases:

> First, because of its limited probative value given the differing standards of proof in civil and criminal matters.  Second, because a decision not to prosecute, in essence, represents an inadmissible opinion by a prosecutorial authority. Third, because of its tendency to confuse the jury, and fourth, because of a likelihood that permitting such evidence to be introduced may very well devolve into a 'trial within a trial' in which the focus will become why the plaintiff was not prosecuted, distracting the jury's intention from the issues of the civil case.

<u>Southern New England Television</u> at 2[1]

---

[1] The Court favorably cited Judge Daley's ruling in <u>DiVicino v. The Colonial Penn Insurance Co.</u>, CV No. 90-524 (March 5, 1992) (D. Conn.), an unreported decision issued from this Court (Daly, J.).

4

In <u>American Home Assurance Co.</u>, <u>supra</u>, the Court reversed the trial court,

holding that the Court "exceeded its permissible discretion in admitting evidence of

non-prosecution." <u>supra</u>.   The Court held that:

> the evidence of non-prosecution is of very limited probative value in
> showing that there was no arson because of the higher burden of
> persuasion in a criminal case."   Further, prosecutorial discretion may take
> into account many other factors not relevant in a civil suit.  At best, the
> evidence of non-prosecution is evidence of an opinion by the prosecutor.
> The opinion of a lay person, as the prosecutor was in this case, however,
> is inadmissible if it is based on knowledge outside the individual's
> personal experience.

<u>American Home</u>, <u>supra</u> at 325.

For the foregoing reasons Nationwide respectfully requests that its Motion in

Limine be granted.

5

DEFENDANT, NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,


By _____
   Michael Feldman, Esq.
   Feldman & Hickey, LLC
   10 Waterside Drive, Ste. 303
   Farmington, CT 06032
   Its Attorney
   Fed. Bar #ct 06649
   (860) 677-0551

6

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on January 16, 2006, to the following:

Juri E. Taalman, Esq.
Timothy Brignole, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
Office of Corporation Counsel
City of New Britain
24 West Main Street
New Britain, CT 06051

_____
Michael Feldman

7

Westlaw.

Not Reported in A.2d                                                                                    Page 1

Not Reported in A.2d, 1994 WL 324412 (Conn.Super.), 12 Conn. L. Rptr. 62
**(Cite as: Not Reported in A.2d)**

**H**

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Connecticut, Judicial District of
Hartford/New Britain, at New Britain.
SOUTHERN NEW ENGLAND TELEVISION
COMPANY, INC., et al.
v.
HARTFORD FIRE INSURANCE COMPANY
a/k/a ITT Hartford Insurance Group
**No. CV-92-0453090S.**

June 17, 1994.


RULING ON PENDING MOTIONS.

LAVINE, Judge.
*1 The above-captioned case arises out of an April
14, 1991, fire that is alleged to have damaged
plaintiff's business, and various contents, in
Unionville, Connecticut. Defendant has refused to
pay insurance claims arising out of the fire alleging
as special defenses, among others, that the fire was
set by or at the direction of plaintiff, Joseph
Ancona, and that Joseph Ancona misrepresented
and concealed material matters of fact relating to
the insurance.

Presently pending before the court are numerous
motions, which will now be addressed, following
oral argument held today.


1. *Plaintiff's Motion to Recuse.*

Plaintiff has orally moved to have the undersigned
judge, as well as the other judges in the court who
were involved in pre-trial discussions, recused from
the case. Defendant objects to the motion.
Despite the court's invitation that he do so, the
plaintiff has failed to provide any authority for the
proposition that recusal is required in a jury case

solely because a judge engaged in pretrial
settlement discussions. The motion is therefore
denied.


2. *Defendant's Motion for Sanctions dated May 13,
1994.*

Citing Practice Book Section 220(D), defendant has
moved to entirely exclude the testimony of Charles
Harrison, disclosed by plaintiff as an "inventory loss
" expert. Defendant's motion is based on the
argument that plaintiff's disclosure fails to inform
defendant what Mr. Harrison's opinion is or its basis.

Plaintiff contends that he has already made a
sufficient disclosure by indicating that Mr. Harrison
will testify regarding the value of the inventory lost
based on his personal knowledge and experience in
the business.

Defendant concedes that he never attempted to
depose Mr. Harrison.

In the court's view, plaintiff's disclosure was
adequate to comply with the requirements of the
Practice Book. The defendant's motion is therefore
denied.


3. *Defendant's Motion for Bifurcation dated May
13, 1994.*

Defendant has moved pursuant to Practice Book
Section 283 to bifurcate the trial so that the
contractual and extra-contractual issues may be
tried separately. Defendant claims that trying the
issues together will confuse the jury, waste time,
and eliminate possible prejudice to the defendant.

Plaintiff objects to this motion, in particular taking
issue with defendant's claim that judicial economy
would be served by bifurcation.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1994 WL 324412 (Conn.Super.), 12 Conn. L. Rptr. 62
**(Cite as: Not Reported in A.2d)**

The court is not persuaded by defendant's arguments. The court has confidence the jury will understand the different issues presented and that instructions can be fashioned to eliminate any prejudice to defendant. Nor does the court believe that bifurcation would be an efficient use of judicial resources.

The motion is therefore denied.

### 4. Defendant's Motion In Limine Re: Absence of Arrest or Indictment *of the Plaintiff dated May 13, 1994.*

Defendant has moved the court to prohibit testimony relating to the absence of the arrest or indictment of plaintiff on criminal charges relating to the April 14, 1991, fire. Relying on Judge Daly's decision in *DiVicino v. Colonial Penn Insurance Co.,* CV No. 90-524, March 5, 1992, as well as decisions in *Galbraith v. Hartford Fire Insurance Company,* 464 F.2d 225 (3rd Cir.1972), and *American Home Assurance Co. v. Sunshine Supermarket,* 753 F.2d 321 (3d Cir.1985), defendant argues, in essence, that lack of prosecution has limited probative value and would tend to confuse the issues. In response to the court's inquiries in open court on June 17, 1994, counsel for the defendant has represented that he intends to call no active law enforcement witnesses who will testify that Joseph Ancona was responsible for setting the fire or causing it to be set, although he does intend to call a fire marshall to testify that the subject fire was deliberately set.

*2 Plaintiff responds that it would be highly prejudicial to him if the jury is unable to determine whether criminal charges have been brought against him because the jury might "wrongly assume" that plaintiff has been arrested, is awaiting trial, or has been convicted.

The court finds defendant's arguments persuasive and plaintiff's arguments unavailing, and endorses the logic and result reached by the Court of Appeals for the Third Circuit in the *Hartford Fire Insurance Company* and *American Home Assurance Company* cases, and by Judge Daly in the *DiVicino* case. In

*DiVicino,* Judge Daly approvingly cited the decision in *Rabon, Jr. v. Great Southwest Fire Ins. Co.,* 818 F.2d 306, 309 (4th Cir.1987), in which the court ruled that a trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges. Stated the *Rabon* court:

[t]he reasons for this rule are easy to appreciate. First, such evidence goes directly to the principal issue before the jury and is highly prejudicial. Second, a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than apply in a civil proceeding. In particular, a prosecutor's decision to *nolle prosse* may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for criminal conviction. In any event, a prosecutor's opinion whether the insured started the fire is inadmissible since based on knowledge outside his personal experience.

As the cases cited by defendant point out, there are at least four interrelated reasons why evidence of nonprosecution and/or nonconviction ought to be excluded in cases such as the instant one. First, because of its limited probative value given the differing standards of proof in civil and criminal matters. Second, because a decision not to prosecute, in essence, represents an inadmissible opinion by a prosecutorial authority. Third, because of its tendency to confuse the jury. And fourth, because of the likelihood-conceded by plaintiff's counsel during oral argument on the motion-that permitting such evidence to be introduced may very well devolve into a "trial within a trial" in which the focus will become why the plaintiff was not prosecuted, distracting the jury's attention from the issues of the civil case.

Plaintiff's argument that the jury may assume that plaintiff has or will be prosecuted provides no rationale for permitting the evidence of nonprosecution to be admitted at trial. The proper remedy for plaintiff's concern is an appropriate instruction from the court emphasizing that the case is a civil case and that jurors must avoid speculating about matters not introduced into evidence. The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1994 WL 324412 (Conn.Super.), 12 Conn. L. Rptr. 62
**(Cite as: Not Reported in A.2d)**

court invites both counsel to file with the court by 5 p.m., Monday, June 20, 1994, any suggested instruction relating to this issue which they would like to be delivered to the jury prior to the commencement of evidence or during the trial.

*3 For the abovestated reasons, defendant's motion in limine is granted to the extent that plaintiff is precluded from offering evidence at trial that he has not been charged, arrested, prosecuted, or convicted in connection with the alleged arson. Plaintiff's counsel is instructed to advise plaintiff, and all of plaintiff's witnesses, of this ruling. In the event defendant "opens the door" as to this issue during trial, this ruling will be reconsidered.

*5-6. Defendant's May 24, 1994, Motion for Sanctions, and Defendant's May 24, 1994, Motion for Extension of Time to Disclose Experts.*

In the first of these two related motions, defendant seeks pursuant to Practice Book Section 231 an order precluding plaintiff from presenting any evidence relating to business interruption losses allegedly suffered as a consequence of the fire. Defendant claims that plaintiff has failed during discovery to disclose the basis for such business loss claims, despite repeated efforts by defendant to obtain the requested information. In the second motion, defendant requests that the court extend the time for it to disclose an expert relating to business interruption losses in the event the court permits plaintiff to present such evidence.

Defendant claims to have made good faith efforts to comply with all discovery requests but concedes that plaintiff's expert, Norman Letalien, was under personal stress during a deposition which affected the completeness of his responses to questions asked of him.

Pretrial discovery is not supposed to be a game of "blind man's bluff." *Sturdivant v. Yale-New Haven Hospital,* 2 Conn.App. 103 (1984). Defendant has made continuing, good faith efforts to obtain information relating to business interruption losses, claimed by plaintiff to be in excess of $100,000, and plaintiff has as of yet failed to provide it in full

fashion.

It is the court's view that permitting Letalien to testify under the presente circumstances would be unfair to defendant. It is also the court's view that totally precluding his testimony, would be unduly harsh.

Therefore, defendant's motion is granted to the extent that Letalien will not be permitted to testify until and unless he first submits to a deposition, to be arranged by counsel. Defendant's Motion for Sanctions is consequently granted in part, and denied in part.

Defendant's Motion for Extension of Time to Disclose Experts is granted. Defendant may disclose its expert on business interruption losses at any time prior to the commencement of the defense case.

*7. Defendant's Motion In Limine-Re Character Evidence, dated June 15, 1994.*

During jury selection, plaintiff has indicated an intention to call various character witnesses during trial. Defendant has moved for a ruling that plaintiff be prohibited from introducing any evidence of character during the trial, arguing that such evidence may not be introduced for the purpose of establishing that plaintiff is not the sort of person would would set fire to his business and commit various acts of fraud. Defendant relies on the cases of *Bosworth v. Bosworth,* 131 Conn. 389 (1944), and *Humphrey v. Humphrey,* 7 Conn. 116 (1828) in support of its argument.

*4 Plaintiff responds that defendant has put his character squarely in issue as a consequence of defendant's claims that he has engaged in fraudulent conduct and was responsible for setting the fire. Plaintiff claims it would be highly prejudicial for him not to be permitted to demonstrate his good character in light of defendant's allegations.

The general rule relating to the admissibility of character evidence in civil cases, and the rationale behind it, is stated in *Bosworth,* at page 391, as

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                    Page 4

Not Reported in A.2d, 1994 WL 324412 (Conn.Super.), 12 Conn. L. Rptr. 62
**(Cite as: Not Reported in A.2d)**

follows:
'In a civil action the character or reputation of a party is deemed by the law to be irrelevant in determining the merits of the controversy, although in the popular estimation few facts are as persuasive or potent as this one in weighing the claims of the respective participants in any transaction. In the eyes of the law, the inferences which might be drawn from evidence of character and reputation of the parties are too vague, uncertain and unreliable to be worthy of consideration in determining the merits, however just and reasonable such inferences may seem to the lay mind.' 1 Jones, Evidence (4th Ed.), Sec. 148. The 'business of the court is to try the case and not the man.' *Thompson v. Church,* 1 Root 312; *Humphrey v. Humphrey,* 7 Conn. 116, 118.

Counsel for the defendant has indicated he will provide the court with copies of cases from other jurisdictions on this subject by Monday, June 20, providing copies of the cases to opposing counsel. The court will reserve decision on this motion to determine if evidence of character becomes a material issue in the case in light of the cases to be provided.

However, until the court definitively rules, plaintiff and defendant are both precluded from offering character evidence concerning any of the plaintiffs, or telling the jury in opening statements that character witnesses will be called to testify.

8. *Defendant's Motion In Limine Re-Evidence of Other Properties and Assets of the Insured dated June 15, 1994.*

Defendant also moves for an order prohibiting plaintiff from introducing or referring to evidence regarding other properties owned by the plaintiffs J.A. Realty and Joseph Ancona. Defendant argues that during pretrial discovery, plaintiff refused to disclose information concerning such other properties and that to permit evidence of such would be prejudicial to defendant. Defendant has provided the court with an excerpt of a deposition in support of its position.

Counsel for the plaintiff, who has recently entered an appearance in the case, has provided to defense counsel, and filed with the court, a list of properties purportedly owned by Joseph Ancona. Plaintiff's counsel argues that defendant has been aware of a number of these properties and has therefore not been substantially prejudiced.

It would be unfair to defendant, under present circumstances, to permit plaintiff to introduce evidence of other properties when defendant has not previously been provided with such information and has been deprived of the meaningful opportunity to investigate these properties, particularly in light of Mr. Ancona's refusal to answer questions about them.

**\*5** Consequently, it is the court's order that the motion is granted in part and denied in part insofar as it is the court's order that (1) during their direct case, in presenting evidence concerning plaintiffs' ownership interest in properties other than the premises damaged by the fire, plaintiffs will be limited to offering evidence and/or testimony about only such properties as are listed on the list entitled "Fixed Assets-Title Name: Joseph Ancona" and filed with the court on June 17, 1994; and that (2) no witness for the plaintiffs, including Joseph Ancona, will be permitted to testify about any of these other properties unless Joseph Ancona has first submitted to a deposition, to be arranged at a date agreed upon by counsel, which deposition shall be limited to inquiries relating to the properties on the list.

The court will reconsider this motion if plaintiff fails to appropriately cooperate in providing answers to any such deposition.

Conn.Super.,1994.
Southern New England Television Co., Inc. v. Hartford Fire Ins. Co.
Not Reported in A.2d, 1994 WL 324412 (Conn.Super.), 12 Conn. L. Rptr. 62

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.