FILED

2006 JAN 17 A 11: 31

DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | : | CIVIL ACTION NO. 302CV752 (SRU) |
| V. | : | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | : | JANUARY 12, 2006 |

## LOCAL RULE 56(a)2 STATEMENT

Nationwide Mutual Fire Insurance Company (**"Nationwide"**) responds to the plaintiff's October 28, 2005 Local Rule 9(C) Statement (sic) as follows:[1]

1.  Admitted (said policy was subject to exclusions and conditions relating to intentional acts and material misrepresentations).

2.  Admitted as to July 8th.

3.  Admitted.

4.  Denied. Significant evidence exists showing that the plaintiff had substantial motive. See Affidavit of Charles Meyers dated January 12, 2006 ("Meyers Aff.") ¶¶ 5-7 and exhibits attached thereto including excerpts of Maisano appraisal Exh. B at second to last page (not numbered) indicating a pre-fire value of $20,000.00;

---

[1]Plaintiff's statement fails to comply with Local Rule 56(a)3 in that it fails to cite specific affidavits or evidence supporting alleged facts.

excerpts of appraisal of LoMonte (Exh. C) at third page (not numbered) indicating a pre-fire value of $35,000.00; examination under of oath ("euo") transcript of the plaintiff indicating a purchase price of the property of $11,000.00 (Exh. E at 6, Exh. F at 31); sworn statement and proof of loss signed by the plaintiff claiming $285, 673.00 in insurance proceeds. Exh. A.

5. Denied. Significant evidence exists showing that the plaintiff had substantial motive. See Meyers Aff. ¶¶ 5-7 and exhibits attached thereto including excerpts of Maisano appraisal Exh. B at second to last page (not numbered) indicating a pre-fire value of $20,000.00; excerpts of appraisal of LoMonte (Exh. C) at third page (not numbered) indicating a pre-fire value of $35,000.00; examination under of oath transcript of the plaintiff indicating a purchase price of the property of $11,000.00 (Exh. E at 6, Exh. F at 31); sworn statement and proof of loss signed by the plaintiff claiming $285, 673.00 in insurance proceeds. Exh. A.

6. Denied. Defendant is without information as to full scope of evidence that was in the possession of the fire marshal of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

7. Denied. Defendant is without information as to full scope of evidence that was in the possession of the fire marshal of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

8. Denied. Defendant is without information as to full scope of evidence that was in the possession of the police department of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

9. Denied. Defendant is without information as to full scope of evidence that was in the possession of the police department of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

10. Admitted (assuming charged means criminally charged).

11. Admitted.

12. Admitted (assuming charged means criminally charged).

13. Admitted.

14. Admitted.

15. Denied as to request. Nationwide underwriters indicated that

FELDMAN & HICKEY, LLC • ATTORNEYS AT LAW • 10 WATERSIDE DRIVE, SUITE 303
FARMINGTON, CONNECTICUT 06032-3084 • (860) 677-0551 • FAX (860) 677-1147

7. Denied. Defendant is without information as to full scope of evidence that was in the possession of the fire marshal of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

8. Denied. Defendant is without information as to full scope of evidence that was in the possession of the police department of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

9. Denied. Defendant is without information as to full scope of evidence that was in the possession of the police department of the City of New Britain, but believes they had either in their possession or access to, some or all of the items referenced in paragraphs 4 and 5 above.

10. Admitted (assuming charged means criminally charged).

11. Admitted.

12. Admitted (assuming charged means criminally charged).

13. Admitted.

14. Admitted.

15. Denied as to request. Nationwide underwriters indicated that

limits of coverage should be higher due to the presence of hardwood floors. See "review fire incoming mail" dated March 22, 2001 attached to plaintiff's brief.

16. Denied as to request. Admits that the policy limits were increased to the amount indicated by the underwriter.

## DISPUTED ISSUES OF MATERIAL FACTS

1. That the fire was incendiary. Affidavit of Ronald Mullen, January 12, 2006, ¶¶ 5-7, reports attached thereto; deposition of Timothy Stewart Tab B at 52-53, 61-65.

2. That the plaintiff had a substantial financial motive with respect to obtaining insurance from the fire loss in light of the relatively low value of the property, the low purchase price, the substantial amount spent by the plaintiff on the property and which needed to be spent and the substantial amount to be gained from the insurance claim. Meyers Aff. ¶¶ 5 and 7, Exhs. A - F.

3. That no person other than the plaintiff had a financial interest or motive in the fire loss.

4. That the fire was set by or at the direction of the plaintiff. Meyers Aff. ¶¶ 5 and 7, Exhs. A - F.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY

_____
Michael Feldman, Esq.
Federal ID ct06649
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032
(860) 677-0551
(860) 677-1147 (fax)

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, via first class mail, postage prepaid, on this 16th day of January, 2006, to:

Timothy Brignole, Esq.
Juri Taalman, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, CT 06051

_____
Michael Feldman, Esq.