UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| vs. | ) | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | ) | |
| Defendant | ) | JANUARY  , 2006 |

### AFFIDAVIT OF RONALD MULLEN

Ronald Mullen being duly sworn deposes and says:

(1)  I am over the age of eighteen and believe in the obligations of an oath.

(2)  I make this affidavit based upon my personal knowledge.

(3)  I was retained by Nationwide Mutual Fire Insurance Company ("Nationwide"), to investigate the cause and origin of a fire that occurred on July 8, 2001 at 83 West Street, New Britain, Connecticut.

(4)  I am a fire investigator and had investigated over four hundred fires as of the date of the subject fire. I have had extensive training and experience in determining the cause and origin of fires.

(5) As a result of my investigation I concluded that the fire was determined to be of an incendiary origin. The reasons for my conclusion are fully set forth in my report dated October 17, 2001 attached hereto as Exhibit A.

(6) Among reasons for concluding that the fire was incendiary was the extremely intense and fast moving nature of the fire that consumed the entire structure and caused severe damage to neighboring buildings and vehicles, particularly in light of the fact that a police officer was in the immediate area shortly before the fire without noticing any sign of fire. The absence of electrical, gas or propane services to the building was significant in ruling out these as possible causes. The structure was void of significant contents, rugs, furniture or furnishings that could have caused the significant fire spread. The building was unoccupied.

(7) I was asked to respond to certain specific questions and issued a supplemental report dated October 25, 2001 attached hereto as Exhibit B. In the supplemental report I considered and rejected the possibilities that an errant firework caused the fire or that squatters caused the fire through an unattended fire or candle. I also explained that the styrofoam board which reportedly was in the basement could not have caused the conflagration as it developed. Finally, I concluded that

approximately five to ten gallons of combustible liquid were likely used throughout the structure to create the extensive fire that developed.

_____
Ronald Mullen

Subscribed and sworn to me this 12th day of January, 2006.

_____
Notary Public/
Commissioner of the Superior Court

My Commission Expires 3/31/08

3



**EFI**
Engineering and Fire
Investigations

634 State Road
Suite K
N. Dartmouth, MA 02747
Tel: 800-326-5811
Fax: 508-991-8824
www.efiinfo.com

# FIRE INVESTIGATION
## Report One and Final

| | |
|---|---|
| Insured: | Tomasz Mierzejewski |
| Loss Location: | New Britain, CT |
| Date of Loss: | July 8, 2001 |
| Policy No.: | 5106HO289328 |
| Claim No.: | Unknown |
| EFI File No.: | 94507-14325 |

---

Report Date: October 17, 2001

Prepared For: Nationwide Insurance Company
10 Research Parkway
Wallingford, CT 06492

Attention: Mr. Chip Myers

---

THIS REPORT FURNISHED AS PRIVILEGED AND CONFIDENTIAL TO ADDRESSEE. RELEASE TO ANY OTHER COMPANY, CONCERN, OR INDIVIDUAL IS SOLELY THE RESPONSIBILITY OF ADDRESSEE

94507-14325                      October 19, 2001                      Page 1
Insured: Tomasz Mierzejewski

## ASSIGNMENT

The assignment was received on July 10, 2001. Instructions received were to conduct an origin and cause investigation into a fire loss that had occurred on July 8, 2001. The fire scene examination was conducted and completed on July 11, 2001.

## ENCLOSURES

1. Property Description Form

2. Mounted photographs (32)

3. Fire Scene Diagram

4. Additional Materials Envelope containing negatives and extra photographs

## FIRE SCENE EXAMINATION

The fire scene examination was conducted on July 11, 2001. There were no adverse conditions affecting my fire scene examination.

Alterations to the fire scene were determined to have been the complete destruction of the building involved in the fire loss. The total destruction was a result of the intense fire spread as well as some of the debris and material being removed during the municipal fire scene examination. These alterations, however, did not preclude the final determination of my origin and cause investigation.

The risk was determined to be a three-story, wood frame structure, which is a non-owner occupied and vacant property at the time of the fire loss. The risk was also located on a residential street of similar type homes and structures.

The fire scene examination began on the exterior of the building and was conducted by observing and noting evidence of smoke, heat and fire damage.

The exterior fire scene examination began on the south side (front) of the structure and continued in a clock-wise direction, enabling viewing of all sides of the structure.

While examining the exterior south and west sides of the structure, I observed numerous sections of the wood frame walls, as well as roof area, that were fire damaged, however, relatively intact. The area of most intense fire and heat damage was determined to be in the northwest quadrant of the structure.

94507-14325
Insured: Tomasz Mierzejewski
October 19, 2001
Page 2

I then conducted a walk-through inspection of the fire debris, as well as the foundation area of the structure. I observed numerous plastic buckets remaining in the basement area and other styrofoam material that was melted from the intense fire. I again determined the area of most intense fire and heat damage to the remaining structural components was in the northwest quadrant of the structure.

In the course of my fire scene examination process, I did not remove or recover any items of evidence.

Also during my exterior fire scene examination, I observed that the intense fire subsequently damaged a police substation located to the east of the structure, as well as a wood structure located approximately 160 feet away from the fire building, identified as 104 Oak Street.

I also observed intense fire and heat damage to the structures identified as 76 West Street, 82 West Street and 90-92 West Street. The fire had also spread to 85 West Street, partially consuming that structure as well. The fire damage to the exposures included, but was not limited to, the melting of the vinyl siding, scorching of the exterior painted surfaces, melting of the interior plastic blinds and cracking of the glass windows.

I also observed that behind 85 West Street two vehicles were damaged by the fire spread. The first vehicle parked to the rear of #85 was determined to be a Geo Storm and the second vehicle located in the rear lot of 85 West Street was determined to be an Oldsmobile Cutlass Sierra.

During the course of my fire scene examination, I did not remove or recover any items of evidence.

INVESTIGATION

On July 8, 2001, I traveled to the New Britain Fire Marshal's office located on Stanley Street. At that location I interviewed Inspector Tim Stuart. The following is a synopsis of that interview.

Inspector Stuart stated that at approximately 2:41 a.m. on July 8, 2001, a New Britain Police Officer reported a building well involved in fire. Simultaneously, the New Britain 911 Center also received numerous telephone calls reporting the same type of fire as well. The police officer on scene described the structure as being fully involved from basement to roof.

Inspector Stuart further offered that when the first fire apparatus arrived and approached the scene from the east, the personnel could not get in close proximity to the structure to begin extinguishment activities due to the intense fire and heat exposure.

94507-14325  October 19, 2001  Page 3
Insured: Tomasz Mierzejewski

Inspector Stuart also allowed me to view a videotape taken a short time after fire department personnel arrived on scene. In the videotape, I observed evidence of intense fire spread throughout all three floors of the structure as well as a partial collapse of the structure in the northwest corner.

Inspector Stuart also stated that after fire suppression activities were completed, he did conduct a municipal fire scene examination and requested the assistance of Connecticut State Police, State Fire Marshal's office. Detective Julio Fernandez responded to assist along with his accelerant detection dog.

Inspector Stuart stated he did recover two evidence samples consisting of some wood frame material from the front area of the building as well as some flooring material from the first floor rear area of the structure.

Inspector Stuart also stated that there was no electrical service as well as natural gas or propane gas service leading into the structure.

As of the dictation date of this report, Inspector Stuart stated that the fire is still under investigation and has not classified a fire cause as of yet.

The fire incident number as well as investigation was said to be 01-1634.

Inspector Stuart also stated that there was no response delay in either of the first arriving fire apparatus, identified as Engine 5 from Stanley Street, or Engine 1 located from LaSalle Street.

Inspector Stuart also stated that the insured had responded to the scene the following day at approximately 8:30 a.m. and stated that the last time he was in the building was on Friday evening for approximately five minutes to check on some work being done by the plumber.

## DETERMINATION OF ORIGIN AND CAUSE

Based on the detailed fire scene examination conducted, which included analysis of all smoke, heat and fire damage, the area of fire origin has been determined to be in the northwest corner of the structure.

Based on the detailed fire scene examination conducted, as well as interviews conducted during the course of my investigation, the cause of this fire has been determined to be of an incendiary nature.

94507-14325  
Insured: Tomasz Mierzejewski

October 19, 2001

Page 4

## RECOMMENDATIONS AND/OR COMMENTS

This fire was determined to be of an incendiary nature based on the following facts.

There were no electrical services, natural gas or propane services into the structure, which would be a potential source of ignition.

The discovery of a well-involved structure fire described by the first arriving police officer, who stated there was fire from basement to roof.

The structure was void of any personal contents or furnishings that would greatly contribute to the rapid, intense fire that spread throughout the structure. The limited quantities of contents and furnishings that were in the structure would not cause such intense fire spread.

The intense fire and heat build up and rapid fire spread in a short period of time from when officers of the New Britain Police Department were in the immediate area prior to the fire being discovered at 2:41 a.m.

As of the dictation date of this report, no further investigative activity will be conducted.

Our file regarding this fire loss investigation is being closed, however, can be immediately reopened upon receiving a specific request with instructions to do so.

RONALD R. MULLEN  
Investigator  
203-315-4962

File Closed

RRM/djs

Enclosures

cc: Richard D. Dietzman  
    District Manager

94507-14325  
Insured: Tomasz Mierzejewski

October 19, 2001

Page 5

## PHOTO DESCRIPTION

1. South and east view of the structure.
2. Roof and wall area in front yard.
3. View of structure facing north.
4. View of interior of structure facing east.
5. View of structure facing south.
6. View of structure facing south, west side of building.
7. Area of most intense fire and heat damage.
8. Fire and heat damage to 85 West Street.
9. Meter boxes and fuse panels.
10. House meter box.
11. Circuit breaker panel.
12. Gas service pipe in foundation area.
13. Plastic buckets found in basement.
14. Rear view of 85 West Street.
15. Fire and heat charring damage to northeast corner of 85 West Street.
16. New Britain Police Department Police Substation facing west.
17. West side of police substation that faces insured property.
18. Make and model label of police substation.
19. Proximal view of police substation to location of insured property, indicated by red arrow.
20. West Street facing east, insured property is where red arrow is located.
21. Radiant fire and heat damage to 104 Oak Street.

94507-14325
Insured: Tomasz Mierzejewski          October 19, 2001                                   Page 6

22. Fire and heat damage to 76 West Street.

23. Fire and heat damage to 82 West Street.

24. Fire and heat damage to 90-92 West Street.

25. Fire and heat damage to 85 West Street, southwest corner.

26. Oldsmobile Cutlass Sierra in rear yard of 85 West Street.

27. Vehicle Identification Number of Oldsmobile Cutlass Sierra.

28. Vehicle Identification Number of Geo Storm located behind 85 West Street.

29. Rear yard of 83 West Street.

30. Rear yard of 83 West Street.

31. Rear yard and pool area of 83 West Street.

32. Rear yard and pool area of 83 West Street.



**EFI**
Engineering and Fire
Investigations

## Property Description

Enclosure  1

| | | | |
|---|---|---|---|
| Insured | TOMASZ MIERZEJEWSKI | EFI No. | 94507-14325 |
| Street | 83 WEST ST. City NEW BRITAIN | State | CT |

Occupancy  [X] Dwelling  [ ] Business  [X] Unoccupied  [ ] Other
[ ] Owner Occupied  [ ] Tenant occupied  Approximate age  85  years
Building construction  [X] Wood  [ ] Masonry  [ ] Metal  [ ] Other
Roofing material  [X] Composition material  [ ] Metal  [ ] Tile  [ ] Wood
[ ] Tar and gravel  [ ] Other
Number of stories  3  Number of rooms  15  Number of baths  3
Foundation  [X] Basement  [ ] Concrete slab  [ ] Pier and beam  [ ] Crawl space
Heating  [ ] Natural gas  [ ] Propane gas  [ ] Electric  [ ] Other
Air conditioning  [ ] Natural gas  [ ] Propane gas  [ ] Electric  [ ] Other
Electrical service connected during fire  [ ] Yes  [X] No  [ ] Unknown
Alarm system  [ ] Yes  [X] No  Type _____  [ ] Local  [ ] Monitored
Garage  [X] None  [ ] Attached  [ ] Detached  Approximate size _____
Outbuildings on premises  [ ] Yes  [X] No  [ ] Damaged  [ ] Undamaged
Outside conditions  [ ] Normal  [X] Unkempt  [ ] Well groomed  [ ] Other
General conditions  [ ] Excellent  [ ] Average  [ ] Poor  [X] Other  SEE RMKS.
Fire protection  [ ] Unknown  [ ] Volunteer  [X] Paid  [ ] Paid & Volunteer
Department  NEW BRITAIN ENGINE 5  Distance to Station  3/4 MI.
Completed during examination  [X] Diagram  [ ] Video  [X] Photographs  [X] Measurements
Date examination began  7/11/01  Date examination completed  7/11/01







| Prepared By: | Location: | Scale: |
|---|---|---|
| RON MULLEN | 83 WEST ST. NEW BRITAIN, CT | "NOT TO SCALE" |
| File Name: | File No.: | Date: |
| MIERZEJEWSKI | 94507-14325 | 9/28/01 |



Engineering and Fire
Investigations

634 State Road
Suite K
N. Dartmouth, MA 02747
Tel: 800-326-5811
Fax: 508-991-8824
www.efiinfo.com

# FIRE INVESTIGATION
## Report Two Supplemental

Insured:          Thomasz Mierzejewski
Loss Location:    New Britain, Connecticut
Date of Loss:     July 8, 2001
Policy No.:       5106HO289328
Claim No.:        Unknown
EFI File No.:     94507-14325

Report Date:      October 25, 2001

Prepared For:     Nationwide Insurance Company
                  10 Research Parkway
                  Wallingford, CT 06492

Attention:        Mr. Chip Myers

THIS REPORT FURNISHED AS PRIVILEGED AND CONFIDENTIAL TO ADDRESSEE. RELEASE TO ANY OTHER COMPANY, CONCERN, OR INDIVIDUAL IS SOLELY THE RESPONSIBILITY OF ADDRESSEE

94507-14325
Insured: Thomasz Mierzejewski
October 25, 2001

Page 2

## ASSIGNMENT

The original assignment was received on July 10, 2001. Instructions received were to conduct an origin and cause investigation into a fire loss that had occurred on July 8, 2001. The fire scene examination was conducted and completed on July 11, 2001.

On October 24, 2001 I was requested to re-open my file and respond to the specific questions received.

## INVESTIGATION

The following information is provided in addition to and supplemental to information provided in Report Number One, dated October 17, 2001.

With regard to the possibility of an errant firework entering the building and causing the fire loss, the following is provided:

The fire being caused by an errant firework was considered and rejected for the following reason: The errant firework would have to remain burning after striking a wall or other structural component within the structure. The residual fire or sparks would then have to come in contact with a material thin in mass to become ignited or smolder for a period of time depending on the material.

The resulting fire then would have to spread to other combustible materials that would have to be present to support fire spread. With the building not having any windows in place, the fire would seek the least path of resistance through the opening of a window(s), thus causing any fire spread in the room to be limited to that room and not the entire structure, as reported by the persons who discovered the fire incident.

With regard to my opinion as to why the fire originated in the northwest quadrant of the structure, the following is provided:

During the course of my investigation I reviewed a videotape of the fire incident that was taken soon after fire suppression personnel had arrived. The northwest quadrant of the building was already partially collapsed. The fire had also spread to house number 85 West Street, extending to and also consuming the northeast corner of that building.

I also observed the remaining fire damage to house number 85 West St. and 83 West St. during my scene examination conducted on July 11, 2001, which confirmed my opinion that the fire would have had to burn the longest in the northwest quadrant, degrading the structural integrity of the building, causing the partial collapse, as well as spreading to number 85 West St.

The most severe fire damage to 83 West St. was determined to be in the northwest quadrant. I had observed that most of the structural support components and finish materials were almost completely consumed as a result of the fire.



94507-14325
Insured: Thomasz Mierzejewski
October 25, 2001
Page 3

Although the remaining areas of the structure sustained fire damage, I observed sections of the walls, roof and floor systems, were not completely consumed during the fire and were clearly identifiable.

With regard to the styrofoam insulating board that was reportedly stored in the basement contributing to the rapid fire spread, the following is provided:

The styrofoam insulating board would be a concentrated fuel load if ignited. The intense burning, however, would not cause the intense fire spread and involvement as observed by the area residents and police officers that reported the fire. The fire intensified by the styrofoam insulating board would be limited to the immediate area where the material was stored within the structure.

The structural walls and floor system above and in the area of where the styrofoam insulating board was located in the basement were not completely consumed during the fire incident. The actual styrofoam insulating board was partially burned as well as other plastic items in the basement, but not completely consumed by the fire.

With regard to the fire being caused by a squatter(s), the following is provided:

A fire caused by an unattended fire or candle within a room would have to start and spread in the same manner as the errant firework scenario, being limited to one room.

With regard to the quantity of a flammable/combustible liquid being spread throughout the structure, the following is provided:

In order to cause the intense fire that had occurred, the amount of a flammable or combustible liquid that would have to be placed within the structure would be in the range of five to ten gallons of material spread throughout the interior area of the structure.

COMMENTS

This fire loss investigation file will remain open awaiting further instructions.

RONALD R. MULLEN
Investigator
203-315-4962

Diary Date: November 25, 2001

RRM/lpm

cc: Richard D. Dietzman
    District Manager

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on January 16, 2006, to the following:

Juri E. Taalman, Esq.
Timothy Brignole, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
Office of Corporation Counsel
City of New Britain
24 West Main Street
New Britain, CT 06051

_____
Michael Feldman

FELDMAN & HICKEY, LLC • ATTORNEYS AT LAW • 10 WATERSIDE DRIVE, SUITE 303
FARMINGTON, CONNECTICUT 06032-3084 • (860) 677-0551 • FAX (860) 677-1147