**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | JANUARY 16, 2006 |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 9 (C) STATEMENT

1.  That the Plaintiff signed and submitted to Nationwide a sworn statement in proof of loss attached to Meyers Affidavit as Exhibit 2 is ADMITTED. Genuine issue of material fact exists as to the meaning of "actual cash value of said property at time of loss" in Paragraph 6 and the ambiguous phrase "The Whole Loss and Damage" in Paragraph 7. The Plaintiff took the words in Paragraph 7 to mean the total replacement value of the building when completed, and filled out the form accordingly. Similar genuine issues of material fact also exist as to the use of similar phrases in Schedule B on page 2 of Exhibit 2. See Plaintiff's Affidavit.Par. 13-16, 22, 26

2.  That the Plaintiff signed and submitted to Nationwide a proof of loss attached to Meyers Affidavit as Exhibit 3 is ADMITTED. Genuine issues of material fact exist as to Exhibit "A" attached to Exhibit 3 and entitled "Estimate of a Three Family House With a Size: 44X28." The Plaintiff maintains that this estimate is for the replacement value of the fully completed house. See Plaintiff's

Affidavit Par. 24

3.     DENIED. The figure of $269,173.00 in Exhibit "A"is not an itemization of the total building damages but represents the full replacement value of the completed building, including the costs of completing, among other things, the following (a) 36 doors; (b) electricity; ©) insulation; (d) sheet rock; (e)painting; (f)trim; and outside elevation. See Response to Paragraph 2, which is incorporated herein as if more fully set forth.

4.     DENIED. At the time of the loss the building was not in a gutted condition and did not require substantial renovation. Plaintiff had been working on the building for some time had already completed well over half, perhaps three-fourths of the work. Genuine issues of material fact exist as to how much had actually been done, and how much needed to be done. Certain items were delivered, but not installed, other items were partially done. Electricity had not been provided, but the wiring was in, some insulation was present and some sheet rock had been put up, but most of the interior walls had not been sheet rocked..Some painting and trim also needed to be done. Cf. Defendant's Exh. 2 & 3 with 4 and 5.

5.     That the Plaintiff signed an amended sworn statement in Proof of Loss attached to the Meyer's Affidavit as Exhibit 4 is ADMITTED.

6.     That the Plaintiff signed an amended sworn proof of loss attached to the Meyer's Affidavit as Exhibit 5 is ADMITTED.

7.     That the Plaintiff signed and submitted to Nationwide the Application attached to the Meyer's Affidavit as Exhibit 6 is DENIED. The copy of the Application attached to the Affidavit of Charles

Meyers as Exhibit 6 is either not complete in that it is folded over just above the signature line, or it consists of two separate papers attached together.  It appears to be two separate pieces of paper attached together or to be folded over one sentence above the signature line which contains the sentence: "*** REFER TO POLICY AND DECLARATIONS FOR COMPLETE COVERAGE INFORMATION***" A black line consistent with these two possibilities appears above the aforementioned sentence.  Since the Plaintiff does not have a copy of the complete Application submitted, he cannot say whether the Document labeled Exhibit 6 is in fact his Application for Insurance.  The Plaintiff ADMITS, however, that the signature at the bottom of the page in Exhibit 6 is his signature. A genuine issue of material fact exists as to whether the Plaintiff was induced to sign *an* Application by Defendant's insurance agent, but only did so believing it to be correct on the representations of the agent on whom he had to rely because the agent filled out the Application and Plaintiff was not able adequately to read and understand English. A further genuine issue of material fact exists as to whether the Defendant's agent, Vic Koziura falsified the application in filling it out in that the Application indicates that the premises are owner occupied by two people.  See Exhibit 6 ; Plaintiff's Affidavit, Par. 55-68

8.      That the Plaintiff signed and submitted to Nationwide the Application attached to the Meyers Affidavit is DENIED.  For reasons stated in the response to Paragraph 7, the Plaintiff cannot tell whether the Application referred to is the Application he signed.  Furthermore, Defendant's agent entered false representations on the Application which were made unknown to and without the consent of the Plaintiff, including that Plaintiff lived at 83 West Street, New Britain, Connecticut.  Defendant's agent *knew* that Plaintiff lived at 100 Broad Street because the agent sent bills for other Nationwide Insurance

to that address. See Exhibit D, copy of check sent by Plaintiff to agent Koziura.

9.     That the Plaintiff did not live at any time at 83 West Street is ADMITTED. A genuine issue of material fact exists as to whether the Defendant's agent Koziura knew that Plaintiff never lived at 83 West Street and whether in response to his questions, Plaintiff had only told him that he and his family were going to live there AFTER the renovations were complete and were going to rent out the rest of the three family house. Plaintiff'sAffidavit, Par. 59-63.

10.    The Plaintiff DENIES that the alleged Application attached to Meyers Affidavit is the one that he submitted to Nationwide. For the reasons set forth in Plaintiff's Response to Paragraph 7, supra, which are incorporated as if more fully set forth herein, the Plaintiff cannot tell whether Exhibit 6 is his alleged Application, or a folded over Application missing significant terms, or a combination of two documents. Furthermore, a genuine issue exists whether the Defendant's agent entered false representations on the Application which were unknown to and without the consent of the Plaintiff, and whether any misrepresentations ascribed to the Plaintiff are therefore innocent since Plaintiff could not adequately read and understand English. The Defendant's agent only asked Plaintiff if he planned to live there with his family after the renovations, and the Plaintiff answered in the affirmative. If Exhibit 6 is the Application, the agent then used this information from the Plaintiff to falsely state in the Application that the premises were owner occupied by two people. The Plaintiff ADMITS that at the time of the Application, the property was not "owner occupied", was not "currently occupied", and that there were no occupants on the premises. Genuine issues of material fact exist in that the Plaintiff claims that the Defendant's agent, who filled out the Application, if this is the Application, knew that the premises were

not occupied by anyone and had been vacant for some time, and the agent further knew that the Plaintiff and his family lived at 100 Broad Street, Apartment W4 in New Britain and not at 83 West Street, but he did not know how many members were in Plaintiff's family. The entry "no. of occupants 2" when combined with "owner occupied" shows that the agent was unaware that the Plaintiff, as part of his family, not only had a wife, but two children, and the agent entered this false information regarding "2" owner occupants on his own. Plaintiff could not adequately read English and had to rely on the Defendant's agent for the correctness of the information the agent entered on the Application. Plaintiff's Affidavit, Par. 52-54

11.     That the property was not owner occupied, or currently occupied, or occupied by 2 individuals is ADMITTED. Genuine issues of material fact are, however raised as set forth in Plaintiff's Response to Paragraph 10, which response is incorporated by reference in this, the Response to Paragraph 11, as if more fully set forth herein.

                                        PLAINTIFF
                                        TOMASZ MIERZEJEWSKI


                                        _____/s/_____
                                        Juri E. Taalman, Esq.
                                        Federal ID ct 09377
                                        Brignole, Bush & Lewis, LLC
                                        73 Wadsworth Street
                                        Hartford, CT 06106
                                        (860) 527-9973
                                        (860) 527-5929 fax

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent by first class mail this 16th day of January, 2006, postage prepaid to the following counsel and all pro se parties of record:

Charles E. Hickey, Esq.
Michael Feldman, Esq.
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, Connecticut 06032-3084
(860) 677-0551
(860) 677-1147 (fax)

Mary C. Pokorski, Esq.
City of New Britain
Office of Corporation Counsel
27 West Main Street
New Britain, Connecticut 06051

                                                                  /s/
                                                Juri E. Taalman, Esq.