UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | FEBRUARY 15, 2006 |

## REPLY MEMORANDUM

The defendant, Nationwide Mutual Fire Insurance Company ("**Nationwide**"), submits this Memorandum in reply to the plaintiff's January 16, 2006 Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl. Memo.") and in further support of its September 28, 2005 Motion for Summary Judgment.

In attempting to resist summary judgment, the plaintiff makes the same tired arguments that have been repeatedly rejected by this Court, the Second Circuit and the Connecticut Supreme Court. To avoid the consequences of application misrepresentation the plaintiff blames the insurance agent and hides behind his claimed failure to understand English. Pl. Memo. at 17-19. Yet he does not deny voluntarily signing the application and admits the falsity of its contents. Affidavit of Tomasz

Mierzejewski ("Pl. Aff.") ¶¶63, 67, 74. With respect to his sworn proof of loss, plaintiff admits that it was read to him in Polish and that he fully understood its contents. Exh. 3, p. 1.[1] Instead he strains the plain language of the documents. He argues ambiguity with respect to a document which employs such unambiguous terms as "damage", "loss", and "claim". Pl. Memo. at 8-10.

Plaintiff also raises, for the first time, a statutory argument that an insurer must reject a claim within a specified time or waive its right to do so. Pl. Memo. at 31-32. The statute, by its terms, is not applicable.

I.      In His Proof of Loss, the Plaintiff Unambiguously Claimed $95,000.00 for Items that Did not Exist and Were Therefore not Damaged.

Plaintiff seeks to torture the plain language of the proof of loss to create an ambiguity. Plaintiff argues that paragraph 7 of the proof of loss is ambiguous in that it does not include the phrase "at the time of the loss". Pl. Memo. at 11. This interpretation is strained and unreasonable. "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity . . .. Moreover, the mere fact that the parties advance different interpretations of the language in question

---

[1] Exhibits referenced herein are to the Affidavit of Charles Meyers dated September 28, 2005 unless otherwise specified.

2

does not necessitate a conclusion that the language is ambiguous." <u>United Illuminating Co. v. Wisvest-Connecticut, LLC</u>, 259 Conn. 665, 670 (2002) (internal citations omitted).

To suggest the language is ambiguous ignores question 9, only two lines down from question 7 which states:

> The Amount Claimed under the above numbered policy is replacement value $285,673.00.

Plaintiff was <u>claiming</u> $285,673.00 under the policy. Plaintiff now argues that he included this amount because he thought he was supposed to set forth a hypothetical value of the property in a completed state. Pl. Memo. 7-8. But the proof of loss at paragraph 9 makes clear that he was <u>claiming</u> that amount - a claim which included $95,000.00 worth of items that did not exist and were not destroyed. There is nothing ambiguous in the word "claim" and plaintiff does not argue that paragraph 9 is ambiguous. The original proof of loss was signed and sworn to by plaintiff. It had been read to him in Polish and English and he verified his understanding of it. Exh. 3 at ¶2.

Plaintiff, an experienced contractor (Pl. Memo at 1) knew exactly what he was doing in claiming $285,673.00 for a claim worth no more than $190,000.00. At his examination under oath, he swore:

> Q. According to your sworn proof of loss, you are claiming that Nationwide

3

>    should pay you $269,173.00 for the building?
>    . . ..
>    THE WITNESS:   Yes.[2]

Exh. 1 at 108.

Plaintiff offers the Court an unreasonable interpretation of the documents by arguing that he thought he was supposed to set forth the value of the building in a completed condition even though the building was never in a completed condition. Common sense indicates that an insured can only recover for damage to the property as it existed, and not how it would exist at some future time after completion.

Plaintiff made another material misrepresentation which he fails to explain. In his original proof of loss, Exh. 2, ¶6, plaintiff indicates the actual cash value of the building only <u>at the time of the loss</u> to be $200,000.00.  Yet in the corrected proof of loss plaintiff claims only $163,183.00, Exh. 4, ¶6.  Plaintiff offers no explanation for this discrepancy. He set forth $200,000.00 as the actual cash value "at the time of the loss" - - an amount that exceeds the replacement cost on the corrected proof.

The plaintiff is not merely overvaluing or "puffing" his claim.  He is claiming

---

[2] $269,173.00 was for the building portion of plaintiff's claim; the total claim of $285,673.00 included contents as well.

compensation from Nationwide for items that did not exist and were not damaged. Plaintiff admits that the items representing $95,000.00 of the original claim were not there. ("Plaintiff admitted that these values in the original proof of loss did not reflect the value of the building at the time of the loss . . ."). Pl. Memo at p. 11.

Finally, plaintiff denies any willfulness and claims that wilfulness is not appropriate for summary judgment. But many courts disagree and have granted summary judgment in insurance misrepresentation cases (See Nationwide September 28, 2005 Memorandum in Support of Motion for Summary Judgment at 16). Where material misrepresentations are untrue they "invalidate the policy without further proof of actual conscious design to defraud." "If it were necessary to prove an intent to deceive, such intent would be inferred from the making of the false representations with knowledge that they were false." Pinette v. Assurance Company of America, 52 F.3d 407, 411 (2nd Cir. 1995). No genuine issue exists as to the falsity of the information in the proof of loss or that the plaintiff knew they were false. Plaintiff knew the items represented by the $95,000.00 excessive portion of the claim (painting, sheetrock, electrical, etc.), did not exist and could not have been damaged.

II.  <u>Plaintiff is Responsible for Signing a False Application Even if He Failed to Read or Understand the Application</u>.

Plaintiff seeks to be excused from signing an application containing admittedly false information Pl. Aff. ¶63, on the grounds that his ability to speak and read English was limited. Pl. Memo. at 17.

> [T]he evidence of [insured's] inability to read or write English renders the statements in the application no less binding upon her. Having accepted and retained the policy she was bound by its provisions.

<u>Russo v. Metropolitan Life Ins. Co.</u>, 125 Conn. 132, 137 (1939). <u>See</u>, <u>Bahr v. Prudential Ins. Co.</u>, 5 Conn. Cir. Ct. 620, 627-28 (1969) (insured did not speak or read English; "She was under a duty to know the contents of the application signed by her.")

The plaintiff's position in no better than the insured's position in <u>Russo</u> or <u>Bahr</u> where the insured did not speak English, or in <u>Pinnette</u>, <u>supra</u>, where the insured failed to read the application. In fact plaintiff's position here is worse. Plaintiff admits that he did not have the agent translate the application for him, even though the agent spoke Polish Pl. Aff. ¶74, Pl. Memo. at 18; nor make any other effort to have the application translated. The plaintiff does not actually state in his affidavit that this one page application which contained relatively simple language, was beyond his ability to read English.

6

Instead plaintiff signed the application without "informing himself of the content" as required under Pinnette, supra at 410. Plaintiff "was under a duty to know the contents of the application signed by" him and to use "diligence in seeing that the answers are correctly written." Pinnette at 410 citing Ryan v. World Mut. Life Ins. Co., 41 Conn. 168, 172 (1874). Plaintiff signed the document and took no steps to read it or have it translated for him.

Plaintiff also argues that he supplied the correct information to the agent who incorrectly filled out the application. Pl. Aff. ¶63. The same argument was made and rejected in Pinnette at 410-11 and Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318, 323-24 (1999). Nor does the plaintiff submit any evidence that the agent "actively encouraged [him] to sign the application without reviewing the answers." Pinnette at 410.

Occupancy and residency are material. Whether a structure is occupied or vacant, or owner occupied or rented to a tenant, are material as to the nature of the risk insured. Courts have granted summary judgment in cases where an applicant made false statements regarding the occupancy of the insured location finding that misrepresentations on insurance applications regarding occupancy are material and warrant recision. McLaughlin v. Nationwide Mutual Fire Insurance Company, 8 A.D.

3d 739, 777 N.Y.S. 2d 773 (2004) (Motion for summary judgment granted when plaintiff misrepresented in his original application that the premises were owner-occupied with five occupants when the premises had been continuously unoccupied. Court held this was a material misrepresentation that voided the insurance policy); <u>Waters v. New York Property Insurance Underwriting Association</u>, 9 Misc. 3d 1126(A), 2005 WL 2934822 (NY Sup. 2005) (Motion for summary judgment granted when plaintiff's agent filled out insurance application and stated that the property was owner occupied when it was not. Although the agent filled out the application, the plaintiff signed the application. This misrepresentation was found to be a material misrepresentation and recision was warranted.) <u>Bennett v. Hedglin</u>, 995 P.2d 668 (Alaska 2000) (Court granted motion for summary judgment on the grounds that insured's false statement on insurance application regarding residency and occupancy of the property was a material misrepresentation.) <u>Mitchell v. United National Insurance Company</u>, 127 Cal. App. 4th 457, 25 Cal. Rptr. 3d 627 (2005) (Summary judgment entered in favor of defendant due to material misrepresentations on his application for insurance including misrepresentations regarding the occupancy of the building; the insured admitted that there were misrepresentations on the application and the insurer considered the

information important to its underwriting decisions.)

Plaintiffs' final two arguments can be easily addressed. Plaintiff argues the insurer must prove reliance. Pl. Memo. at 25. But the insurer does not need to prove reliance upon misrepresentation or damage resulting from misrepresentation to void the policy. "[A]n insurer who raises the special defense of concealment or misrepresentation does not have to prove that the insurer actually relied on the concealment or misrepresentation or that the insurer suffered injury." Rego v. Connecticut Insurance Placement Facility, 219 Conn. 339, 346-47 (1991).

The plaintiff questions but does not genuinely dispute the authenticity of the application. Pl. Aff. ¶¶52-55. But the application was authenticated by the affidavit of Charles Meyers dated September 28, 2005 ¶7, Exh. 6, and there is nothing about the document which indicates it is not authenticate. Plaintiff's counsel took the deposition of the agent, reviewed the agent's entire file and had the application identified and authenticated at the deposition.

III.     C.G.S. §38a-816 (15)(B) Does not Prevent Nationwide from Denying the Claim.

Plaintiff argues without citing caselaw or quoting statutory language that C.G.S. §38a-816(15)(B) prevents it from denying the claim as Nationwide did not reject the

plaintiff's proof of loss within forty-five days. The subject statute however deals with healthcare claims, not property claims. Moreover the penalty imposed upon an insurer who fails to deny within forty-five days is that a premium amount of interest is added to the claim without the insurer forfeiting its ability to deny the claim.

        DEFENDANT, NATIONWIDE MUTUAL
        FIRE INSURANCE COMPANY,


        By: /s/Michael Feldman, Esq.
           Michael Feldman, Esq.
           Feldman & Hickey, LLC
           10 Waterside Drive, Ste. 303
           Farmington, CT 06032
           Its Attorney
           Fed. Bar #ct 06649
           (860) 677-0551
           (860) 677-1147 (fax)
           michaelfeldman@feldmanhickey.com

## CERTIFICATION OF SERVICE

      I hereby certify that on February 15, 2006, a copy of the foregoing Reply Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Juri E. Taalman, Esq.
Timothy Brignole, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
Office of Corporation Counsel
City of New Britain
24 West Main Street
New Britain, CT 06051

                                        /s/Michael Feldman, Esq.
                                        Michael Feldman, Esq.
                                        Feldman & Hickey, LLC
                                        10 Waterside Drive, Ste. 303
                                        Farmington, CT 06032
                                        Its Attorney
                                        Fed. Bar #ct 06649
                                        (860) 677-0551
                                        (860) 677-1147 (fax)
                                        michaelfeldman@feldmanhickey.com