UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| Defendants | ) | February 17, 2006 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SPECIAL DEFENSE OF ARSON

Plaintiff, Tomasz Mierzejewski, herewith submits his Reply Memorandum in response to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment dated January 16, 2006, and in additional support of his Motion for Partial Summary Judgment On Defendant's Special Defense of Arson.

In its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, the Defendant has not cited a single fact or presented any evidence that would support its special defense alleging that the Plaintiff *himself* intentionally set the fire or that the fire was set at his direction. Because it has no evidence to support the specific allegations of its special defense, Nationwide in its Memorandum attempts to rely on "circumstantial evidence" to support three claims: (1) that the fire was incendiary with gasoline as the accelerant; (2) that Mr. Mierzejewski had a financial motive for setting the fire; and (3) that his alibi was "flawed" in that, even though Nationwide's own telecommunications evidence shows that Mr. Mierzejewski was on Long Island in New York state on the night of the fire, he was allegedly not at the precise location on Long Island where he asserts he was. Plaintiff maintains that all three claims are without merit, and that the circumstantial evidence offered by Nationwide has not produced a scintilla of

evidence to support the *essential* allegations of the Defendant's special defense that Mr. Mierzejewski was involved in any way with intentionally setting the fire or causing it to be set.

**A.    The Origin and Cause of the Fire**

The Defendant claims that the incendiary nature of the fire is "well established," citing the investigative reports prepared by Ronald L. Mullen. Plaintiff's expert, Michael Driscoll, a fire cause and origin expert, contradicts the findings of Mr. Mullen, and concludes that the origin and cause of the fire cannot be determined. See Driscoll Affidavit with attachments, appended hereto as Exhibit 1. That the fire is of undetermined origin is also confirmed by the official report of the New London fire marshal. Id. After nearly five years, the case is still open and being investigated by the New London police department.

Mr. Mullen's report that because the fire spread rapidly "substantial quantities of accelerant" were used, is factually without any foundation and is contradicted by Plaintiff's expert Michael Driscoll, as well as the chemical analysis report issued by the state forensic laboratory, which does *not* state that any accelerants were found. See Exhibit 1. Furthermore, an accelerant sniffing dog did not detect any accelerants at the site, no eyewitnesses saw anyone start the fire, nor were containers of flammable or combustible liquid ever found at the scene. Id.

"Incendiary" is defined as "one who deliberately and unlawfully sets fire to property." Black's Law Dictionary (7th Ed.1999); see also Merriam-Webster's New Collegiate Dictionary (10th Ed.1995) (defining arson as "the willful or malicious burning of property [as a building]"). Plaintiff's expert, Michael Driscoll, who reviewed the report of Ronald Mullen, Nationwide's fire expert, as well as the reports regarding the investigation conducted by the Fire Marshal of New Britain and the police department, has concluded that accidental causes, resulting from

errant fireworks or smoking or a fire begun by an intruder, could not be ruled out. Exhibit 1.. Acts of vandalism and criminal conduct occurring to or on his property prior to the fire, including the poisoning of one of his dogs and the theft of another dog, evidence of vandals or vagrants breaking into the building, and trash thrown onto the property and into his swimming pool. Exhibit 1*

The determinative factor in this summary judgment motion is that Defendant has failed to produce *any evidence whatsoever* that, *if* the fire was incendiary, that the Plaintiff, Tomasz Mierzejewski, instead of a third party or parties, *intentionally set the fire or directed someone to set it*. Whether it can be determined that the fire was incendiary is itself an issue disputed by the experts retained by the parties. Exhibit 1. The existing evidence does not rule out vandals, fireworks, angry neighbors or vagrants who may have either accidentally or deliberately started the fire. Id.. Plaintiff in his Affidavit states that he did commit arson and cites facts supporting this conclusion. Exhibit 2. Accordingly, <u>as a matter of law</u>, the circumstantial evidence submitted by the Defendant is legally insufficient to permit the trier of fact to conclude that Mr. Mierzejewski *himself* intentionally set the fire or that he directed someone else to set it.

**B.     The Defendant Has Failed To Provide Any Evidence to Support the Claim that Plaintiff Had a Financial Motive For Committing Civil Arson**

Defendant claims that the Plaintiff had a *financial motive* in setting fire to the nearly renovated premises he intended to occupy and from which he expected to receive rental income. Motive is not an element of a civil arson defense in Connecticut**.**  <u>Travelers Ins. Co. v. Namerow</u>, 262 Conn. 784, 786 (2002 The insurer must prove that the insured committed civil arson, regardless of motive. However, Tomasz Mierzejewski in his affidavit confirms that Plaintiff had

*no financial motive* for starting the fire. Exhibit 2. Plaintiff's uncontradicted Affidavit states that he had no financial difficulties either personally or in his construction business. Exhibit 2, Par. 19 Furthermore, although Plaintiff's submitted his financial records to Nationwide, the Defendant has failed to submit any evidence to the contrary. Id. At the time of the fire the building was substantially complete and most of Mr. Mierzejewski's original credit line of $70,000 was still unexpended. Id. Defendant Nationwide's appraisers had re-evaluated the property shortly before the fire, and had directed that coverage be increased from $162,200 to over $200,000, and Mr. Mierzejewski, paid the additional premium required. Id. Par. 14, 33. It is, therefore, both illogical and somewhat disingenuous for Defendant Nationwide to claim that the property "would never have substantial value." Defendant's Memorandum, p. 7. On the contrary, had the renovations been completed, Mr. Mierzejewski would have had a building worth almost $300,000 by Nationwide's own estimate, on which the only encumbrance would have been the line of credit of $70,000, leaving Mr. Mierzejewski with more than $200,000 of equity, insured by Defendant. Id. Accordingly, the Defendant's claim that "[t]he plaintiff had much to gain in seeing that the fire was set" [Defendant's Memorandum, p. 7] totally lacks any evidence or logical, factual or legal foundation. On the contrary, Plaintiff had everything to lose if he decided to commit civil arson: he risked being caught [the premises were across the street from the New Britain police substation]; he risked being imprisoned for committing a felony, suffering thereby the total loss of his profitable construction business, as well as his reputation; his family would be deprived of a future home and substantial future rentals; and he would have to repay the expended line of credit and lose his investment in the house. As a result of Defendant's denial of coverage in this case, Mr. Mierzejewski has been unable to rebuild and was forced to sell the property at greatly

diminished value to the City of New Britain for use as a parking lot for its police substation. Exhibit 2, Par. 34. The Defendant has, therefore, utterly failed to establish financial motive as circumstantial evidence to support its defense of civil arson, despite the illogical claims that the preconstruction value of the premises by the lender who extended the line of credit was $20,000 and that this must have somehow provided the impetus for a financial motive by the Plaintiff to destroy the premises.  Significantly, Defendant makes no mention of its own six figure appraisals of the premises before the fire, which appraisals established the amount of insurance coverage and Plaintiff's premium.

C. **Defendant's Telecommunications Evidence is Inadmissible and Does Not Establish That Plaintiff Was Somewhere Else On Long Island At The Time Of The Fire, Nor Is Such Evidence Legally Sufficient To Establish That Plaintiff Intentionally Set The Fire Or Caused It To Be Set, As Alleged in Defendant's Special Defense**

Defendant admits in its Memorandum that the cell phone records show that the Plaintiff was not in New Britain during the night of the fire, but that he was on Long Island instead. Defendant's Memorandum, p. 8  Plaintiff has stated in his Affidavit that on the afternoon of July 7, 2001, he had an argument with his wife and left to visit a friend at the Continental Restaurant in Brooklyn, New York, which is on Long Island. Exhibit 2, Par. 27-28.  Defendant claims, without any admissible evidence, see infra, that records of Plaintiff's cell telephone use on the night in question show that the Plaintiff was on Long Island, but that he was not in the part of Long Island where he claims to have been. Mark Grzelak, Plaintiff's telecommunications expert, has submitted an Affidavit and report, attached hereto as Exhibit 3, that categorically disputes this.  Defendant has failed to produce a corresponding Affidavit by Mr. Sylvester that would authenticate and render admissible the report of James Sylvester of Riser Management,

Defendant's alleged telecommunications expert.  Introduction of said report through the Affidavit of Defendant's adjuster, Charles Meyers is hearsay. Accordingly the Sylvester report cannot be considered on this motion for summary judgment.  Accordingly, Mr. Grzelak's, conclusion stands uncontradicted: that it is impossible accurately to determine the location of a cell phone user by electronic transmissions from relay stations, as claimed by the Defendant. Exhibit 3.  Defendant has failed to produce any corresponding Affidavit or *admissible* evidence from a qualified expert asserting the contrary. Accordingly, the evidence submitted by the Defendant fails to establish that the Plaintiff was in Connecticut or anywhere near New Britain at the time of the fire, or that he directed someone else to set the fire.  The Defendant only insinuates and speculates, *without presenting any evidence whatsoever*, that someone else may have been in possession of the Mr. Mierzejewski's cell phone. See Defendant's Memorandum, p. 8. Even if Mr. Sylvester's report were admissible, the only dispute would involve Mr. Mierzejewski's precise location on Long Island on the night of July 7-8, 2001, and the degree the cell phone transmission records can fix such location, but such evidence only tends to confirm that Mr. Mierzejewski was <u>not</u> in New Britain on the night of the fire. Since Mr. Sylvester's report is inadmissible hearsay, the Defendant has failed to produce any evidence of Mr. Mierzejewski's whereabouts on the night of July 7-8, 2001, that would contradict the Plaintiff's Affidavit and Mr. Grzelak's Affidavits.

**LEGAL ARGUMENT**

A.      **Defendant Nationwide Has Failed To Present Evidence Sufficient to Create an Issue of Fact As to Whether the Plaintiff Set the Fire or Directed It to Be Set**

Defendant mistakenly relies on the case of <u>Elgi Holding, Inc. v. Insurance Company of</u>

North America, 511 F.2d 957 (2d Cir.1975).  In Elgi the laboratory analysis confirmed the presence of gasoline in the debris from the burned building.  In the present case the state laboratory report did not state that any "accelerant" was found in the samples submitted, and the word "accelerant" does not appear anywhere in the report.  Furthermore, in Elgi, the defendant insurer introduced uncontradicted evidence that the insured was threatened with foreclosure, had taken out income continuation  insurance just prior to the fire, had written bad checks and had outstanding judgments and liens against him.

Other cases cited by the Defendant are also inapposite.  The Defendant, for example, cites Travelers Insurance Company v. Namerow, 261 Conn. 784 (2002).  In Namerow the insurer's investigators found *unweathered gasoline* in the concrete floor of the garage and in the soil underneath, concluding that gasoline had been poured on the garage floor of the insureds prior to the fire.  Furthermore, in Namerow, the insured's version that he was home and saw smoke coming from the car,  was shown to be false when it was determined that the fresh, unweathered gasoline could not have come from the gas tanks of the insureds' automobile  In the present case, *no such accelerants were found*, either by the Nationwide's expert, Plaintiff's expert, the accelerant sniffing dog or by the state forensic laboratory which tested the samples. . Furthermore, Nationwide has failed to present any evidence that the Plaintiff was at the scene of the fire or anywhere near it or that he directed anyone to set the fire.  The fire remains officially of unknown origin.  Essential allegations [of a pleading] may not be supplied by conjecture or remote implication.  Cahill v. Board of Education, 198 Conn. 229, 236 (1995). As the trial court in Namerow noted in giving its jury instruction, "The [insurer] simply has to prove that the fire as caused by the [insureds] or their agents and [that] it was intentional⋯." See  Travelers Ins. Co.

v. Namerow, supra, 257 Conn. 820. In the present case no such proof has been offered beyond mere conjecture to support these *essential* allegations of its special defense. Plaintiff's Affidavit, in fact, is uncontradicted and compels a contrary conclusion. Defendant's reliance on Arms v. State Farm & Casualty Co. 731 F.2d 1245 (6th Cir. 1984) is also misplaced. In the Arms case, the insured's house endured two mysterious fires ten days apart, analyses showed presence of accelerants, insureds were experiencing financial difficulty, and their insurance on the premises was about to lapse. Even if circumstantial evidence of motive and incendiary origin were shown, there must be some evidence of some additional circumstance that establishes culpability. Generally, opportunity is considered to be something more than proof that there was a *possibility* that the owner might physically have been able to set off the fire. Powell v. Merrimack Mutual Fire Insurance Company, 667 F.2d 26, 29 (11th Cir.1982). *Defendant Nationwide has not cited any cases where motive and incendiary fire alone have been held sufficient to permit a finding of arson by the insured*. In each case set forth in Nationwide's Memorandum, some additional circumstance beyond motive and incendiary fire existed to establish personal culpability of the insured. The other cases cited by the Defendant all include circumstances from which such culpability could reasonably be inferred. Cora Pub Inc. v. Continental Casualty Co., 619 F2d 482 (5th Cir. 1980) (eyewitness to arsonist; business financially strapped; fire occurred soon after general manager went home for the night); Sullivan v. American Motorist Insurance Co. 605 F.2d 169 (5th Cir. 1979) (traces of unburned diesel oil and petroleum distillates in the soil found underneath the site of the bulldozer fire and burn patterns from inflammable liquids along with hydrocarbon residues on the machine's blade); Gregory's Continental Coiffures & Boutique, Inc. v. St. Paul Fire & Marine Insurance Co., 536 F.2d 1187 (7th Cir. 1976)(drums containing gasoline

at scene were purchased by the insured); Jamaica Time Petroleum, Inc. v. Federal Insurance Company 366 F.2d 1966) (insured in unhealthy financial position, tried to sell plane before destruction, insured seen with apprehended arsonist before and after explosion).  Shawanga Holding Corp. v. New York Property Insurance Underwriting Association, 394 N.Y.S.2d 69 (N.Y. App. 1977), (plaintiff insured conceded that the fire was of incendiary origin, evidence showed insured had financial motive, and that, before the fire, water had been drained out of tank supplying sprinkler and hydrant system);  Stone v. Continental Insurance Co., 650 N.Y.S.2d 772 (N.Y. App. 1996),( insureds admitted to financial difficulties, the burglar alarm set off before fire alarm, indicating break in was to set the fire, and "reflashing" indicated presence of accelerant).

Having failed to produce any circumstantial evidence to support its defense of arson, the Defendant has engaged in speculation, making the unsupported allegation that workers and others had access to the building.  In fact this allegation only reinforces the non-culpability of the Plaintiff, since others supposedly had access but Defendant has no evidence that the Plaintiff directed such workers or others to set the fire. Similarly, the Defendant's bare claim that Plaintiff paid his workers in cash is of no significance, except to possibly to insinuate, again without any evidence whatsoever, that one of these workers might have been bribed to set the fire.

B.     **Burden of Proof Shifted to Defendant**

"[T]he party opposing such a motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.... A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) Anderson v. Schoenhorn, 89 Conn.App. 666, 670 (2005). "In deciding a motion for summary judgment, the

trial court must view the evidence in the light most favorable to the nonmoving party· The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242, 246-47 (1990).  Taking the evidence in the light most favorable to the Defendant on this summary judgment motion, Plaintiff has introduced evidence showing that there is no genuine issue of material fact that the Plaintiff did not intentionally set the fire or direct someone to set it.  He was in Brooklyn, New York at the time of the fire, he lacked any financial motive to set the fire and that if the fire was incendiary, it could have been intentionally or accidentally set by third parties.  The Defendant has failed to produce legally sufficient evidence to contradict the foregoing.  Accordingly, in a jury trial, a direct a verdict would have to enter in favor of the Plaintiff as to the claim of arson.

C. **Evidence that No One Has Been Arrested or Charged With Setting the Fire Is Admissible In This Civil Case Since Defendant Alleges In Its Special Defense That Plaintiff Either Set the Fire Or Directed Someone to Set It.**

While *direct* evidence of the absence of an arrest or conviction *of the Plaintiff himself* may be inadmissible, Plaintiff is not barred from introducing evidence that the investigation by the police and fire marshal is open and continuing, that persons have been questioned regarding the fire and that no arrests have been made to date, since one of the essential allegations of the Defendant's special defense  that the plaintiff may have directed someone else to set the fire.

PLAINTIFF, Tomasz Mierzejewski

BY_____/s/_____
Juri E. Taalman, Esq.
BRIGNOLE BUSH & LEWIS
73 Wadsworth Street
Hartford, Connecticut  06106
(860) 527-9973
CT 09377

**CERTIFICATION**

This is to certify that on this 17th day of February, 2006, a copy of the foregoing Reply Memorandum was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Charles E. Hickey, Esq. | Mary C. Pokorski, Esq. |
| Michael Feldman, Esq. | City of New Britain |
| Feldman & Hickey, LLC | Office of Corporation Counsel |
| 10 Waterside Drive, Suite 303 | 27 West Main Street |
| Farmington, Connecticut 06032-3084 | New Britain, Connecticut 06051 |
| (860) 677-0551 | |
| (860) 677-1147 (fax) | |

_____/s/_____
Juri E. Taalman, Esq.
Commissioner of the Superior Court