UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants | ) | February 13, 2006 |

**AFFIDAVIT OF TOMASZ MIERZEJEWSKI**

Tomasz Mierzejewski, being duly sworn, deposes and says:

1. I am over the age of 18 years.

2. I understand and believe in the obligations of an oath.

3. This affidavit is made on my personal knowledge.

4. I was born in Poland on January 1, 1965.

5. I have lived in the United States since November, 1997.

6. I had a policy of fire insurance with the Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), which was in full force and effect on and before July 8, 2001, which insured my premises and the contents thereof located at 83 West Street in New Britain, Connecticut against loss and damage by fire.

7. My building at 83 West Street was totally destroyed by fire on the night of July 7-8, 2001.

EXHIBIT 2

8. I am the beneficiary under the aforementioned policy of fire insurance issued by the Defendant Nationwide covering the premises and its contents located at 83 West Street, New Britain, Connecticut.

9. I purchased the property at 83 West Street for $11,000 in 1997, at which time the property was vacant and in foreclosure.

10. In January, 2001, I decided to renovate the building on the aforesaid property, with the intention of residing there with my family and renting the rest of the multi-family structure.

11. In order to have some financing for the renovations I applied to for a line of credit, which I received in the amount of $70,000 to renovate the building.

12. At that time, I was advised by the lender that in order to obtain the line of credit and to proceed with the renovations, I had to obtain insurance on the property, including fire insurance.

13. Since I previously had other insurance with Nationwide through their agent, Vic Koziura, I went to Mr. Koziura and asked him to provide me with the necessary insurance on the property at 83 West Main Street.

BRIGNOLE, BUSH AND LEWIS • ATTORNEYS AT LAW
73 WADSWORTH STREET • HARTFORD, CONNECTICUT 06106-1768 • (860) 527-9973 • FAX (860) 527-5929 • JURIS NO. 419073

14. Since at that time my ability to read, write and understand English was limited, Mr. Koziura on January 29, 2001, filled out the initial application for insurance with Nationwide and thereafter Nationwide Mutual Fire Insurance Company insured the premises in the amount of $162,200

15. Some time after he had prepared and asked me to sign the Application dated January 29, 2001, Mr. Koziura advised me that Nationwide had received the application and had sent out its appraiser to evaluate the house.

16. According to Mr. Koziura, Nationwide had thereafter determined that the value of the house when fully completed would be considerably more than the figure of $162,200 that Mr. Koziura had entered on the original Application.

17. Mr. Koziura advised me that because of the higher evaluation given to the house when fully complete, the coverage on the policy would have to be increased and I would have to pay an additional amount of premium on the additional coverage, which payment I made prior to the fire that occurred on July 7-8, 2001.

18. To the best of my recollection, I made a payment to Nationwide on the Homeowner's Insurance in the amount of $ 912.70 by a check drawn on the Webster Bank dated June 27, 2001.

19. At the time I applied for a line of credit, and at all times prior to the fire on or about July 8, 2001, my credit was good and I had no financial difficulties, either personally or in my business.

20. At all times relevant hereto, I was in the business of constructing both residential and commercial buildings, not only in Connecticut but in New York and, to the best of my recollection, in New Jersey as well.

21. After the fire, I submitted detailed financial information as to myself personally and with respect to my construction business to the Defendant Nationwide at their request.

22. I have never gone through bankruptcy, nor have I had my assets or those of my business attached by any creditors.

23. I expected to live at 83 West Main Street with my wife and children and to rent out the remaining units in the building after the renovations were complete.

24. At the time of the fire I had only used approximately $17,000 of the $70,000 line of credit and I believed the remaining line of credit would be sufficient to complete the renovations.

25. At the time of the fire, the building had plumbing, but it needed to be hooked up. All of the windows had been ordered and were installed on the premises. The interior needed completion of sheet rocking in the walls and ceiling and new electrical wiring needed to be installed and hooked up. I believe that prior to the fire the building was about 80 percent complete.

26. I expected that the building would be completely renovated by August, 2001.

27. On the afternoon of July 7, 2001, after an argument with my wife, I left our apartment at 100 Broad Street, New Britain and drove to the Continental Restaurant in Greenpoint inBrooklyn, New York

28. On the night of the fire, July7-8, I was in Brooklyn, New York, at the Continental Restaurant and I left some time after 1 a.m., when the restaurant closed, to return to Connecticut, but stopped at a McDonald's parking area off Interstate 95 near Norwalk because I was tired and decided to get some sleep rather than continue driving.

29. During the night of July7-8 I had my cell phone with me and learned by a telephone call from the New Britain building inspector some time around 8 a.m. that the property at 83 West Street had been destroyed by fire and that I should come to New Britain as soon as possible.

30. After arriving at the Continental Restaurant some time around 6 p.m. in the evening of July 7, 2001 I remained there until the restaurant closed at 1 a.m. I did not go to other parts of Long Island during that time

31. I did not give my cell phone to anyone during the night of July 7-8, 2001, nor did I call anyone at any time and instruct them to set fire to the premises as 83 West Street, New Britain, Connecticut. I never instructed or asked anyone to set fire to the premises nor did I set the fire that occurred on the night of July7-8, 2001.

32. I had no reason or motive to set fire to my own premises since I planned to live there with my family and considered the rental value of the property to be a good investment.

33. Had I been able to renovate the premises, I would have had the $70,000 line of credit as the only encumbrance, leaving me with an equity of over $200,000.

34. Subsequently, because Nationwide refused to pay for my loss, I was never able to rebuild and had to sell the property at a substantial loss to the City of New Britain which converted it into a parking lot.

Under the penalties of perjury, the foregoing is true and correct to the best of my knowledge and belief.

_____
TOMASZ MIERZEJEWSKI

Subscribed and sworn to before me
this 13th day of February, 2006

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:    BEVERLY M. SMITH
                          NOTARY PUBLIC
                          MY COMMISSION EXPIRES DEC. 31, 2006