UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
|     Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
|     Defendants | ) | February 17, 2006 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE**

**I.    FACTUAL BACKGROUND**

On July 7-8, 2001, a fire occurred on premises owned by the Plaintiff, Tomasz Mierzejewski located at 83 West Street, New Britain, Connecticut. The property destroyed by the fire was a three-story, three family residential building that was being renovated by the Plaintiff, part of which building was to be used as a residence for Plaintiff's own family, with the rest to be rental property. The Defendant Nationwide Insurance Company provided fire insurance on the premises. Prior to the fire, Nationwide recalculated the value of the building after renovations and thereafter Nationwide requested that the Plaintiff increase his present fire insurance coverage from, which the Plaintiff promptly did, paying the additional premium to the Defendant. See Deposition, Jason Mumbach, May 18, 2005, p111, Exh 9

After the fire, Nationwide attempted in every way possible to claim that the Plaintiff had personally intentionally set the fire or had directed that the fire be set in order to collect the insurance proceeds. Four (4) years have elapsed since July 7-8, 2001, and the Defendant has not produced a scintilla of evidence that Tomasz Mierzejewski either set the fire, or directed others to set the fire. Neither the Police Department nor the Fire Marshal's office have any evidence

that the fire was set by Tomasz Mierzejewski or someone acting on his behalf. More than four years have passed and no one has been charged with setting the fire and no one has been arrested. There has been a complete failure of the Defendants to produce *any* evidence whatsoever that the Plaintiff committed civil arson, i.e., that the intentionally set the fire or directed someone else to set it. Defendant now seeks by a motion in limine to prevent the introduction of evidence as to the absence of an arrest, indictment, criminal charges or conviction of the Plaintiff on the grounds that the evidence is inadmissible, irrelevant and prejudicial. The Plaintiff maintains that, while he may not be able to introduce <u>direct</u> evidence of *his own* arrest and conviction, Connecticut courts have not extended this injunction to apply to persons other than the plaintiff. Furthermore, where in a civil case for insurance proceeds, the defendant insurer claim that the fire was intentionally set by the plaintiff or by someone at his direction, the Plaintiff may introduce evidence showing that the fire is still open and being investigated and that no one has been arrested or convicted for the offense of criminal arson, which is the factual status of the present case.

## II.    LEGAL ARGUMENT

In <u>Southern New England Television Co., Inc. v. Hartford Fire Ins. Co.</u> 1994 WL 324412 (Conn.Super.,1994), on facts similar to the present case (see copy attached to Defendant's Memorandum), Judge Lavine specifically limited his order regarding the motion in limine filed by the insurer as follows:

> [D]efendant's motion in limine is granted to the extent that plaintiff is precluded from offering evidence at trial that he has not been charged, arrested, prosecuted, or convicted in connection with the alleged arson. Plaintiff's counsel is instructed to advise plaintiff, and all of plaintiff's witnesses, of this ruling. In the event defendant "opens the door" as to this issue during trial, this ruling will be reconsidered.
> It should be noted that Judge Lavine's Order did not extend to prohibiting the Plaintiff

from introducing evidence that the case is still open and under investigation, although such evidence would indirectly infer that the Plaintiff has not been charged or arrested. Plaintiff could also show that persons have recently been questioned regarding the fire, although that may also indirectly indicate that no one has been arrested, charged or convicted to date

    Finally, the defendant in this case has opened the door by raising the special defense that either the Plaintiff intentionally set the fire or directed others to do so. Evidence of the present open status of the case and continuing investigative activity by the police or fire marshal is relevant to the very issues raised by the Defendant Nationwide, and should be permitted, whatever indirect inferences may be drawn therefrom. Defendant has cited no cases in its Memorandum that would bar the Plaintiff from introducing such indirect evidence. In the event that the police investigation clears the Plaintiff, then Plaintiff should likewise be able to introduce such exculpatory evidence.

                                                               PLAINTIFF, Tomasz Mierzejewski

                                BY_____/s/_____
                                        Juri E. Taalman, Esq.
                                        BRIGNOLE BUSH & LEWIS
                                        73 Wadsworth Street
                                        Hartford, Connecticut 06106
                                        (860) 527-9973
                                        CT 09377

## CERTIFICATION

       This is to certify that on this 17th day of February, 2006, a copy of the foregoing Reply Memorandum was filed electronically and served on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Charles E. Hickey, Esq. | Mary C. Pokorski, Esq. |
| Michael Feldman, Esq. | City of New Britain |
| Feldman & Hickey, LLC | Office of Corporation Counsel |
| 10 Waterside Drive, Suite 303 | 27 West Main Street |
| Farmington, Connecticut 06032-3084 | New Britain, Connecticut 06051 |
| (860) 677-0551 | |
| (860) 677-1147 (fax) | |

                                                                                            /s/
                                             Juri E. Taalman, Esq.
                                             Commissioner of the Superior Court