UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOMASZ MIERZEJEWSKI | ) | CIVIL ACTION NUMBER |
| | ) | |
| Plaintiff | ) | 3:02 CV 752 (SRU) |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE MUTUAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | FEBRUARY 27, 2006 |

### REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

This Memorandum is submitted in response to the plaintiff's February 17, 2006 Memorandum in Opposition to Defendant's Motion in Limine ("Pl. Memo") and in further support of the defendant's January 16, 2006 Motion in Limine.

Plaintiff appears to admit to the general proposition asserted in the Motion in Limine - that evidence of the absence of an arrest or conviction of an insured in a civil arson case is inadmissible. (Pl. Memo at 2). Instead plaintiff makes two arguments: (1) that he can introduce "indirect" evidence that would establish that plaintiff had not been charged or arrested (Pl. Memo at 2-3); and (2) that defendant has "opened the door" to the introduction of such evidence. (Pl. Memo at 3).

## I.    Plaintiff Should Not be Entitled to Prove "Indirectly" What He May Not Prove "Directly"

Plaintiff makes the cynical, and rather disrespectful, argument that he can attempt to indirectly prove facts which would otherwise be prohibited by the Rules of Evidence. Plaintiff suggests that he can indirectly establish the absence of an arrest or conviction by eliciting testimony as to whether "anyone" was arrested, the status of the police investigation, whether the police interviewed other suspects, the conclusions and opinions reached by the police as to the plaintiff's involvement in this fire, how they investigated the case, or whether they "cleared"[1] the plaintiff. These are all equally irrelevant and prejudicial.

However plaintiff characterizes such offers, they implicate the same policy considerations prohibiting evidence of the absence of arrest or conviction. They involve the subjective opinion of law enforcement personnel, prosecutorial discretion, differing standards of proof and hearsay. They would confuse the jury and create a "trial within a trial," as to how and why the police investigated and made decisions.

To allow such testimony to establish an inadmissible fact would make a

---

[1] Rarely does a police department "clear" or establish the innocence of a party. Even acquittals are not admissible. C.L. Maddox, Inc. v. Royal Ins. Co. of America, 567 N.E. 2d 749 (Ill. 1991).

mockery of the Rules of Evidence. Plaintiff should not be permitted to prove indirectly, what he may not prove directly.

The principles which prevent the admission of evidence of the absence of an arrest or conviction apply whether the proof is direct or indirect. These principles are fully articulated in the defendant's January 16, 2006 Memorandum.

## II. The Defendant Has Not "Opened the Door" to the Admission of Such Evidence

Plaintiff argues that by "raising the special defense" of arson it opened the door to the introduction of such evidence. This argument begs the question. In each case in which courts have held that the absence of an arrest or conviction is inadmissible, as here, the insurer denied an insured's claim based upon arson. Plaintiff's argument that Nationwide has "opened the door" by merely raising the defense, would swallow the rule.

        DEFENDANT,  NATIONWIDE MUTUAL
        FIRE INSURANCE COMPANY,


By: /s/Michael Feldman, Esq.
    Michael Feldman, Esq.
    Feldman & Hickey, LLC
    10 Waterside Drive, Ste. 303
    Farmington, CT 06032
    Its Attorney
    Fed. Bar #ct 06649
    (860) 677-0551
    (860) 677-1147 (fax)
    michaelfeldman@feldmanhickey.com

## **CERTIFICATION**

      I hereby certify that on February 27, 2006, a copy of the foregoing Reply Memorandum In Support of Motion in Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Juri E. Taalman, Esq.
Timothy Brignole, Esq.
Brignole & Bush
73 Wadsworth Street
Hartford, CT 06106

Mary C. Pokorski, Esq.
Office of Corporation Counsel
City of New Britain
24 West Main Street
New Britain, CT 06051

                                                     /s/
                                    Michael Feldman, Esq.
                                    Commissioner of the Superior Court